## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE R. CLOCKEDILE, JR. and ) <br> CHARLENE BYRNES-CLOCKEDILE ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> U.S. BANK TRUST, N.A. AS TRUSTEE FOR ) <br> LSF8 MASTER PARTICIPATION TRUST ) <br> Defendant ) <br> ) <br> CALIBER HOME LOANS, INC. ) <br> Defendant ) <br> ) <br> ) | Civil Action No. 15-14222 |

## U.S. BANK TRUST, N.A. AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST AND CALIBER HOME LOANS, INC.'S ANSWER TO THE VERIFIED COMPLAINT

Defendants U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("U.S. Bank") and Caliber Home Loans, Inc. ("Caliber," and collectively "Defendants") hereby answer the allegations of the Verified Complaint with Request for Temporary Restraining Order and Preliminary Injunction with Jury Trial Request (the "Complaint") filed by Plaintiffs Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile ("Plaintiffs") as follows.

**Summary**

1.      Paragraph 1 sets forth a series of legal conclusions and arguments to which no response is required.  To the extent a response is required, Defendants deny the allegations and leave Plaintiffs to their proofs.

**Parties**

2.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 2, except that Defendants admit that Plaintiffs reside at 209 Clark Street, Rochdale, MA 01542 (the "Premises").

3.      Admitted.

4.      Admitted.

**Facts**

5.      Admitted, except that the Defendants lack sufficient information to admit or deny the allegation that the Premises is the Plaintiffs' "family home."

6.      Admitted.

7.      Defendants lack sufficient information to admit or deny the allegations in Paragraph 7, and therefore deny the allegations in Paragraph 7 and leave Plaintiffs to their proofs.

8.      Denied, except that Defendants admit that Plaintiffs and Caliber have communicated regarding the possibility of loan modification.

9.      Defendants respond by saying that the Assignment (as defined in Paragraph 9 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 9 and leave Plaintiffs to their proofs.

10.     Defendants respond by saying that the Limited Power of Attorney (as defined in Paragraph 10 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 10 and leave Plaintiffs to their proofs.

11.     Defendants respond by saying that the Limited Power of Attorney (as defined in Paragraph 11 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 11 and leave Plaintiffs to their proofs.

12.     Defendants respond by saying that the Limited Power of Attorney (as defined in Paragraph 11 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 12 and leave Plaintiffs to their proofs.

13.     Defendants respond by saying that the Affidavit (as defined in Paragraph 13 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 13 and leave Plaintiffs to their proofs.

14.     Defendants respond by saying that the Affidavit (as defined in Paragraph 13 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 14 and leave Plaintiffs to their proofs.

15.     Defendants respond by saying that the Affidavit (as defined in Paragraph 13 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 15 and leave Plaintiffs to their proofs.

16.     Defendants respond by saying that the Affidavit (as defined in Paragraph 13 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 16 and leave Plaintiffs to their proofs.

17.     Defendants respond by saying that the Affidavit (as defined in Paragraph 13 of the Complaint) speaks for itself and, therefore, Defendants deny the allegations in Paragraph 17 and leave Plaintiffs to their proofs.

18.     Defendants deny the allegations in Paragraph 18.

19.     Paragraph 19 states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 19 and leave Plaintiffs to their proofs.

20.     Paragraph 20 states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 19 and leave Plaintiffs to their proofs.

**Count I** – Request for Temporary Restraining Order

21.     Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count II** – Request for Preliminary Injunction

22.     Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count III** – Accounting

23.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

24.     Defendants deny the allegations in Paragraph 24.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count IV** – Breach of Covenant of Good Faith and Fair Dealings (sic)

25.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny the allegations in Paragraph 27.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count V** – Breach of Covenant of Good Faith and Fair Dealings (sic)

28.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

29.     Defendants deny the allegations in Paragraph 29.

30.     Defendants deny the allegations in Paragraph 30.

**Count VI** – Violation of Law M.G.L. c. 93A

31.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

32.     Defendants deny the allegations in Paragraph 32.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count VII** – Violation of Law M.G.L. c. 93A

33.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

34.     Defendants deny the allegations in Paragraph 34.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count VIII** – Intentional Infliction of Emotional Distress

35.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

36.     Defendants deny the allegations in Paragraph 36.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count IX** – Intentional Infliction of Emotional Distress

37.     Defendants incorporate their answers to paragraphs 1 to 20 set forth above as if fully set forth herein.

38.     Defendants deny that allegations in Paragraph 38.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count IX**[1] - Negligence

39.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

40.     Defendants deny the allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

**Count X** – Breach of Contract

42.     Defendants incorporate their answers to Paragraphs 1 to 20 set forth above as if fully set forth herein.

43.     Paragraph 43 states legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 43 and leave Plaintiffs to their proofs.

44.     Defendants deny the allegations in Paragraph 44.

WHEREFORE Defendants deny that Plaintiffs are entitled to any of the relief that they seek.

_____

[1] The Complaint has two "Count IX"s.  Defendants' Answer mirrors the numbering used in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs fail to state a cause of action against Defendants upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

### Third Affirmative Defense

Plaintiffs' claims are barred in whole or in part by the applicable statutes of limitation.

### Fourth Affirmative Defense

Plaintiffs are barred from recovery due to their execution of the subject loan documents.

### Fifth Affirmative Defense

Plaintiffs failed to take appropriate steps to mitigate or otherwise avoid the damages that they claim to have suffered.

### Sixth Affirmative Defense

Any damages suffered by Plaintiffs were caused, in whole or in part, by Plaintiffs' own negligence or other conduct.

## RESERVATION OF RIGHT TO SUPPLEMENT ANSWER

Defendants reserve the right to supplement their answers to the Complaint as additional information becomes available or apparent during the course of investigation, preparation, or discovery.

Respectfully submitted,

**CALIBER HOME LOANS, INC.** and
**U.S. BANK TRUST, N.A. AS TRUSTEE FOR**
**LSF8 MASTER PARTICIPATION TRUST**

By their attorneys,

<u>/s/ Thomas J. O'Neill</u>
Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06103
Tel.   (203) 977-7301

Andraya B. Pulaski
BBO #688729
apulaski@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.   (860) 275-0100

Darian M. Butcher
BBO#685568
dbutcher@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02130
Tel. (617) 345-4668

DATED:        January 4, 2016

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on January 4, 2016.


<u>/s/ Darian M. Butcher</u>
Darian M. Butcher