| CIVIL ACTION COVER SHEET | DOCKET NUMBER 15-1956 C | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Lawrence R. Clockedile, Jr.

**ADDRESS:** Charlene Byrnes-Clockedile

209 Clark Street

Rochdale, MA 01542

**ATTORNEY:** Douglas J. Rowe

**ADDRESS:** Rowe Law Office

21 Cotting Avenue

Marlborough, MA 01752

**BBO:** 431720

**COUNTY** Worcester

**DEFENDANT(S):** U.S. Bank Trust N.A.

and Caliber Home Loans, Inc.

**ADDRESS:** 60 Livingston Ave., EP-MN-WS3D

St. Paul, MN 55107

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. D03 | TYPE OF ACTION (specify) Injunction | TRACK F | HAS A JURY CLAIM BEEN MADE? [X] YES [ ] NO |
|---|---|---|---|

**"If "Other" please describe:**

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $
  2. Total doctor expenses .................................................... $
  3. Total chiropractic expenses ........................................... $
  4. Total physical therapy expenses .................................... $
  5. Total other expenses (describe below) ........................... $    Subtotal (A): $

**FILED**

**DEC 07 2015**

**ATTEST:** _[signature]_ **CLERK**

B. Documented lost wages and compensation to date ......................... $
C. Documented property damages to dated ...................................... $
D. Reasonably anticipated future medical and hospital expenses ......... $
E. Reasonably anticipated lost wages ............................................... $
F. Other documented items of damages (describe below) ..................... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

M.G.L. c 93A Defendants failure to follow statutory requirements      **TOTAL (A-F):$** 10,000.00

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):      **TOTAL: $** 25,000.00

Defendants were negligent in following contracturally required procedures, under Massachusetts law

**Signature of Attorney/Pro Se Plaintiff: X** _[signature]_      **Date:** 12/2/15

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X** _[signature]_      **Date:** 12/7/15

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

AA1 Contract Action involving Commonwealth,
  Municipality, MBTA, etc. (A)
AB1 Tortious Action involving Commonwealth,
  Municipality, MBTA, etc. (A)
AC1 Real Property Action involving
  Commonwealth, Municipality, MBTA etc. (A)
AD1 Equity Action involving Commonwealth,
  Municipality, MBTA, etc. (A)
AE1 Administrative Action involving
  Commonwealth, Municipality, MBTA, etc. (A)

### CN Contract/Business Cases

A01 Services, Labor, and Materials (F)
A02 Goods Sold and Delivered (F)
A03 Commercial Paper (F)
A04 Employment Contract (F)
A06 Insurance Contract (F)
A08 Sale or Lease of Real Estate (A)
A12 Construction Dispute (A)
A14 Interpleader (F)
BA1 Governance, Conduct, Internal
  Affairs of Entities (A)
BA3 Liability of Shareholders, Directors,
  Officers, Partners, etc. (A)
BB1 Shareholder Derivative (A)
BB2 Securities Transactions (A)
BC1 Mergers, Consolidations, Sales of
  Assets, Issuance of Debt, Equity, etc. (A)
BD1 Intellectual Property (A)
BD2 Proprietary Information or Trade
  Secrets (A)
BG1 Financial Institutions/Funds (A)
BH1 Violation of Antitrust or Trade
  Regulation Laws (A)
A99 Other Contract/Business Action - Specify (F)

* Choose this case type if ANY party is the
  Commonwealth, a municipality, the MBTA, or any
  other governmental entity UNLESS your case is a
  case type listed under Administrative Civil Actions
  (AA).

† Choose this case type if ANY party is an
  incarcerated party, UNLESS your case is a case
  type listed under Administrative Civil Actions (AA)
  or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

D01 Specific Performance of a Contract (A)
D02 Reach and Apply (F)
D03 Injunction (F)
D04 Reform/ Cancel Instrument (F)
D05 Equitable Replevin (F)
D06 Contribution or Indemnification (F)
D07 Imposition of a Trust (A)
D08 Minority Shareholder's Suit (A)
D09 Interference in Contractual Relationship (F)
D10 Accounting (A)
D11 Enforcement of Restrictive Covenant (F)
D12 Dissolution of a Partnership (F)
D13 Declaratory Judgment, G.L. c.231A (A)
D14 Dissolution of a Corporation (F)
D99 Other Equity Action (F)

### PA Civil Actions Involving Incarcerated Party †

PA1 Contract Action involving an
  Incarcerated Party (A)
PB1 Tortious Action involving an
  Incarcerated Party (A)
PC1 Real Property Action involving an
  Incarcerated Party (A)
PD1 Equity Action involving an
  Incarcerated Party (F)
PE1 Administrative Action involving an
  Incarcerated Party (F)

### TR Torts

B03 Motor Vehicle Negligence - Personal
  Injury/Property Damage (F)
B04 Other Negligence - Personal
  Injury/Property Damage (F)
B05 Products Liability (A)
B06 Malpractice - Medical / Wrongful Death (A)
B07 Malpractice - Other (A)
B08 Wrongful Death, G.L. c.229 §2A (A)
B15 Defamation (A)
B19 Asbestos (A)
B20 Personal Injury - Slip & Fall (F)
B21 Environmental (F)
B22 Employment Discrimination (F)
BE1 Fraud, Business Torts, etc. (A)
B99 Other Tortious Action (F)

### RP Real Property

C01 Land Taking (F)
C02 Zoning Appeal, G.L. c. 40A (F)
C03 Dispute Concerning Title (F)
C04 Foreclosure of a Mortgage (X)
C05 Condominium Lien & Charges (X)
C99 Other Real Property Action (F)

### MC Miscellaneous Civil Actions

E18 Foreign Discovery Proceeding (X)
E97 Prisoner Habeas Corpus (X)
E22 Lottery Assignment, G.L. c. 10 §28 (X)

### AB Abuse/Harassment Prevention

E15 Abuse Prevention Petition, G.L. c. 209A (X)
E21 Protection from Harassment, G.L. c. 258E(X)

### AA Administrative Civil Actions

E02 Appeal from Administrative Agency,
  G.L. c. 30A (X)
E03 Certiorari Action, G.L. c.249 §4 (X)
E05 Confirmation of Arbitration Awards (X)
E06 Mass Antitrust Act, G.L. c. 93 §9 (A)
E07 Mass Antitrust Act, G.L. c. 93 §8 (X)
E08 Appointment of a Receiver (X)
E09 Construction Surety Bond, G.L. c. 149
  §§29, 29A (A)
E10 Summary Process Appeal (X)
E11 Worker's Compensation (X)
E16 Auto Surcharge Appeal (X)
E17 Civil Rights Act, G.L. c.12 §11H (A)
E24 Appeal from District Court
  Commitment, G.L. c.123 §9(b) (X)
E25 Pleural Registry (Asbestos cases)
E95 Forfeiture, G.L. c.94C §47 (F)
E99 Other Administrative Action (X)
Z01 Medical Malpractice - Tribunal only,
  G.L. c. 231 §60B (F)
Z02 Appeal Bond Denial (X)

### SO Sex Offender Review

E12 SDP Commitment, G.L. c. 123A §12 (X)
E14 SDP Petition, G.L. c. 123A §9(b)

### RC Restricted Civil Actions

E19 Sex Offender Registry, G.L. c.6 §178M (X)
E27 Minor Seeking Consent, G.L. c.112 §12S (X)

## TRANSFER YOUR SELECTION TO THE FACE SHEET

EXAMPLE:

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

A true copy by photostatic process
Attest _Karen a Kent_
Asst. Clerk

COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
   Plaintiffs

**FILED**

DEC 07 2015

ATTEST: *Del Mh* CLERK

15-1956 *C*

Verified Complaint with
Request for Temporary
Restraining Order and
Preliminary Injunction
With Jury Trial Request

vs

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
   Defendants



2

<u>Summary:</u>

1. This is request for a Temporary Restraining Order and Preliminary Injunction, MRCP 65, with Verified Complaint, in an action for breach of contract as well as tortuous acts in violation of state and federal laws regarding consumers. The plaintiffs homeowners, have tried to maintain their mortgage in good standing and have requested to refinance, with Caliber Home Loans, Inc. alleged, agent of U.S. Bank Trust, N.A. as Trustee which is said to be foreclosing on December 14, 2015 in violation of M.G.L. c 93A, and M.G.L. c 244 § 35B.

<u>Parties:</u>

2. The plaintiffs Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereinafter "Clockedile" husband and wife are consumers who reside in their family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts.

3. The Defendant U.S. Bank Trust, N.A., hereinafter "U.S.Bank", a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107, is alleged to be Trustee for LSF8 Master Participation Trust

4.   The Defendant Caliber Home Loans, Inc. hereinafter "Caliber", a foreign corporation, organized under the laws of the state of Delaware with a principal office at 3701 Regent Boulevard Suite 200, Irving Texas 75063 is alleged to be the Servicer for U.S. Bank Trust, N.A.

Facts

5.   The Plaintiffs "Clockedile" purchased their family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts, By deed dated April 23, 1990 recorded Worcester South District Registry of Deeds Book 12747, Page 302.

6.   The Plaintiffs "Clockedile" mortaged their home with Household Finance Corporation II dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258.

7.   The Plaintiffs "Clockedile" have experienced some financial setbacks and did file for Bankruptcy protection and received a chapter seven discharge dated July 6, 2012 in U.S. Bankruptcy Court District of Massachusetts No. 12-41211,

8.   The Plaintiffs "Clockedile" have contacted the Defendant "Caliber" concerning refinancing and as recently as a letter dated November 24, 2015 it is still being considered.

9.   The Defendant "Caliber" in a document prepared by it called an Assignment and dated July 31, 2014, Assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, said Assignment is attached as **Exhibit 1** recorded Worcester South District Registry of Deeds Book 52637 Page 353, which specifically states it relies on "Power of Attorney Dated 06/03/13".

10.  The source of the alleged right to assign is in fact an expired Limited Power of Attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* attached as **Exhibit 2** recorded Worcester South District Registry of Deeds Book 51858 Page 132.

11.  The Defendant "Caliber" claims its right as a servicer to a Limited Power of Attorney recorded in the Official Records of Orange County California, a copy of which is recorded in the Worcester South District Registry of Deeds Book 52333 Page 203 attached as **Exhibit 3**, with no references to documents listed in Exhibit A attached thereto.

12. The Defendant "U.S.Bank" in the first paragraph of Exhibit 3 above, claims the trusts in Exhibit A attached, name it Trustee, without benefit of corporate seal and attested to by an unknown Trust Officer, and officers of the "U.S.Bank" are attesting to themselves that they can name themselves Trustee.

13. The Defendant "U.S.Bank" is named as the Foreclosing Entity as Trustee for LSF8 Master Participation Trust by the servicer "Caliber" in an Affidavit dated September 3, 2015, operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2.

14. The Defendant "Caliber" in the Affidavit referred to in Paragraph 13, still operating on the document based on the expired Limited Power of Attorney Exhibit 2, goes on to state that by review of the [X] correspondence file; the servicer has complied with [X] The requirements of G.L.c.244s35B **have been** complied with. Affidavit attached as **Exhibit 4.**

15 The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in paragraph 1. States the Power of Attorney seen above as Exhibit 3 is a written instrument executed under seal which is clearly false as the instrument itself states "NO CORPORATE SEAL".

16. The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in paragraph 2(b) makes the conclusory statement that the Foreclosing Entity, ie "U.S.Bank" is [X] the holder/owner of the promissory note secured by the above mortgage, by apparently reviewing, the Defendant "Caliber" [X] correspondence file; while still operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2.

17. The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in Paragraph 1 leaves blank the [ ] officer of U.S.Bank and in Paragraph 2(a) under review of business records leaves blank [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, and still concludes while still operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2, that "U.S.Bank" is [X] the holder/owner of the promissory note.

18. The Defendant "Caliber" in response to requests to refinance as stated in Paragraph 8 above as of this date have not contacted the Plaintiffs "Clockedile" as stated in Paragraph two of letter dated November 24, 2015 attached as **Exhibit 5.**

19. U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust has not filed a Trustee Certificate under M.G.L. c 184 § 35.

20. The LSF8 Master Participation Trust itself is not referred to as being on record in the Commonwealth of Massachusetts, as required under M.G.L. c 184 § 25.

**Count I** - Request for Temporary Restraining Order

21. The Plaintiffs, Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereby request this Honorable Court to Temporarily Enjoin the Defendant, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust its agents or assigns from foreclosing on the mortgage dated dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258 held by assignment dated July 31, 2014 recorded Worcester South District Registry of Deeds Book 52637 Page 353

**Count II** - Request for Preliminary Injunction

22. The Plaintiffs, Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereby request this Honorable Court to Temporarily Enjoin the Defendant, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust its agents or assigns from foreclosing on the mortgage dated dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258 held by assignment dated July 31, 2014 recorded Worcester South District Registry of Deeds Book 52637 Page 353

**Count III** -    Accounting

23. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein

24. That there has been some confusion in the account of the Plaintiffs with the Defendants and a full and complete accounting is required.


WHEREFORE: The plaintiffs demand judgment for a complete accounting.


**Count IV** - Breach of Covenant of Good Faith and Fair Dealings

25. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

26. The Defendant "U.S.Bank",  by its negligence and the continued refusal to act or deal in good faith to resolve issues have caused the plaintiff great anguish and harm

27. The Plaintiffs can expect that a Nationwide Home Loan Lender should have procedures in place for the benefit of the mortgagor and the mortgagee.

WHEREFORE: The plaintiffs demand judgment for the consequential damages caused by the Breach of Covenant of Good Faith by the Defendant U.S. Bank Trust, N.A. in an amount determined by the Court and further under M.G.L. c 93A that said amount be Treble in damages if not the minimum of double as the actions are deliberate by a Nationwide Lender that should know better, plus costs and attorneys fees.

## Count V - Breach of Covenant of Good Faith and Fair Dealings

28. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

29. The Defendant "Caliber" , by its negligence and the continued refusal to act or deal in good faith to resolve issues have caused the plaintiff great anguish and harm

30. The Plaintiffs can expect that a Nationwide Home Loan Servicer should have procedures in place for the benefit of the mortgagor and the mortgagee.

WHEREFORE: The plaintiffs demand judgment for the consequential damages caused by the Breach of Covenant of Good Faith by the Defendant Caliber Home Loans, Inc in an amount determined by the Court and further under M.G.L. c 93A that said amount be Treble in damages if not the minimum of double as the actions are deliberate by a Nationwide Servicer that should know better, plus costs and attorneys fees.

## Count VI - Violation of Law M.G.L. c 93A

31. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

32. The Creditor U.S. Bank Trust, N.A., and its assigns by its agent did knowingly or negligently record false documents and it fail to take reasonable steps and make good faith effort to avoid foreclosure

WHEREFORE: the defendant U.S. Bank Trust, N.A., and its agents and assigns as a matter of law are in violation of c 93A and all compensatory damages herein should be double or treble.

## Count VII - Violation of Law M.G.L. c 93A

33. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

34. The Servicer Caliber Home Loans, Inc by its agent did knowingly or negligently record false documents and it fail to take reasonable steps and make good faith effort to avoid foreclosure

WHEREFORE: the defendant Caliber Home Loans, Inc , and its agents and assigns as a

matter of law are in violation of c 93A and all compensatory damages herein should be double or treble.

## Count VIII - Intentional Infliction of Emotional Distress

35.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

36.   The Defendant U.S. Bank Trust, N.A., and its agent by their negligence and failur to follow statutorily required procedures have caused great emotional distress to the plaintiffs.

WHEREFORE: the defendant U.S. Bank Trust, N.A., and its assigns by their misfeasance and malfeasance as a matter of law are in violation of c 93A and are liable for compensatory damages as a result of their actions.

## Count IX - Intentional Infliction of Emotional Distress

37.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

38.   The Defendant Caliber Home Loans, Inc , and its agent by their negligence and failur to follow statutorily required procedures have caused great emotional distress to the plaintiffs.

WHEREFORE: the defendant Caliber Home Loans, Inc , by its misfeasance and malfeasance as a matter of law is in violation of c 93A and is liable for compensatory damages as a result of its actions.

## Count IX - Negligence

39.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

40.   The Defendants owed a duty of care to the Plaintiffs to properly and legally record properly and legally prepared documents.

41.   The Defendants owed a duty to follow all statutorily required actions and filings to before falsely proceeding to foreclose.

WHEREFORE: the defendant Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. jointly and severally for the forgoing reasons are liable for damages in an amount to be determined by the fact finder and for interest, costs and attorneys fees and for such other relief as this Honorable Court may deem just and proper

**Count X - Breach of Contract**

42.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

43.    The terms and conditions of the security agreement and mortgage require the Lender and its assigns to be governed by the laws of the Commonwealth of Massachusetts.

44.    The Defendants Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. have not recorded documents or followed other laws or regulations under Massachusetts Law.

WHEREFORE: the defendant Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. jointly and severally for the forgoing reasons are liable for damages in an amount to be determined by the fact finder and for interest, costs and attorneys fees and for such other relief as this Honorable Court may deem just and proper

**Request for a Jury Trial**

Plaintiffs  Lawrence R. Clockedile, Jr.  and Charlene Byrnes-Clockedile, hereby requests a Jury Trial on all issues so triable.

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 5, 2015

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr.
and Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

EXHIBIT 1

Recording Requested By:
**T.D. SERVICE COMPANY**

And When Recorded Mail To:
**T.D. Service Company**
**4000 W Metropolitan Dr Ste 400**
**Orange, CA 92868**



Bk: 52637 Pg: 353
Page: 1 of 1 08/05/2014 08:58 AM WD

Customer#: 673/2
Service#: 4010720AS1
Loan#: 9802948845

————————————————————— Space above for Recorder's use ——————————————————————

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME
LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby assign and transfer
to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O
CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, all its
right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of
MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated
MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, In Book No. 40794,
at Page No. 258.
Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE,
HUSBAND AND WIFE, T/B (Original Mortgagor).
Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II. Property Address: 209 CLARK ST,
ROCHDALE, MA 01542-0000.

Date: **JUL 31 2014**

HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN
FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At
Page No. 131.

By: _____

    Sarah Kennedy, Assistant Secretary

State of    **CALIFORNIA**    }
County of   **ORANGE**    } ss.

On **JUL 31 2014**, before me, Julian Yanez, a Notary Public, personally appeared Sarah Kennedy ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

(Notary Name): Julian Yanez

> JULIAN YANEZ
> Commission # 2014006
> Notary Public - California
> Orange County
> My Comm. Expires Mar 22, 2017

LIMITED POWER OF ATTORNEY
TO SUCCESSOR SERVICER

Dated as of June 3, 2013

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, pursuant to the terms of the Mortgage Loan Purchase Agreement, by and among VOLT Holdings, LLC (the "Purchaser"), HSBC Finance Corporation, a Delaware corporation, solely in its capacity as Seller Representative, and the Persons listed on Schedule 1.01(a) thereto, made and entered into as of June 3, 2013 (the "Mortgage Loan Purchase Agreement"), Household Finance Corporation II (the "Seller"), as one of the Sellers under the Mortgage Loan Purchase Agreement, sold, and the Purchaser purchased, certain mortgage loans (the "Mortgage Loans");

WHEREAS, pursuant to the terms of the Interim Servicing Agreement, made and entered into as of June 3, 2013, by and among the Purchaser, the Interim Servicers, HSBC Finance Corporation, in its capacity as Interim Servicer Representative, HSBC Bank USA, National Association (the "Bank") and Caliber Home Loans, Inc. (currently operating as Vericrest Financial, Inc.) (the "Successor Servicer");

WHEREAS, Seller is providing this Limited Power of Attorney to Successor Servicer on behalf of Purchaser pursuant to the Mortgage Loan Purchase Agreement;

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants contained herein and in the Mortgage Loan Purchase Agreement and for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, Seller does hereby make, constitute and appoint Successor Servicer on behalf of Purchaser, as Seller's true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and stead: (i) to procure, prepare, complete, execute and record any mortgage, deed of trust or similar security instrument (collectively, the "Mortgage") and any assignment of Mortgage or reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to ensure that record title to the Mortgage Loan vests in the Purchaser, and (c) for any other transfer of record title which is required with respect to the Mortgage Loans or the underlying security interest related to each Mortgage Loan; (ii) to ensure that each promissory note related to each Mortgage Loan has been properly endorsed to the proper person or entity; (iii) to prepare, complete, execute, acknowledge, seal and deliver any and all instruments of satisfaction or cancellation, or of full or partial release or discharge and all other comparable instruments with respect to the Mortgage Loans; (iv) to cure any other defects associated with any other document or instrument with respect to a Mortgage Loan; and (v) to endorse checks and other payment instruments that are payable to the order of Seller and that have been received by the Purchaser or the Successor Servicer from mortgagors or any insurer in respect of insurance proceeds related to any Mortgage Loan.

706660493 12408116                              1

This Limited Power of Attorney may be utilized fully to all intents and purposes as Seller might or could do if personally present, hereby ratifying and confirming all that Purchaser as said attorney in fact shall lawfully do or cause to be done by virtue hereof.

## ARTICLE I

The enumeration of particular powers herein is not intended in any way to limit the grant to Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact of full power and authority with respect to the Mortgage Loans to complete (to the extent necessary), file and record any documents, instruments or other writings referred to above as fully, to all intents and purposes, as Seller might or could do if personally present, hereby ratifying and confirming whatsoever such attorney-in-fact shall and may do by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact to do any act or execute any document on behalf of Seller not specifically described herein. Seller agrees and represents to those dealing with such attorney-in-fact that they may rely upon this Limited Power of Attorney until termination thereof under the provisions of Article III below. Any and all third parties dealing with Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact may rely completely, unconditionally and conclusively on the authority of Successor Servicer on behalf of Purchaser, as applicable, and need not make any inquiry about whether Successor Servicer on behalf of Purchaser is acting pursuant to the Mortgage Loan Purchase Agreement. Any purchaser, title insurance company or other third party may rely upon a written statement by Successor Servicer on behalf of Purchaser that any particular Mortgage Loan or related mortgaged real property in question is subject to and included under this Limited Power of Attorney or the Mortgage Loan Purchase Agreement.

## ARTICLE II

Any act or thing lawfully done hereunder and in accordance with this Limited Power of Attorney by Purchaser shall be binding on Seller and Seller's successors and assigns.

## ARTICLE III

The rights, power, and authority of the attorney-in-fact granted in this instrument shall commence and be in full force and effect on the date of execution and such rights, powers and authority shall remain in full force and effect until 11:59 p.m., Eastern Standard time, on the date that is one year from such date (the "POA Termination Date"). This Limited Power of Attorney shall be coupled with an interest and shall be irrevocable prior to the POA Termination Date.

Nothing herein shall be deemed to amend or modify the Mortgage Loan Purchase Agreement or the respective rights, duties or obligations of Seller under the Mortgage Loan Purchase Agreement, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

Bk. 31838 Pg. 138

IN WITNESS WHEREOF, Sellers have caused this instrument to be executed by its officer duly authorized as of the date first written above.

**HOUSEHOLD FINANCE CORPORATION II**

By: _John P. Griffin_

Name: John P. Griffin

Title: Vice President – Treasurer
& Controller

STATE OF ILLINOIS          )
                           )ss.
COUNTY OF LAKE             )

On this 4th day of June 2013, before me, a notary public in and for the State of Illinois, appeared John P. Griffin, who is known to me to be the Vice President – Treasurer & Controller of the entity listed above, and who signed his name hereto for the purposes stated herein.

[SEAL]

```
OFFICIAL SEAL
HOLLEY DAHM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/17/2014
```

_Holley Dahm_

NOTARY PUBLIC

STATE OF FLORIDA      )
COUNTY OF HILLSBOROUGH)
    THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS ____ DAY OF _____ 20___

PAT FRANK
CLERK OF CIRCUIT COURT

BY _____ D.C.

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT 3

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

$18.00

*$R0006498471 3*

2014000052965 2:04 pm 02/10/14

63 416 P14 F13   4

0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Document drafted by and
RECORDING REQUESTED BY:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK   73134

~~3927068DT1~~

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

**The trusts identified on the attached Schedule A (the "Trusts"), by and through U.S. Bank Trust National Association,** a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN   55107, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints Caliber Home Loans, Inc. (fka Vericrest Financial, Inc. as of April 8, 2013), ("Servicer"), and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (10) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of U.S. Bank Trust National Association.   This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") held by the Trustee.   These Loans are secured by collateral comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby.   Please refer to **Schedule A** attached hereto.

1.   Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 4th day of December, 2013.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by U.S. Bank Trust National Association, as Trustee

Witness: Nancy Rose

By: _____
John L. Linseen, Vice President

Witness: Erin Folsom

By: _____
Tanveer Ashraf, Assistant Vice President

Attest: Alex E. Fuentes, Trust Officer

## CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 4th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared John L. Linseen, Tanveer Ashraf and Alex E. Fuentes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Assistant Vice President, and Trust Officer, respectively of U.S. Bank Trust National Association, as Trustee, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
Joseph P. Wagner

JOSEPH P. WAGNER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2016

My commission expires: 01/31/2016

EXHIBIT A

LSF6 BERMUDA INVESTMENTS 2011-1 TRUST
LSF6 BERMUDA MRA TRUST
LSF6 WLI TRUST

LSF6 INVESTMENTS 2011-1 TRUST
LSF6 MRA REO TRUST

LSF7 BERMUDA NPL I TRUST
LSF7 BERMUDA NPL II TRUST
LSF7 BERMUDA NPL III TRUST
LSF7 BERMUDA NPL IV TRUST
LSF7 BERMUDA NPL V TRUST
LSF7 BERMUDA NPL VI TRUST
LSF7 BERMUDA NPL VII TRUST

LSF7 NPL I TRUST
LSF7 NPL II TRUST
LSF7 NPL III TRUST
LSF7 NPL IV TRUST
LSF7 NPL V TRUST
LSF7 NPL VI TRUST
LSF7 NPL VII TRUST

VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2
VOLT PARTICIPATION TRUST 2011-NPL2
VOLT ASSET HOLDINGS NPL3
VOLT ASSET HOLDINGS TRUST XVI
VOLT NPL IX ASSET HOLDINGS TRUST
VOLT RPL XI ASSET HOLDINGS TRUST
VOLT RLF XII TRUST
VOLT XIV ASSET HOLDINGS TRUST
VOLT 2012-RPL1 ASSET HOLDINGS TRUST
VOLT 2012-NPL1 ASSET HOLDINGS TRUST
VOLT 2012 RPL2 ASSET HOLDINGS TRUST
VOLT 2012-NPL2 ASSET HOLDINGS TRUST
VOLT RLP ASSET HOLDINGS TRUST

LSF8 MASTER PARTICIPATION TRUST

THIS IS A TRUE CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: **FEB 1 0 2014**

CERTIFICATION FEE $

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT  4



# AFFIDAVIT REGARDING NOTE SECURED
# BY A MORTGAGE TO BE FORECLOSED
## (Pre-Foreclosure Sale)

**Current Record Owner:** Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr.

**Foreclosing Entity:** U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust

**Property Address:** 209 Clark Street, Rochdale, MA 01542  *Leicester*

**Mortgage:** The Mortgage to be foreclosed was given by Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr. to Household Finance Corporation II, dated March 7, 2007, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 40794, at Page 258. Said mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an assignment dated July 31, 2014, and recorded in Book 52637, at Page 353,

The undersigned, ___Melinda Girardeau_____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.  I am [Check One]
    [ ] An officer of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, where I hold the office of _____.
    [X] An officer of Caliber Home Loans, Inc. a duly authorized agent of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:
    [Check One]
    [X] recorded in the Worcester County (Worcester District) Registry of Deeds
    [Check One]
    [X] in Book _52333__, Page _202_
    [ ] herewith

2.  (a) Based upon my review of the business records of:
    **[Check One]**
    [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust
    [X] Caliber Home Loans, Inc., servicer for foreclosing entity.

    In the regular performance of my job functions, I am familiar with business records maintained by Caliber Home Loans, Inc. for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Caliber Home Loans, Inc.'s business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Caliber Home Loans, Inc.
    To the extent records related to the loan come from another entity, those records were received by Caliber Home Loans, Inc. in the ordinary course of its business, have been

incorporated into and maintained as part of the Caliber Home Loans, Inc.'s business records, and have been relied on by Caliber Home Loans, Inc.. It is the regular practice of Caliber Home Loans, Inc. mortgage servicing business to make and maintain these records.

The records reviewed include:
[X] correspondence file;
[ ] collection of notes of conversations with borrowers and their representatives;
[ ] loan history;
[ ] other [please specify] _____.

(b) I certify that based on my review:
**[Check One]**
[X] The requirements of G.L. c. 244 s. 35B **have been** complied with
[ ] G.L. c. 244, s. 35B **is not applicable** to the above mortgage

On this date the Foreclosing Entity is:
**[Check One]**
[X] the **holder/owner of the promissory note** secured by the above mortgage.
[ ] the **authorized agent of the holder/owner of said promissory note**, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this ___3rd___ day of __September__, 2015.

Caliber Home Loans, Inc.
Name: _Melinda Guard_ Melinda Girardeau
State of_____  Title: __Authorized Signatory__

County of _____ _____, 2015

*see attached*

    Then personally appeared the above-named _____, proved to me through satisfactory evidence of identification, which was _____, to be the

person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _____ of Caliber Home Loans, Inc.

_____
Notary Public
My Commission Expires:

*Comments*

See: *Eaton v. Federal National Mortgage Association,* 462 Mass. 569 (2012.
See: G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, Ch. 194, Sec. 1.

# ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

On _____ SEP 0 3 2015 _____ before me, _____ Ashlee Lawson, Notary Public _____
(insert name and title of the officer)

personally appeared _____ Melinda Girardeau _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA  COUNTY OF San Diego
Subscribed and sworn to (or affirmed) before me on this
3 day of Sept 20 15 by Melinda Girardeau
proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

_____
(Signature of Notary)



ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT  5



P.O. Box 24610
Oklahoma City, OK  73124-0610

November 24, 2015

LAWRENCE R CLOCKEDILE JR
CHARLENE BYRNES-CLOCKEDIL
209 CLARK ST
ROCHDALE      MA  01542-1213

Re:     Loan Number:          9802948845
        Property Address:     209 CLARK ST
                              ROCHDALE       MA 01542-1213

Dear LAWRENCE R CLOCKEDILE JR:

We have received your request for the above-referenced loan to be reviewed for a Caliber Home Loans, Inc. loan modification.  As you are aware, your loan has been referred to foreclosure. Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility.

Before December 14, 2015, you can expect:

o   That we may contact you to schedule an internal evaluation of your home as it may be necessary to assess the value of your property to complete the loan modification review. It is imperative that you cooperate with the agent to obtain the valuation of your property to ensure the modification review can be completed before the foreclosure sale date.

o   That we will complete a review of the documents you provide and, if necessary, we will request any additional information needed to complete the loan modification review.  It is imperative that you submit any requested documentation immediately upon request to ensure the loan modification review can be completed before the foreclosure sale date.

Upon receipt of <u>all</u> required information, we will make a decision regarding the eligibility of your loan in the modification process.

If you qualify, we will contact you to go over the proposed terms of the modification. We will also contact you if you do not qualify for a loan modification. If you do not qualify, we will discuss other available alternatives, if any, with you at that time.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

Caliber is committed to helping you retain your home and avoid foreclosure.  We want to make sure that you have all the information you need, and have therefore designated a Single Point of Contact at Caliber to assist you at any time you have questions or need assistance with your payments, loss mitigation options, foreclosure questions, or have any other inquiries. Your Single Point of Contact will also be your contact any time you need to submit documents to Caliber. You can reach the SPOC Department at 800-401-6587, Monday through Friday 8:00 a.m. to 9:00 p.m., Central Time and Friday 8:00 a.m. to 7:00 p.m., Central Time.

Homeowner's Hotline
Homeowners seeking counseling or advice can also call the 24-hour toll free **HOPE NOW hotline**, at **888-995-HOPE (888-995-4673)**. **HOPE NOW** is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure prevention assistance in English and Spanish.

Other resources can be found on the internet. Websites like http://www.KnowYourOptions.com, http://www.makinghomeaffordable.gov and http://www.hud.gov are agency or government sponsored websites available to you.

Thank you,

Caliber Home Loans, Inc.

2:32                                    20141031rev

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

**1**

**2**

**3**

**4**

**5**

A true copy by photostatic process
Attest: Karen A. Zona
Asst. Clerk

H- 12/10
1/12/16

# Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
        Plaintiffs

15-1956C

vs

Verified
Motion for Temporary
Restraining Order and or
Preliminary Injunction

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
        Defendants

FILED

DEC 07 2015

ATTEST: _____ CLERK

B

Now come the Plaintiffs and state they have filed a verified complaint this seventh day of
December 2015 and are requesting a Temporary Restraining Order, because of notice of an
imminent Public Auction of their family home.

The Plaintiffs have received published notice of a Public Auction scheduled for
December 14, 2015 at 2:00 PM.

A foreclosure would cause irreparable harm to the plaintiff who have an equity
investment and improvements to their home and have tried to refinance and payoff the current
mortgage, and they are likely to prevail relative to the defective assignment executed by Caliber
Home Loans, Inc. and the unfair and deceptive practices alleged in the suit, and the defendants
will not be harmed by the delay as it continues to hold its secured position on property.

The terms and conditions of the security agreement dated March 7, 2007 require the
Lender and its assigns to be governed by the laws of the Commonwealth of Massachusetts.

The Plaintiffs attach hereto and incorporate herein a memorandum of facts and law in
support hereof.

Short order Allow
Returnable to Thurs 12/10/15
at 2pm Rn 26 [6]
Frisson J Aeb]
/s/ Order b/c
12/7/15

12/7/15
Copy given in hand
to counsel.

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 5, 2015

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

A true copy by photostatic process
Attest: Karen A Zova
Asst. Clerk

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division

**15-1956** (

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
       Plaintiffs

Memorandum in support of
Motion for Temporary
Restraining Order

vs



U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
       Defendants

DEC 07 2015

ATTEST: _Del Hall_ CLERK



## Facts

1.  The Defendants seeks to foreclose on the Plaintiffs' family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts.

2.  The Plaintiff has received published notice of a Public Auction scheduled for December 14, 2015 at 2:00 PM.

3.  The Certification Notice Pursuant to 209 CMR 18.21A(2)(c) refers to Rochdale which is an unincorporated village and not the legal address in the Town of Leicester.

3.  A foreclosure would cause irreparable harm to the plaintiffs who are trying to refinance and payoff the current mortgage, once an agreed payoff is determined.

4.  The Plaintiffs seeks to challenge the standing of the Defendant U.S. Bank Trust, N.A. as a Trustee in Massachusetts and its right to foreclose.

5.  The Plaintiff seeks to challenge the standing of the agent of the Defendant, Caliber Home Loans, Inc. As servicer of Household Finance Corporation II, the original Mortgagee.

6. Caliber Home Loans, Inc., in a self serving Assignment prepared by it and dated July 31, 2014, Assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, said Assignment attached as **Exhibit 1** recorded Worcester South District Registry of Deeds Book 52637 Page 353.

7. Caliber Home Loans, Inc. in Exhibit 1 relies on a Limited Power of Attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* attached as **Exhibit 2** recorded Worcester South District Registry of Deeds Book 51858 Page 132.

8. U.S. Bank Trust, N.A., asserts by a Limited Power of Attorney that it is the Trustee of numerous trusts and in particular LSF8 Master Participation Trust and that it has the right to accept new loans into said LSF8 Master Participation Trust and that it has the right under the LSF8 Master Participation Trust to appoint a servicer of the Household Finance Corporation II mortgage, attached as **Exhibit 3** recorded Worcester South District Registry of Deeds Book 52333 Page 202.

9. The Defendant Caliber Home Loans, Inc has caused to be filed an Affidavit regarding a note secured by a mortgage to be foreclosed, which affidavit relies on the assignment of mortgage Exhibit 1, above in which it appointed U.S. Bank Trust, N.A. Trustee after it's Power of Attorney Exhibit 2 above had expired. Said Affidavit is attached as **Exhibit 4** recorded Worcester South District Registry of Deeds Book 54367 Page 203

10. The Plaintiffs have made a good faith request for loan modification, which has been acknowledged by Defendant Caliber Home Loans, inc. by letter dated November 24, 2015 which states in part, "Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility." attached as **Exhibit 5.**

11. The Plaintiff's as of this date have not been contacted as provided in paragraph two of **Exhibit 5.**

The Law

12. *U.S. Bank N.A., trustee v Ibanez* 458 Mass. 637 (2011) where plaintiff failed to make the required showing that it was the holder of the mortgage at the time of the Notice of foreclosure.[In the instant case the assignment is defective]

13.  M.G.L. c 203 § 1     Trusts in realty; necessity of writing

No trust concerning land, except as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney.

14.  M.G.L. c 184 § 25     Indefinite references; effect; application

No indefinite reference in a recorded instrument shall subject any person not an immediate party thereto to any interest in real estate, legal or equitable,...(3) a description of a person as trustee or an indication that a person is acting as trustee, unless the instrument containing the description or indication either sets forth the terms of the trust or specifies a recorded instrument which sets forth its terms and the place in the public records where such instrument is recorded, and (4) any other reference to any interest in real estate, unless the instrument by which the interest is created and the place in the public records where such instrument is recorded. No instrument shall be deemed recorded in due course unless so recorded in the registry of deeds for the county or district in which the real estate effected lies as to be indexed in the grantor index under the name of the owner of record of the real estate affected at the time of the recording...

15.  M.G.L. c 184 § 35 Trustee's certificate; requirements; effect

Notwithstanding section 25 to the contrary, a certificate sworn to or stated to be executed under the penalties of perjury, and in either case signed by a person who from the records of the registry of deeds or of the registry district of the land court, for the county or district in which real estate owned by a nontestamentary trust lies, appears to be a trustee thereunder and which certifies as to: (a) the identity of the trustees or the beneficiaries thereunder; (b) the authority of the trustees to act with respect to real estate owned by the trust; or ( c) the existence or nonexistence of a fact which constitutes a condition precedent to acts by the trustees or which are in any other manner germane to affairs of the trust, shall be binding on all trustees and the trust estate in favor of a purchaser or other person relying in good faith on the certificate. The certificate most recently recorded in the registry of deeds for the county or district in which the real estate lies shall control.

16.  M.G.L. c 244 § 35B Requirements of reasonable steps and good faith effort to avoid foreclosure; criteria; notice of right to pursue modified mortgage; recording affidavit of compliance
(b) A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure. A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (I ) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including but not limited to, investors.

## Discussion

17. The Defendant U.S. Bank Trust, N.A. holds itself out to be a Trustee in Massachusetts without benefit of any Trust or certificate being recorded in Massachusetts from which to derive its authority to act as a Trustee in Massachusetts, or to define what powers it has as a Trustee in Massachusetts. The trust alleged, LSF8 Master Participation Trust, does not appear to be recorded in Massachusetts.

18. The Defendant Caliber Home Loans, Inc. was given a power of attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* which by the terms recited expired either June 3rd or 4th of 2014. After the expiration of the power of attorney, Caliber Home Loans, Inc., in a self serving Assignment prepared by it and dated July 31, 2014, assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, to U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, with the Defendant Caliber Home Loans, Inc alleging itself to be the servicer.

19. The Defendant Caliber Home Loans, Inc. further drafted another limited power of attorney dated 12/4/2013 for U.S. Bank Trust National Association in which it named itself servicer based on the unrecorded LSF8 Master Participation Trust.

20. The Defendant Caliber Home Loans, Inc. has caused to be recorded an affidavit it states to be in compliance with M.G.L. c 244 § 35B and in Paragraph 1 states the foreclosing entity is U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, which can not be true as the Assignment from itself is based on the expired power of attorney from Household Finance Corporation II.

21. The Defendant Caliber Home Loans, Inc. affidavit goes on to say in Paragraph 2 that as servicer it reviewed its correspondence file and concluded by such examination that it was in compliance, whereas apparently the correspondence file did not contain any reference to M.G.L. c 244 § 35B Requirements of reasonable steps and good faith effort to avoid foreclosure, and boxes relative to notes or conversation, loan history or other information were either non existent or not deemed relevant.

22. The Plaintiffs believe they have stated facts in their verified Motion and verified Complaint that clearly indicate the Plaintiffs will prevail on the issue that the Assignment of the Plaintiffs Mortgage was based on an expired power of attorney and is void ab initio.

23. The Plaintiffs state and believe they will prevail on the Defendants failure to comply with M.G.L. c 244 § 35B as they did contact the Defendants relative to refinancing and as can be seen from Exhibit 4 the Defendants have jumped the gun on the notice to foreclose without taking reasonable steps and good faith effort to avoid foreclosure.

24. The Plaintiffs state and believe they will prevail on the fact that Defendant U.S. Bank Trust, N.A. has no standing as a Trustee in Massachusetts.

Wherefore

Plaintiffs request under MRCP 65 that a Temporary Restraining Order be granted and or order of Notice issue for a Hearing on a Preliminary Injunction with sufficient time to enjoin the foreclosure set for December 14, 2015 at 2:00 PM. As described in Count I or Count II of the Complaint.

December 5, 2015

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

# EXHIBIT 1

Recording Requested By:
**T.D. SERVICE COMPANY**

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868


Bk: 52637 Pg: 353
Page: 1 of 1  08/05/2014 08:58 AM  WD

Customer#: 673/2
Service#: 4010720AS1
Loan#: 9802948845

———————————— Space above for Recorder's use ————————————

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby assign and transfer to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, all its right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, in Book No. 40794, at Page No. 258.
Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE, HUSBAND AND WIFE, T/B (Original Mortgagor).
Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II.  Property Address: 209 CLARK ST, ROCHDALE, MA 01542-0000.

Date: **JUL 3 1 2014**
HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At Page No. 131.

By: ————————————————————————
    Sarah Kennedy, Assistant Secretary

State of   **CALIFORNIA**           }
County of  **ORANGE**               } ss.

On **JUL 3 1 2014**, before me, Julian Yanez, a Notary Public, personally appeared  Sarah Kennedy, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

(Notary Name): Julian Yanez

JULIAN YANEZ
Commission # 2014006
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

# EXHIBIT  2

LIMITED POWER OF ATTORNEY
TO SUCCESSOR SERVICER

Dated as of June 3, 2013

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, pursuant to the terms of the Mortgage Loan Purchase Agreement, by and among VOLT Holdings, LLC (the "Purchaser"), HSBC Finance Corporation, a Delaware corporation, solely in its capacity as Seller Representative, and the Persons listed on Schedule 1.01(a) thereto, made and entered into as of June 3, 2013 (the "Mortgage Loan Purchase Agreement"), Household Finance Corporation II (the "Seller"), as one of the Sellers under the Mortgage Loan Purchase Agreement, sold, and the Purchaser purchased, certain mortgage loans (the "Mortgage Loans");

WHEREAS, pursuant to the terms of the Interim Servicing Agreement, made and entered into as of June 3, 2013, by and among the Purchaser, the Interim Servicers, HSBC Finance Corporation, in its capacity as Interim Servicer Representative, HSBC Bank USA, National Association (the "Bank") and Caliber Home Loans, Inc. (currently operating as Vericrest Financial, Inc.) (the "Successor Servicer");

WHEREAS, Seller is providing this Limited Power of Attorney to Successor Servicer on behalf of Purchaser pursuant to the Mortgage Loan Purchase Agreement;

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants contained herein and in the Mortgage Loan Purchase Agreement and for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, Seller does hereby make, constitute and appoint Successor Servicer on behalf of Purchaser, as Seller's true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and stead: (i) to procure, prepare, complete, execute and record any mortgage, deed of trust or similar security instrument (collectively, the "Mortgage") and any assignment of Mortgage or reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to ensure that record title to the Mortgage Loan vests in the Purchaser, and (c) for any other transfer of record title which is required with respect to the Mortgage Loans or the underlying security interest related to each Mortgage Loan; (ii) to ensure that each promissory note related to each Mortgage Loan has been properly endorsed to the proper person or entity; (iii) to prepare, complete, execute, acknowledge, seal and deliver any and all instruments of satisfaction or cancellation, or of full or partial release or discharge and all other comparable instruments with respect to the Mortgage Loans; (iv) to cure any other defects associated with any other document or instrument with respect to a Mortgage Loan; and (v) to endorse checks and other payment instruments that are payable to the order of Seller and that have been received by the Purchaser or the Successor Servicer from mortgagors or any insurer in respect of insurance proceeds related to any Mortgage Loan.

706660493 12408116                                    1

This Limited Power of Attorney may be utilized fully to all intents and purposes as Seller might or could do if personally present, hereby ratifying and confirming all that Purchaser as said attorney in fact shall lawfully do or cause to be done by virtue hereof.

## ARTICLE I

The enumeration of particular powers herein is not intended in any way to limit the grant to Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact of full power and authority with respect to the Mortgage Loans to complete (to the extent necessary), file and record any documents, instruments or other writings referred to above as fully, to all intents and purposes, as Seller might or could do if personally present, hereby ratifying and confirming whatsoever such attorney-in-fact shall and may do by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact to do any act or execute any document on behalf of Seller not specifically described herein. Seller agrees and represents to those dealing with such attorney-in-fact that they may rely upon this Limited Power of Attorney until termination thereof under the provisions of Article III below. Any and all third parties dealing with Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact may rely completely, unconditionally and conclusively on the authority of Successor Servicer on behalf of Purchaser, as applicable, and need not make any inquiry about whether Successor Servicer on behalf of Purchaser is acting pursuant to the Mortgage Loan Purchase Agreement. Any purchaser, title insurance company or other third party may rely upon a written statement by Successor Servicer on behalf of Purchaser that any particular Mortgage Loan or related mortgaged real property in question is subject to and included under this Limited Power of Attorney or the Mortgage Loan Purchase Agreement.

## ARTICLE II

Any act or thing lawfully done hereunder and in accordance with this Limited Power of Attorney by Purchaser shall be binding on Seller and Seller's successors and assigns.

## ARTICLE III

The rights, power, and authority of the attorney-in-fact granted in this instrument shall commence and be in full force and effect on the date of execution and such rights, powers and authority shall remain in full force and effect until 11:59 p.m., Eastern Standard time, on the date that is one year from such date (the "POA Termination Date"). This Limited Power of Attorney shall be coupled with an interest and shall be irrevocable prior to the POA Termination Date.

Bk 22006 Pg 103

Nothing herein shall be deemed to amend or modify the Mortgage Loan Purchase Agreement or the respective rights, duties or obligations of Seller under the Mortgage Loan Purchase Agreement, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

IN WITNESS WHEREOF, Sellers have caused this instrument to be executed by its officer duly authorized as of the date first written above.

**HOUSEHOLD FINANCE CORPORATION II**

By: _____

Name: John P. Griffin

Title: Vice President – Treasurer
      & Controller


STATE OF ILLINOIS              )
                                    )ss.

COUNTY OF LAKE             )

On this 4th day of June 2013, before me, a notary public in and for the State of Illinois, appeared John P. Griffin, who is known to me to be the Vice President – Treasurer & Controller of the entity listed above, and who signed his name hereto for the purposes stated herein.

[SEAL]

OFFICIAL SEAL
HOLLEY DAHM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/17/2014

NOTARY PUBLIC


STATE OF FLORIDA     )
COUNTY OF HILLSBOROUGH)
    THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL
THIS _____ DAY OF _____ 20___
                PAT FRANK
                CLERK OF CIRCUIT COURT

BY _____ D.C.


706660493 12408116                      S-1                    *Power of Attorney*

EXHIBIT 3

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 18.00
* S R 0 0 0 6 4 9 8 4 7 1 S *
2014000052965 2:04 pm 02/10/14
63 416 P14 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00 0.00

Document drafted by and
RECORDING REQUESTED BY:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK   73134

~~3927068DF1~~

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

**The trusts identified on the attached Schedule A (the "Trusts"), by and through
U.S. Bank Trust National Association,** a national banking association organized and existing
under the laws of the United States and having an office at
60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN  55107, not in its individual capacity but
solely as Trustee ("Trustee"), hereby constitutes and appoints Caliber Home Loans, Inc. (fka
Vericrest Financial, Inc. as of April 8, 2013), ("Servicer"), and in its name, aforesaid Attorney-
In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute
and acknowledge in writing or by facsimile stamp all documents customarily and reasonably
necessary and appropriate for the tasks described in the items (1) through (10) below; provided
however, that the documents described below may only be executed and delivered by such
Attorneys-In-Fact if such documents are required or permitted under the terms of the related
servicing agreements and no power is granted hereunder to take any action that would be adverse
to the interests of U.S. Bank Trust National Association.   This Limited Power of Attorney is
being issued in connection with Servicer's responsibilities to service certain mortgage loans (the
"Loans") held by the Trustee.  These Loans are secured by collateral comprised of Mortgages,
Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the
"Security Instruments") encumbering any and all real and personal property delineated therein
(the "Property") and the Notes secured thereby.  Please refer to **Schedule A** attached hereto.

1.   Demand, sue for, recover, collect and receive each and every sum of money, debt, account
and interest (which now is, or hereafter shall become due and payable) belonging to or
claimed by the Trustee, and to use or take any lawful means for recovery by legal process
or otherwise, including but not limited to the substitution of trustee serving under a Deed of
Trust, the preparation and issuance of statements of breach, notices of default, and/or
notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by
federal, state or local laws) foreclosing on the properties under the Security Instruments by
judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions,
appointments of receiver, suits for waste, fraud and any and all other tort, contractual or
verifications in support thereof, as may be necessary or advisable in any bankruptcy action,
state or federal suit or any other action.

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 4th day of December, 2013.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by U.S. Bank Trust National Association, as Trustee

Witness: Nancy Rose

By: _____
John L. Linseen, Vice President

Witness: Erin Folsom

By: _____
Tanveer Ashraf, Assistant Vice President

Attest: Alex E. Fuentes, Trust Officer

## CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 4th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared John L. Linseen, Tanveer Ashraf and Alex E. Fuentes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Assistant Vice President, and Trust Officer, respectively of U.S. Bank Trust National Association, as Trustee, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
Joseph P. Wagner

JOSEPH P. WAGNER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2016

My commission expires: 01/31/2016

Caliber Home Loans, Inc. POA issued by U.S. Bank Trust National Association, as Trustee                    Page 3

EXHIBIT A

LSF6 BERMUDA INVESTMENTS 2011-1 TRUST
LSF6 BERMUDA MRA TRUST
LSF6 WLI TRUST

LSF6 INVESTMENTS 2011-1 TRUST
LSF6 MRA REO TRUST

LSF7 BERMUDA NPL I TRUST
LSF7 BERMUDA NPL II TRUST
LSF7 BERMUDA NPL III TRUST
LSF7 BERMUDA NPL IV TRUST
LSF7 BERMUDA NPL V TRUST
LSF7 BERMUDA NPL VI TRUST
LSF7 BERMUDA NPL VII TRUST

LSF7 NPL I TRUST
LSF7 NPL II TRUST
LSF7 NPL III TRUST
LSF7 NPL IV TRUST
LSF7 NPL V TRUST
LSF7 NPL VI TRUST
LSF7 NPL VII TRUST

VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2
VOLT PARTICIPATION TRUST 2011-NPL2
VOLT ASSET HOLDINGS NPL3
VOLT ASSET HOLDINGS TRUST XVI
VOLT NPL IX ASSET HOLDINGS TRUST
VOLT RPL XI ASSET HOLDINGS TRUST
VOLT RLF XII TRUST
VOLT XIV ASSET HOLDINGS TRUST
VOLT 2012-RPL1 ASSET HOLDINGS TRUST
VOLT 2012-NPL1 ASSET HOLDINGS TRUST
VOLT 2012 RPL2 ASSET HOLDINGS TRUST
VOLT 2012-NPL2 ASSET HOLDINGS TRUST
VOLT RLP ASSET HOLDINGS TRUST

LSF8 MASTER PARTICIPATION TRUST

THIS IS A TRUE CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: **FEB 1 0 2014**

CERTIFICATION FEE

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT 4



# AFFIDAVIT REGARDING NOTE SECURED
# BY A MORTGAGE TO BE FORECLOSED
## (Pre-Foreclosure Sale)

**Current Record Owner:** Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr.

**Foreclosing Entity:** U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust

**Property Address:** 209 Clark Street, Rochdale, MA 01542   *Leicester*

**Mortgage:** The Mortgage to be foreclosed was given by Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr. to Household Finance Corporation II, dated March 7, 2007, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 40794, at Page 258. Said mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an assignment dated July 31, 2014, and recorded in Book 52637, at Page 353,

The undersigned, ___Melinda Girardeau_____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.  I am [Check One]
    [ ] An officer of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, where I hold the office of _____.
    [X] An officer of Caliber Home Loans, Inc. a duly authorized agent of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:
    [Check One]
    [X] recorded in the Worcester County (Worcester District) Registry of Deeds
        [Check One]
        [X] in Book _52333_, Page _202_
        [ ] herewith

2.  (a) Based upon my review of the business records of:
    **[Check One]**
    [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust
    [X] Caliber Home Loans, Inc., servicer for foreclosing entity.

    In the regular performance of my job functions, I am familiar with business records maintained by Caliber Home Loans, Inc. for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Caliber Home Loans, Inc.'s business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Caliber Home Loans, Inc.
    To the extent records related to the loan come from another entity, those records were received by Caliber Home Loans, Inc. in the ordinary course of its business, have been

incorporated into and maintained as part of the Caliber Home Loans, Inc.'s business records, and have been relied on by Caliber Home Loans, Inc.. It is the regular practice of Caliber Home Loans, Inc. mortgage servicing business to make and maintain these records.

The records reviewed include:
[X] correspondence file;
[ ] collection of notes of conversations with borrowers and their representatives;
[ ] loan history;
[ ] other [please specify] _____.

(b) I certify that based on my review:
**[Check One]**
[X] The requirements of G.L. c. 244 s. 35B **have been** complied with
[ ] G.L. c. 244, s. 35B **is not applicable** to the above mortgage

On this date the Foreclosing Entity is:
**[Check One]**
[X] the **holder/owner of the promissory note** secured by the above mortgage.
[ ] the **authorized agent of the holder/owner of said promissory note**, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this __3rd__ day of __September__, 2015.

Caliber Home Loans, Inc.
Name: _Melinda Girardeau_
Title: _Authorized Signatory_

State of _____

County of _____ _____, 2015

_see attached_

Then personally appeared the above-named _____, proved to me through satisfactory evidence of identification, which was _____, to be the person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _____ of Caliber Home Loans, Inc.

Notary Public
My Commission Expires:

*Comments*

See: *Eaton v. Federal National Mortgage Association,* 462 Mass. 569 (2012.
See: G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, Ch. 194, Sec. l.

# ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

On ___SEP 0 3 2015___ before me, ___Ashlee Lawson, Notary Public___
(insert name and title of the officer)

personally appeared ___Melinda Girardeau_____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA COUNTY OF San Diego
Subscribed and sworn to for affirmed) before me on this
3 day of Sept 20 15 by Melinda Girardeau
proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

_____
(Signature of Notary)



ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT 5



**CALIBER**
**HOME LOANS**

P.O. Box 24610
Oklahoma City, OK  73124-0610

November 24, 2015

LAWRENCE R CLOCKEDILE JR
CHARLENE BYRNES-CLOCKEDIL
209 CLARK ST
ROCHDALE       MA 01542-1213

| Re: | Loan Number: | 9802948845 |
| | Property Address: | 209 CLARK ST |
| | | ROCHDALE       MA 01542-1213 |

Dear LAWRENCE R CLOCKEDILE JR:

We have received your request for the above-referenced loan to be reviewed for a Caliber Home Loans, Inc. loan modification.  As you are aware, your loan has been referred to foreclosure. Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility.

Before December 14, 2015, you can expect:
o    That we may contact you to schedule an internal evaluation of your home as it may be necessary to assess the value of your property to complete the loan modification review. It is imperative that you cooperate with the agent to obtain the valuation of your property to ensure the modification review can be completed before the foreclosure sale date.

o    That we will complete a review of the documents you provide and, if necessary, we will request any additional information needed to complete the loan modification review.   It is imperative that you submit any requested documentation immediately upon request to ensure the loan modification review can be completed before the foreclosure sale date.

Upon receipt of <u>all</u> required information, we will make a decision regarding the eligibility of your loan in the modification process.

If you qualify, we will contact you to go over the proposed terms of the modification. We will also contact you if you do not qualify for a loan modification. If you do not qualify, we will discuss other available alternatives, if any, with you at that time.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

Caliber is committed to helping you retain your home and avoid foreclosure.   We want to make sure that you have all the information you need, and have therefore designated a Single Point of Contact at Caliber to assist you at any time you have questions or need assistance with your payments, loss mitigation options, foreclosure questions, or have any other inquiries. Your Single Point of Contact will also be your contact any time you need to submit documents to Caliber. You can reach the SPOC Department at 800-401-6587, Monday through Friday 8:00 a.m. to 9:00 p.m., Central Time and Friday 8:00 a.m. to 7:00 p.m., Central Time.

Homeowner's Hotline
Homeowners seeking counseling or advice can also call the 24-hour toll free **HOPE NOW** hotline, at **888-995-HOPE (888-995-4673)**. **HOPE NOW** is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure prevention assistance in English and Spanish.

Other resources can be found on the internet. Websites like http://www.KnowYourOptions.com, http://www.makinghomeaffordable.gov and http://www.hud.gov are agency or government sponsored websites available to you.

Thank you,

Caliber Home Loans, Inc.

2:32                                              20141031rev

**THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

**Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.**

**1**

**2**

**3**

**4**

**5**

A true copy by photostatic process
Attest: Karen A Zora
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

LAWRENCE R. CLOCKEDILE, JR. and )
CHARLENE BYRNES-CLOCKEDILE )
Plaintiff )
)
)
v. )
)
U.S BANK TRUST, N.A. AS TRUSTEE FOR )   CIVIL ACTION NO. 1585CV01956C
LSF8 MASTER PARTICIPATION TRUST )
Defendant )
)
CALIBER HOME LOANS, INC. )
Defendant )
)
)
)
)

**FILED**

DEC 2 9 2015

ATTEST: _[signature]_ CLERK

## NOTICE OF APPEARANCE

Please enter the appearance of the undersigned, Thomas J. O'Neill and Andraya B.

Pulaski, of the law firm of Day Pitney LLP, on behalf of Defendants Caliber Home Loans, Inc.

and U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust in connection with the

above-captioned action.

93246667.1

Respectfully submitted,

**CALIBER HOME LOANS, INC.** and
**U.S. BANK TRUST, N.A. AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST**

By their attorneys,

*Thomas J. O'Neill / ABP*

Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901
Tel. (203) 977-7301

*Andraya B. Pulaski*

Andraya B. Pulaski
BBO #688729
apulaski@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel. (860) 275-0100

DATED:      December 28, 2015

## CERTIFICATE OF SERVICE

I, Andraya B. Pulaski, hereby certify that on this 28th day of December 2015, I caused a copy of the foregoing to be served via overnight mail upon:

Douglas J. Rowe, Esq.
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752
*djr@rowelawoffice.com*

Andraya B. Pulaski

A true copy by photostatic process
Attest: *Karen a zona*
Asst. Clerk

| CLERK'S NOTICE | DOCKET NUMBER<br>**1585CV01956** | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Clockedile, Jr., Lawrence R et al vs. U.S. Bank Trust, N.A. Trustee<br>for LSF8 Master Participation Trust | Dennis P. McManus, Clerk of Courts |
|---|---|
| TO:<br>File Copy<br>, | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |

You are hereby notified that on 12/18/2015 the following entry was made on the above referenced docket:

Endorsement on Motion to continue / reschedule an event  (#5.0): ALLOWED
by agreement.

A true copy by photostatic process
Attest:
Asst. Clerk

Date/Time Printed: 12-18-2015 11:17:47

SCV016_X11 08/2014

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division
1585 CV 01956C

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
          Plaintiffs

vs

Joint
Motion to Continue
Hearing
Preliminary Injunction

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
          Defendants

**FILED**

DEC 1 6 2015

ATTEST: *Del Hahn* CLERK

          Now come the Plaintiffs and Defendants in the above entitled matter and request a
continuance of Preliminary Injunction Request from 2 PM, Thursday December 10 to 2 PM
Tuesday January 12, 2016

          Defendants have agreed to postpone foreclosure sale to January 19, 2016, so parties
may discuss settlement.

December 9, 2015

*12/16/15*
*Allowed by agreement.*
*Tison J* *Attest: Alex Rodriguez III*
*Asst. Clerk*

Notices Mailed *12/18/15*

Respectfully submitted,

*Douglas J. Rowe*
Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

*Thomas J O'Neill*
Thomas J. O'Neill BBO 559701
Attorney for U.S. Bank Trust, N.A. and
Caliber Home Loans, Inc.
Day Pitney LLP
One Canterbury Street
Stamford CT 06901-2047
203-977-7557 fax 203-399-5839
tjoneill@daypitney.com

A true copy by photostatic process
Attest *Karen A Zona*
          Asst. Clerk

12/29

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

LAWRENCE R. CLOCKEDILE, JR. and )
CHARLENE BYRNES-CLOCKEDILE )
Plaintiff )
)
v. )
)
U.S BANK TRUST, N.A. AS TRUSTEE FOR )  Civil Action No. ~~15-14~~222
LSF8 MASTER PARTICIPATION TRUST )
Defendant )
)
CALIBER HOME LOANS, INC. )
Defendant )
)
)
)

*15- 1956C*





DEC 2 9 2016

ATTEST: _Del Hulh_ CLERK

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants Caliber Home Loans, Inc. and U.S. Bank

Trust, N.A. as Trustee for LSF8 Master Participation Trust (collectively, "Defendants"), by and

through their counsel, Day Pitney LLP ("Day Pitney"), and pursuant to Chapter 28, Sections

1332, 1441 and 1446 of the United States Code, hereby remove the civil action pending in the

Trial Court of Massachusetts, Superior Court Department, Worcester County, as case number

1585CV01956C (the "State Court Action"), and all claims and causes of action therein, to the

United States District Court, District of Massachusetts. The grounds for removal are as follows:

### Service

1.     On or about December 7, 2015, Plaintiffs Lawrence R. Clockedile, Jr. and

Charlene Byrnes-Clockedile initiated the State Court action by filing a Verified Complaint

("Complaint") and requesting temporary restraining orders to stay the foreclosure of the property located at 209 Clark Street, Leicester, Massachusetts 01542 (the "Property").

2.      Defendants were served with a copy of the Summons and Complaint on or about December 8, 2015 and December 14, 2015.

3.      Day Pitney sent by overnight mail a notice of appearance on behalf of Defendants in the State Court Action on December 28, 2015.

4.      This Notice of Removal was timely filed in this Court on December 28, 2015.

### Pleadings and Notice to State Court

5.      In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon Defendants in the State Court Action are attached to this Notice as Exhibit A.

6.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served upon Plaintiffs and promptly filed with the Clerk of the Trial Court of Massachusetts, Superior Court Department, Worcester County.

7.      Pursuant to Rule 81.1(a) of the Local Rules, within twenty-eight (28) days after filing this Notice of Removal, Defendants will file with this Court certified or attested copies of all records and proceedings in the State Court Action and a certified or attested copy of all docket entries in the State Court Action.

### Timeliness of Removal

8.      Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed, because it was filed within thirty (30) days of Defendants being served in the State Court Action.

9.      No prior removal of this action has been attempted.

### Statement of Grounds for Removal

10.     This action is within the jurisdiction of the United States District Court, District of
Massachusetts pursuant to 28 U.S.C. § 1332, which provides in pertinent part, that "[t]he district
courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds
the sum or value of $75,000, exclusive of interest and costs, and is between "citizens of different
states." *See* 28 U.S.C. § 1332(a)(l).

11.     This action is removable because it is a civil action involving a matter in
controversy exceeding the sum or value of $75,000.00 and the parties are citizens of different
states under 28 U.S.C. § 1332.

### Venue

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this Court
is the "district court of the United States for the district and division embracing" Worcester
County, Massachusetts, the place where the State Court Action is pending.

### The Parties are Citizens of Different States

13.     Plaintiffs represented in their Complaint that they reside at 209 Clark Street,
Leicester, Massachusetts 01542.  (Compl. ¶ 2.)

14.     U.S. Bank Trust, N.A. ("U.S. Bank") is a national association with its principal
place of business at 300 East Delaware Avenue, 8th Floor, Wilmington, Delaware 19809.

15.     Caliber Home Loans, Inc. ("Caliber"), the servicer for U.S. Bank, is a corporation
organized under the laws of the State of Delaware with its headquarters located at 3701 Regent
Boulevard, Suite 200, Irving, Texas 75063.  *See* Exhibit B (a true and correct copy of the
Certificate of Amendment of Amended and Restated Certificate of Incorporation of Vericrest
Financial, Inc.).

15.     Caliber is the successor to Vericrest Financial, Inc. *See* Exhibit B.

**The Amount in Controversy Exceeds the $75,000.00 Jurisdictional Threshold**

16.     The essence of the controversy in the instant matter is the claim made by

Plaintiffs that Defendants are proceeding with a wrongful foreclosure of the mortgage given by

Plaintiffs to Household Finance Corporation II, dated March 7, 2007, and recorded with the

Worcester South District Registry of Deeds in Book 40794, at Page 258 on March 9, 2007 (the

"Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage).  Plaintiffs also allege

various claims, including breach the covenant of good faith and fair dealing, violations of

M.G.L. c. 93A, breach of contract, intentional infliction of emotional distress, and negligence,

and seek money damages. *See* Exhibit A.

17.     The Mortgage was assigned to U.S. Bank by virtue of an assignment dated July

31, 2014 and recorded in the Worcester South District Registry of Deeds in Book 52637, at Page

353, on August 5, 2014. *See* Exhibit D (a true and correct copy of the Assignment of the

Mortgage).

18.     The amount in controversy in this case meets the jurisdictional threshold for three

reasons. First, the original principal amount of the Mortgage is two hundred seventy six

thousand five hundred ninety five dollars and seventy six cents ($276,595.76).  As the First

Circuit has held, the face value of a mortgage in a foreclosure matter is an acceptable measure of

the amount in controversy for purposes of diversity jurisdiction. *See McKenna v. Wells Fargo

Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (holding that "the face-value-of-the-loan, of

course, has the advantage of perfect simplicity . . . and unlike a rule based on the amount already

paid or the balance still due, the face-value-of-the-loan approach cannot be manipulated through

strategic timing of filing"); *Barbosa*, 2013 U.S. Dist. LEXIS 114135, at *12-13 (holding, in part, that the original amount of the mortgage is an indication of the fair market value of the property).

19.     Second, the unpaid principal balance of the Mortgage was two hundred sixty one thousand one hundred eighty dollars and ninety eight cents ($261,180.98) as of November 4, 2015. This Court has held that the amount owed under the loan is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *Morse v. Residential Credit Solutions, Inc.*, 2012 U.S. Dist. LEXIS 17324, at * 2; *see also Garland v. Mortgage Elec. Registration Sys., Inc.*, 2009 WL 1684424, at *1-3 (D. Minn. Jun. 16, 2009) (holding, in part, that in a foreclosure the amount in controversy is the underlying debt of the property).

20.     Finally, the online assessment database for Leicester, Massachusetts values the Property, as of January 1, 2015, at two hundred eleven thousand seven hundred dollars ($211,700.00). *See* Exhibit E (a true and correct copy of the assessment is attached hereto.) Where the plaintiff seeks equitable relief, the amount in controversy is measured by the value of the object at issue. *Issokson v. One West Bank, FSB*, 2013 U.S. Dist. LEXIS 2729, at *5-6 (D. Mass. Jan. 8, 2013). In a foreclosure action, the object of the litigation is the property. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1983) (explaining that because "[t]he whole purpose of this action is to foreclose [defendant] from selling this property," the object of the litigation was the property); *Reye v. Wells Fargo Bank, N.A.*, 2010 WL 262985, at *4 (N.D. Cal. June 29, 2010) (stating that "if the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation"). In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction. *Barbosa v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 114135, at *12-13 (D.

Mass. Aug. 13, 2013) (holding, in part, that the appraisal of the property is an indication of the value of the property).

21.     Thus, because the face value of the Mortgage, the unpaid balance of the Mortgage, and the assessed value of the Property all exceed the $75,000.00 jurisdictional minimum, the amount in controversy requirement is satisfied.

**WHEREFORE,** for the reasons set forth above, Defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, respectfully remove the State Court Action to this Court.

Respectfully submitted,

**CALIBER HOME LOANS, INC.** and
**U.S. BANK TRUST, N.A. AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST**

By their attorney,

_/s/ Thomas J. O'Neill_____
Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901
Tel.   (203) 977-7301

DATED:     December 28, 2015

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on December 28, 2015.

/s/ Thomas J. O'Neill
Thomas J. O'Neill

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

LAWRENCE R. CLOCKEDILE, JR. and )
CHARLENE BYRNES-CLOCKEDILE )
Plaintiff )
)
v. )
)
U.S BANK TRUST, N.A. AS TRUSTEE FOR )
LSF8 MASTER PARTICIPATION TRUST )
Defendant )
)
CALIBER HOME LOANS, INC. )
Defendant )
)
)
)
)
)

CIVIL ACTION NO. 1585CV01956C

## NOTICE OF FILING OF NOTICE OF REMOVAL

In accordance with 28 U.S.C. § 1446(d), Defendants Caliber Home Loans, Inc. and U.S.

Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust (collectively, "Defendants")

provide Notice to this Court that Defendants have filed the attached Notice of Removal with the

Office of the Clerk of the United States District Court, District of Massachusetts.

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile

**DEFENDANTS**
U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust and Caliber Home Loans, Inc.

**(b)** County of Residence of First Listed Plaintiff    Worcester County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    New Castle County, DE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Douglas J. Rowe, Esq.
Rowe Law Office 21 Cotting Avenue, Marlborough, MA 01752
Tel. (508) 485-5555

Attorneys *(If Known)*
Thomas J. O'Neill
Day Pitney LLP One Canterbury Green, Stamford CT 06901
Tel. (203) 977-7301

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product    Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |    Liability   ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel &    Slander     Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'    Liability     Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine   ☐ 368 Asbestos Personal     Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | ☐ 345 Marine Product    Liability     Liability | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract |    Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   ☐ 380 Other Personal    Injury     Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | ☐ 362 Personal Injury -   ☐ 385 Property Damage    Medical Malpractice     Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights   **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☒ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate     Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/    Accommodations   ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities -    Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities -    Other     **Other:**   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Plaintiffs seek a temporary injunction and assert various contract and tort claims in an effort to enjoin foreclosure.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*    JUDGE        DOCKET NUMBER

DATE
12/28/2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Thomas J. O'Neill

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)  Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)  County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)  Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.  Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.)**

**III.  Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.  Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.  Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.  Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.  Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is demanded.

**VIII.  Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **Title of case (name of first party on each side only)** Lawrence R. Clockedile, Jr. v. U.S. Bank Trust, N.A. as Trustee for LSF8
Master Participation Trust

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

[ ]   I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

[ ]   II.   110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*,  850, 870, 871.

[✔]   III.   120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315,  330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555,  625, 690, 751, 791, 861-865,  890, 896, 899, 950.

  **\*Also complete AO 120 or AO 121. for patent, trademark or copyright cases.**

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

  YES [ ]   NO [✔]

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

  YES [ ]   NO [✔]

  **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

  YES [ ]   NO [ ]

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

  YES [ ]   NO [✔]

7. **Do all of the parties  in this action, excluding governmental agencies of the United States and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

  YES [✔]   NO [ ]

  A.   **If yes, in which division do all of the non-governmental parties reside?**

  Eastern Division [ ]   Central Division [✔]   Western Division [ ]

  B.   **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

  Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)**

  YES [✔]   NO [ ]

**(PLEASE TYPE OR PRINT)**

**ATTORNEY'S NAME** Thomas J. O'Neill

**ADDRESS** Day Pitney LLP One Canterbury Green Stamford, CT 06901

**TELEPHONE NO.** (203) 977-7301

(CategoryForm9-2014.wpd )

# EXHIBIT A – PART I

PS SCT 10:40 a.m 12/14/15 St. Paul

# COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS.**

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile

No. 1585CV01956C

Plaintiff (s)

)
)
)
)
)

SUMMONS AND
ORDER OF NOTICE

v.

)
)
)
)

U.S. Bank Trust, N.A. as Trustee for Defendant (s)
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.

RECEIVED BY

DEC 1 4 2015

To the above-named Defendant:  U.S. Bank Trust, N.A.

TRUST LEGAL DEPARTMENT

You are hereby summoned and required to serve upon
.................................... Douglas. J. Rowe .................................................................................
plaintiff's attorney, whose address is ... 21 Cotting Avenue, Marlborough, MA 01752 ..............
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you for the relief demanded in the complaint. You are also required to file your answer to
the complaint in the SUPERIOR COURT at WORCESTER, either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any
other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the
complaint, for a preliminary injunction and that a hearing upon such application will be held at the court
house at said Worcester        in the Room 26, Civil C        session without jury of
our said court on Thursday        the 10th   day of December A.D. 20 15   at 2:00 P.M.
o'clock A.M., at which you may appear and show cause why such application should not be granted.

Witness, Judith Fabricant , Esquire, at Worcester, the 7th   day of December
in the year of our Lord two thousand and Fifteen.

Clerk

NOTES:
1. This summons is issued pursuant to Rules 4 and 65 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division
1585 CV 01956C

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
     Plaintiffs

Verified Complaint with
Request for Temporary
Restraining Order and
Preliminary Injunction
With Jury Trial Request

vs

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
     Defendants

---

<u>Summary:</u>

1.    This is request for a Temporary Restraining Order and Preliminary Injunction, MRCP 65, with Verified Complaint, in an action for breach of contract as well as tortuous acts in violation of state and federal laws regarding consumers. The plaintiffs homeowners, have tried to maintain their mortgage in good standing and have requested to refinance, with Caliber Home Loans, Inc. alleged, agent of U.S. Bank Trust, N.A. as Trustee which is said to be foreclosing on December 14, 2015 in violation of M.G.L. c 93A, and M.G.L. c 244 § 35B.

<u>Parties:</u>

2.    The plaintiffs Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereinafter "Clockedile" husband and wife are consumers who reside in their family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts.

3.    The Defendant U.S. Bank Trust, N.A., hereinafter "U.S.Bank", a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107, is alleged to be Trustee for LSF8 Master Participation Trust

4.    The Defendant Caliber Home Loans, Inc. hereinafter "Caliber", a foreign corporation, organized under the laws of the state of Delaware with a principal office at 3701 Regent Boulevard Suite 200, Irving Texas 75063 is alleged to be the Servicer for U.S. Bank Trust, N.A.

Facts

5.    The Plaintiffs "Clockedile" purchased their family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts, By deed dated April 23, 1990 recorded Worcester South District Registry of Deeds Book 12747, Page 302.

6.    The Plaintiffs "Clockedile" mortaged their home with Household Finance Corporation II dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258.

7.    The Plaintiffs "Clockedile" have experienced some financial setbacks and did file for Bankruptcy protection and received a chapter seven discharge dated July 6, 2012 in U.S. Bankruptcy Court District of Massachusetts No. 12-41211,

8.    The Plaintiffs "Clockedile" have contacted the Defendant "Caliber" concerning refinancing and as recently as a letter dated November 24, 2015 it is still being considered.

9.    The Defendant "Caliber" in a document prepared by it called an  Assignment and dated July 31, 2014, Assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, said Assignment is attached as **Exhibit 1** recorded Worcester South District Registry of Deeds Book 52637 Page 353, which specifically states it relies on "Power of Attorney Dated 06/03/13".

10.    The source of the alleged right to assign is in fact an expired Limited Power of Attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* attached as **Exhibit 2** recorded Worcester South District Registry of Deeds Book 51858 Page 132.

11.    The Defendant "Caliber" claims its right as a servicer to a Limited Power of Attorney recorded in the Official Records of Orange County California, a copy of which is recorded in the Worcester South District Registry of Deeds Book 52333 Page 203 attached as **Exhibit 3**, with no references to documents listed in Exhibit A attached thereto.

12.   The Defendant "U.S.Bank" in the first paragraph of Exhibit 3 above, claims the trusts in Exhibit A attached, name it Trustee, without benefit of corporate seal and attested to by an unknown Trust Officer, and officers of the "U.S.Bank" are attesting to themselves that they can name themselves Trustee.

13.   The Defendant "U.S.Bank" is named as the Foreclosing Entity as Trustee for LSF8 Master Participation Trust by the servicer "Caliber" in an Affidavit dated September 3, 2015, operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2.

14.   The Defendant "Caliber" in the Affidavit referred to in Paragraph 13, still operating on the document based on the expired Limited Power of Attorney Exhibit 2, goes on to state that by review of the [X] correspondence file; the servicer has complied with [X] The requirements of G.L.c.244s35B **have been** complied with. Affidavit attached as **Exhibit 4.**

15   The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in paragraph 1. States the Power of Attorney seen above as Exhibit 3 is a written instrument executed under seal which is clearly false as the instrument itself states "NO CORPORATE SEAL".

16.   The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in paragraph 2(b) makes the conclusory statement that the Foreclosing Entity, ie "U.S.Bank" is [X] the holder/owner of the promissory note secured by the above mortgage, by apparently reviewing, the Defendant "Caliber"  [X] correspondence file; while still operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2.

17.   The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in Paragraph 1 leaves blank the [ ] officer of U.S.Bank and in Paragraph 2(a) under review of business records leaves blank [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, and still concludes while still operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2, that  "U.S.Bank" is [X] the holder/owner of the promissory note.

18.   The Defendant "Caliber" in response to requests to refinance as stated in Paragraph 8 above as of this date have not contacted the Plaintiffs "Clockedile" as stated in Paragraph two of letter dated November 24, 2015 attached as **Exhibit 5.**

19.   U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust  has not filed a Trustee Certificate under M.G.L. c 184 § 35.

20.   The LSF8 Master Participation Trust itself is not referred to as being on record in the Commonwealth of Massachusetts, as required under M.G.L. c 184 § 25.

**Count I** - Request for Temporary Restraining Order

21.   The Plaintiffs, Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereby request this Honorable Court to Temporarily Enjoin the Defendant, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust its agents or assigns from foreclosing on the mortgage dated dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258 held by assignment dated July 31, 2014 recorded Worcester South District Registry of Deeds Book 52637 Page 353

**Count II** - Request for Preliminary Injunction

22.   The Plaintiffs, Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereby request this Honorable Court to Temporarily Enjoin the Defendant, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust its agents or assigns from foreclosing on the mortgage dated dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258 held by assignment dated July 31, 2014 recorded Worcester South District Registry of Deeds Book 52637 Page 353

**Count III** -   Accounting

23.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein

24.   That there has been some confusion in the account of the Plaintiffs with the Defendants and a full and complete accounting is required.

WHEREFORE: The plaintiffs demand judgment for a complete accounting.

**Count IV** - Breach of Covenant of Good Faith and Fair Dealings

25.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

26.   The Defendant "U.S.Bank",  by its negligence and the continued refusal to act or deal in good faith to resolve issues have caused the plaintiff great anguish and harm

27.   The Plaintiffs can expect that a Nationwide Home Loan Lender should have procedures in place for the benefit of the mortgagor and the mortgagee.

WHEREFORE: The plaintiffs demand judgment for the consequential damages caused by the Breach of Covenant of Good Faith by the Defendant U.S. Bank Trust, N.A. in an amount determined by the Court and further under M.G.L. c 93A that said amount be Treble in damages if not the minimum of double as the actions are deliberate by a Nationwide Lender that should know better, plus costs and attorneys fees.

**Count V - Breach of Covenant of Good Faith and Fair Dealings**

28.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

29.    The Defendant "Caliber" , by its negligence and the continued refusal to act or deal in good faith to resolve issues have caused the plaintiff great anguish and harm

30.    The Plaintiffs can expect that a Nationwide Home Loan Servicer should have procedures in place for the benefit of the mortgagor and the mortgagee.

WHEREFORE: The plaintiffs demand judgment for the consequential damages caused by the Breach of Covenant of Good Faith by the Defendant Caliber Home Loans, Inc in an amount determined by the Court and further under M.G.L. c 93A that said amount be Treble in damages if not the minimum of double as the actions are deliberate by a Nationwide Servicer that should know better, plus costs and attorneys fees.

**Count VI - Violation of Law M.G.L. c 93A**

31.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

32.    The Creditor U.S. Bank Trust, N.A., and its assigns by its agent did knowingly or negligently record false documents and it fail to take reasonable steps and make good faith effort to avoid foreclosure

WHEREFORE: the defendant  U.S. Bank Trust, N.A., and its agents and assigns as a matter of law are in violation of c 93A and all compensatory damages herein should be double or treble.

**Count VII - Violation of Law M.G.L. c 93A**

33.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

34.    The Servicer Caliber Home Loans, Inc  by its agent did knowingly or negligently record false documents and it fail to take reasonable steps and make good faith effort to avoid foreclosure

WHEREFORE: the defendant  Caliber Home Loans, Inc , and its agents and assigns as a

matter of law are in violation of c 93A and all compensatory damages herein should be double or treble.

### Count VIII - Intentional Infliction of Emotional Distress

35.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

36.   The Defendant U.S. Bank Trust, N.A., and its agent by their negligence and failur to follow statutorily required procedures have caused great emotional distress to the plaintiffs.

WHEREFORE: the defendant U.S. Bank Trust, N.A., and its assigns by their misfeasance and malfeasance as a matter of law are in violation of c 93A and are liable for compensatory damages as a result of their actions.

### Count IX - Intentional Infliction of Emotional Distress

37.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

38.   The Defendant Caliber Home Loans, Inc , and its agent by their negligence and failur to follow statutorily required procedures have caused great emotional distress to the plaintiffs.

WHEREFORE: the defendant Caliber Home Loans, Inc , by its misfeasance and malfeasance as a matter of law is in violation of c 93A and is liable for compensatory damages as a result of its actions.

### Count IX - Negligence

39.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

40.   The Defendants owed a duty of care to the Plaintiffs to properly and legally record properly and legally prepared documents.

41.   The Defendants owed a duty to follow all statutorily required actions and filings to before falsely proceeding to foreclose.

WHEREFORE: the defendant Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. jointly and severally for the forgoing reasons are liable for damages in an amount to be determined by the fact finder and for interest, costs and attorneys fees and for such other relief as this Honorable Court may deem just and proper

**Count X - Breach of Contract**

42.   The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

43.   The terms and conditions of the security agreement and mortgage require the Lender and its assigns to be governed by the laws of the Commonwealth of Massachusetts.

44.   The Defendants Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. have not recorded documents or followed other laws or regulations under Massachusetts Law.

WHEREFORE: the defendant Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. jointly and severally for the forgoing reasons are liable for damages in an amount to be determined by the fact finder and for interest, costs and attorneys fees and for such other relief as this Honorable Court may deem just and proper

**Request for a Jury Trial**

Plaintiffs  Lawrence R. Clockedile, Jr.  and Charlene Byrnes-Clockedile, hereby requests a Jury Trial on all issues so triable.

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 5, 2015

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr.
and Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

# EXHIBIT   1

Bk: 52637 Pg: 353

Recording Requested By:
T.D. SERVICE COMPANY

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868

2014 00071919
Bk: 52637 Pg: 353
Page: 1 of 1  06/05/2014 08:59 AM  WD

Customer#: 673/2
Service#: 4010720AS1
Loan#: 9802948945

_____ Space above for Recorder's use _____

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME
LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby assigns and transfer
to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, C/O
CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, all its
right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of
MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated
MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, in Book No. 40794,
at Page No. 258.
Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE,
HUSBAND AND WIFE, T/B (Original Mortgagor).
Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II.  Property Address: 209 CLARK ST,
ROCHDALE, MA 01542-0000.

Date: __JUL 31 2014__
HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC, AS ATTORNEY IN
FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At
Page No. 131.

By: _____
     Sarah Kennedy, Assistant Secretary

State of      __CALIFORNIA__              }
County of    __ORANGE__                   } ss.

On __JUL 31 2014__ before me, Julian Yanez, a Notary Public, personally appeared  Sarah Kennedy ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): Julian Yanez

JULIAN YANEZ
Commission # 2014005
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

# EXHIBIT  2

INSTRUMENT#: 2013265872; BK: 22006 PG: 101 PGS: 101 - 104 07/11/2013 at
02:33:21 PM, DEPUTY CLERK:LPERTUIS Pat Frank,Clerk of the Circuit Court
Hillsborough County

LIMITED POWER OF ATTORNEY
TO SUCCESSOR SERVICER

Dated as of June 3, 2013

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, pursuant to the terms of the Mortgage Loan Purchase Agreement, by and
among VOLT Holdings, LLC (the "Purchaser"), HSBC Finance Corporation, a Delaware
corporation, solely in its capacity as Seller Representative, and the Persons listed on Schedule
1.01(a) thereto, made and entered into as of June 3, 2013 (the "Mortgage Loan Purchase
Agreement"), Household Finance Corporation II (the "Seller"), as one of the Sellers under the
Mortgage Loan Purchase Agreement, sold, and the Purchaser purchased, certain mortgage loans
(the "Mortgage Loans");

WHEREAS, pursuant to the terms of the Interim Servicing Agreement, made and entered
into as of June 3, 2013, by and among the Purchaser, the Interim Servicers, HSBC Finance
Corporation, in its capacity as Interim Servicer Representative, HSBC Bank USA, National
Association (the "Bank") and Caliber Home Loans, Inc. (currently operating as Vericrest
Financial, Inc.) (the "Successor Servicer");

WHEREAS, Seller is providing this Limited Power of Attorney to Successor Servicer on
behalf of Purchaser pursuant to the Mortgage Loan Purchase Agreement;

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants
contained herein and in the Mortgage Loan Purchase Agreement and for good and valuable
consideration the receipt and adequacy of which is hereby acknowledged, Seller does hereby
make, constitute and appoint Successor Servicer on behalf of Purchaser, as Seller's true and
lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and
stead: (i) to procure, prepare, complete, execute and record any mortgage, deed of trust or
similar security instrument (collectively, the "Mortgage") and any assignment of Mortgage or
reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to
ensure that record title to the Mortgage Loan vests in the Purchaser, and (c) for any other transfer
of record title which is required with respect to the Mortgage Loans or the underlying security
interest related to each Mortgage Loan; (ii) to ensure that each promissory note related to each
Mortgage Loan has been properly endorsed to the proper person or entity; (iii) to prepare,
complete, execute, acknowledge, seal and deliver any and all instruments of satisfaction or
cancellation, or of full or partial release or discharge and all other comparable instruments with
respect to the Mortgage Loans; (iv) to cure any other defects associated with any other
document or instrument with respect to a Mortgage Loan; and (v) to endorse checks and other
payment instruments that are payable to the order of Seller and that have been received by the
Purchaser or the Successor Servicer from mortgagors or any insurer in respect of insurance
proceeds related to any Mortgage Loan.

766660493 12408116

~~Bk 22006 Pg 102~~

This Limited Power of Attorney may be utilized fully to all intents and purposes as Seller might or could do if personally present, hereby ratifying and confirming all that Purchaser as said attorney in fact shall lawfully do or cause to be done by virtue hereof.

## ARTICLE I

The enumeration of particular powers herein is not intended in any way to limit the grant to Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact of full power and authority with respect to the Mortgage Loans to complete (to the extent necessary), file and record any documents, instruments or other writings referred to above as fully, to all intents and purposes, as Seller might or could do if personally present, hereby ratifying and confirming whatsoever such attorney-in-fact shall and may do by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact to do any act or execute any document on behalf of Seller not specifically described herein. Seller agrees and represents to those dealing with such attorney-in-fact that they may rely upon this Limited Power of Attorney until termination thereof under the provisions of Article III below.  Any and all third parties dealing with Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact may rely completely, unconditionally and conclusively on the authority of Successor Servicer on behalf of Purchaser, and need not make any inquiry about whether Successor Servicer on behalf of Purchaser is acting pursuant to the Mortgage Loan Purchase Agreement. Any purchaser, title insurance company or other third party may rely upon a written statement by Successor Servicer on behalf of Purchaser that any particular Mortgage Loan or related mortgaged real property in question is subject to and included under this Limited Power of Attorney or the Mortgage Loan Purchase Agreement.

## ARTICLE II

Any act or thing lawfully done hereunder and in accordance with this Limited Power of Attorney by Purchaser shall be binding on Seller and Seller's successors and assigns.

## ARTICLE III

The rights, power, and authority of the attorney-in-fact granted in this instrument shall commence and be in full force and effect on the date of execution and such rights, powers and authority shall remain in full force and effect until 11:59 p.m., Eastern Standard time, on the date that is one year from such date (the "POA Termination Date"). This Limited Power of Attorney shall be coupled with an interest and shall be irrevocable prior to the POA Termination Date.

706660493 12408116                           2

Bk 22006 Pg 103

Nothing herein shall be deemed to amend or modify the Mortgage Loan Purchase Agreement or the respective rights, duties or obligations of Seller under the Mortgage Loan Purchase Agreement, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

706660493 12408116

3

Bk 22006 Pg 104

BK: 51668 Pg: 135

IN WITNESS WHEREOF, Sellers have caused this instrument to be executed by its officer duly authorized as of the date first written above.

**HOUSEHOLD FINANCE CORPORATION II**

By: _____

Name:  John P. Griffin

Title:  Vice President – Treasurer
&  Controller

STATE OF ILLINOIS            )
                                     )ss.

COUNTY OF LAKE            )

On this __4th__ day of June 2013, before me, a notary public in and for the State of Illinois, appeared John P. Griffin, who is known to me to be the Vice President – Treasurer & Controller of the entity listed above, and who signed his name hereto for the purposes stated herein.

[SEAL]       

OFFICIAL SEAL
HOLLEY DAHM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/17/2014

_____

NOTARY PUBLIC

STATE OF FLORIDA   )
COUNTY OF HILLSBOROUGH)
    THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL
THIS ___ DAY OF _____ 20__
              PAT FRANK
              CLERK OF CIRCUIT COURT
    BY _____ D.C.

# EXHIBIT   3

Bk: 62333 Pg: 203

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

██████████████████████ 18.00
*SR0006498471*
2014000052965 2:04 pm 02/10/14
63 416 P14 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Document drafted by and
RECORDING REQUESTED BY:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK  73134

~~3927068DT1~~

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

The trusts identified on the attached **Schedule A** (the **"Trusts"**), by and through **U.S. Bank Trust National Association**, a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN  55107, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints Caliber Home Loans, Inc. (fka Vericrest Financial, Inc. as of April 8, 2013), ("Servicer"), and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (10) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of U.S. Bank Trust National Association.   This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") held by the Trustee.  These Loans are secured by collateral comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security Instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby. **Please refer to Schedule A attached hereto.**

1.   Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

Bk: 52333 Pg: 205

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 4th day of December, 2013.

NO CORPORATE SEAL

On Behalf of the Trusts, by U.S. Bank Trust National Association, as Trustee

Witness: Nancy Rose

By: _____
John L. Linseen, Vice President

Witness: Erin Folsom

By: _____
Tanveer Ashraf, Assistant Vice President

Attest: Alex E. Fuentes, Trust Officer

## CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 4th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared John L. Linseen, Tanveer Ashraf and Alex E. Fuentes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Assistant Vice President, and Trust Officer, respectively of U.S. Bank Trust National Association, as Trustee, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
Joseph P. Wagner

JOSEPH P. WAGNER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2016

My commission expires: 01/31/2016

Bk: 52333 Pg: 206

EXHIBIT A

LSF6 BERMUDA INVESTMENTS 2011-1 TRUST          LSF6 INVESTMENTS 2011-1 TRUST
LSF6 BERMUDA MRA TRUST                         LSF6 MRA REO TRUST
LSF6 WLI TRUST


LSF7 BERMUDA NPL I TRUST                       LSF7 NPL I TRUST
LSF7 BERMUDA NPL II TRUST                           LSF7 NPL II TRUST
LSF7 BERMUDA NPL III TRUST                     LSF7 NPL III TRUST
LSF7 BERMUDA NPL IV TRUST                      LSF7 NPL IV TRUST
LSF7 BERMUDA NPL V TRUST                       LSF7 NPL V TRUST
LSF7 BERMUDA NPL VI TRUST                      LSF7 NPL VI TRUST
LSF7 BERMUDA NPL VII TRUST                     LSF7 NPL VII TRUST


VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2
VOLT PARTICIPATION TRUST 2011-NPL2
VOLT ASSET HOLDINGS NPL3
VOLT ASSET HOLDINGS TRUST XVI
VOLT NPL IX ASSET HOLDINGS TRUST
VOLT RPL XI ASSET HOLDINGS TRUST
VOLT RLF XII TRUST
VOLT XIV ASSET HOLDINGS TRUST
VOLT 2012-RPL1 ASSET HOLDINGS TRUST
VOLT 2012-NPL1 ASSET HOLDINGS TRUST
VOLT 2012 RPL2 ASSET HOLDINGS TRUST
VOLT 2012-NPL2 ASSET HOLDINGS TRUST
VOLT RLP ASSET HOLDINGS TRUST

LSF8 MASTER PARTICIPATION TRUST

Bk: 52333 Pg: 207

THIS IS A TRUE CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: FEB 1 0 2014

CERTIFICATION FEE $5

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT  4

Bk: 54367 Pg: 203



Bk: 54367 Pg: 203
Page: 1 of 3 09/30/2015 11:11 AM WD

## AFFIDAVIT REGARDING NOTE SECURED
## BY A MORTGAGE TO BE FORECLOSED
### (Pre-Foreclosure Sale)

**Current Record Owner:** Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr.

**Foreclosing Entity:** U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust

**Property Address:** 209 Clark Street, Rochdale, MA 01542    *Leicester

**Mortgage:** The Mortgage to be foreclosed was given by Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr. to Household Finance Corporation II, dated March 7, 2007, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 40794, at Page 258. Said mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an assignment dated July 31, 2014, and recorded in Book 52637, at Page 353,

The undersigned, Melinda Girardeau _____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.    I am [Check One]
    [ ] An officer of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, where I hold the office of _____.
    [X] An officer of Caliber Home Loans, Inc. a duly authorized agent of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:
    [Check One]
    [X] recorded in the Worcester County (Worcester District) Registry of Deeds
        [Check One]
        [X] in Book 52333 , Page 202
        [ ] herewith

2.    (a) Based upon my review of the business records of:
    **[Check One]**
    [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust
    [X] Caliber Home Loans, Inc., servicer for foreclosing entity.

In the regular performance of my job functions, I am familiar with business records maintained by Caliber Home Loans, Inc. for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Caliber Home Loans, Inc.'s business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Caliber Home Loans, Inc.
To the extent records related to the loan come from another entity, those records were received by Caliber Home Loans, Inc. in the ordinary course of its business, have been

Bk: 54367 Pg: 204

incorporated into and maintained as part of the Caliber Home Loans, Inc.'s business records, and have been relied on by Caliber Home Loans, Inc.. It is the regular practice of Caliber Home Loans, Inc. mortgage servicing business to make and maintain these records.

The records reviewed include:
    [X] correspondence file;
    [ ] collection of notes of conversations with borrowers and their representatives;
    [ ] loan history;
    [ ] other [please specify] _____.

(b) I certify that based on my review:
**[Check One]**
[X] The requirements of G.L. c. 244 s. 35B have been complied with
[ ] G.L. c. 244, s. 35B is not applicable to the above mortgage

On this date the Foreclosing Entity is:
**[Check One]**
[X] the holder/owner of the promissory note secured by the above mortgage.
[ ] the authorized agent of the holder/owner of said promissory note, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this    3rd    day of September, 2015.

               Caliber Home Loans, Inc.
               Name: _____ Melinda Girardeau
State of _____     Title: ___Authorized Signatory___

County of _____         _____, 2015

              *see attached*

    Then personally appeared the above-named _____, proved to me through satisfactory evidence of identification, which was _____, to be the

person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _____ of Caliber Home Loans, Inc.

               _____
               Notary Public
               My Commission Expires:

               *Comments*

See: *Eaton v. Federal National Mortgage Association,* 462 Mass. 569 (2012.
See: G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, Ch. 194, Sec. l.

# ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

On ___ SEP 0 3 2015 ___ before me, ___ Ashlee Lawson, Notary Public ___
(insert name and title of the officer)

personally appeared ___ Melinda Girardeau ___,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

> ASHLEE LAWSON
> Commission # 1993906
> Notary Public - California
> San Diego County
> My Comm. Expires Oct 13, 2016



A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA  COUNTY OF San Diego
Subscribed and sworn to (or affirmed) before me on this
3 day of Sept 20 15 by Melinda Girardeau
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Signature of Notary)

> ASHLEE LAWSON
> Commission # 1993906
> Notary Public - California
> San Diego County
> My Comm. Expires Oct 13, 2016

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT 5

 **CALIBER**
**HOME LOANS**

P.O. Box 24610
Oklahoma City, OK 73124-0610

November 24, 2015

LAWRENCE R CLOCKEDILE JR
CHARLENE BYRNES-CLOCKEDIL
209 CLARK ST
ROCHDALE          MA 01542-1213

Re:    Loan Number:          9802948845
       Property Address:     209 CLARK ST
                             ROCHDALE          MA 01542-1213

Dear LAWRENCE R CLOCKEDILE JR:

We have received your request for the above-referenced loan to be reviewed for a Caliber Home Loans, Inc. loan modification. As you are aware, your loan has been referred to foreclosure. Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility.

Before December 14, 2015, you can expect:

o   That we may contact you to schedule an internal evaluation of your home as it may be necessary to assess the value of your property to complete the loan modification review. It is imperative that you cooperate with the agent to obtain the valuation of your property to ensure the modification review can be completed before the foreclosure sale date.

o   That we will complete a review of the documents you provide and, if necessary, we will request any additional information needed to complete the loan modification review.   It is imperative that you submit any requested documentation immediately upon request to ensure the loan modification review can be completed before the foreclosure sale date.

Upon receipt of <u>all</u> required information, we will make a decision regarding the eligibility of your loan in the modification process.

If you qualify, we will contact you to go over the proposed terms of the modification. We will also contact you if you do not qualify for a loan modification. If you do not qualify, we will discuss other available alternatives, if any, with you at that time.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

Caliber is committed to helping you retain your home and avoid foreclosure.  We want to make sure that you have all the information you need, and have therefore designated a Single Point of Contact at Caliber to assist you at any time you have questions or need assistance with your payments, loss mitigation options, foreclosure questions, or have any other inquiries. Your Single Point of Contact will also be your contact any time you need to submit documents to Caliber. You can reach the SPOC Department at 800-401-6587, Monday through Friday 8:00 a.m. to 9:00 p.m., Central Time and Friday 8:00 a.m. to 7:00 p.m., Central Time.

Homeowner's Hotline
Homeowners seeking counseling or advice can also call the 24-hour toll free HOPE NOW hotline, at 888-995-HOPE (888-995-4673). HOPE NOW is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure prevention assistance in English and Spanish.

Other resources can be found on the Internet. Websites like http://www.KnowYourOptions.com, http://www.makinghomeaffordable.gov and http://www.hud.gov are agency or government sponsored websites available to you.

Thank you,

Caliber Home Loans, Inc.

2:32                                    20141031rev

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
        Plaintiffs

15 - 1956

vs

Verified
Motion for Temporary
Restraining Order and or
Preliminary Injunction

**FILED**

DEC 07 2015

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
        Defendants

ATTEST: _____ ss.
                     CLERK

      Now come the Plaintiffs and state they have filed a verified complaint this seventh day of
December 2015 and are requesting a Temporary Restraining Order, because of notice of an
imminent Public Auction of their family home.

      The Plaintiffs have received published notice of a Public Auction  scheduled for
December 14, 2015 at 2:00 PM.

      A foreclosure would cause irreparable harm to the plaintiff who have an equity
investment and improvements to their home and have tried to refinance and payoff the current
mortgage, and they are likely to prevail relative to the defective assignment executed by Caliber
Home Loans, Inc. and the unfair and deceptive practices alleged in the suit, and the defendants
will not be harmed by the delay as it continues to hold its secured position on property.

      The terms and conditions of the security agreement dated March 7, 2007 require the
Lender and its assigns to be governed by the laws of the Commonwealth of Massachusetts.

      The Plaintiffs attach hereto and incorporate herein a memorandum of facts and law in
support hereof.

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 5, 2015

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division
1585 CV 01956C

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
Plaintiffs

vs

Memorandum in support of
Motion for Temporary
Restraining Order

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
Defendants

Facts

1. The Defendants seeks to foreclose on the Plaintiffs' family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts.

2. The Plaintiff has received published notice of a Public Auction scheduled for December 14, 2015 at 2:00 PM.

3. The Certification Notice Pursuant to 209 CMR 18.21A(2)(c) refers to Rochdale which is an unincorporated village and not the legal address in the Town of Leicester.

3. A foreclosure would cause irreparable harm to the plaintiffs who are trying to refinance and payoff the current mortgage, once an agreed payoff is determined.

4. The Plaintiffs seeks to challenge the standing of the Defendant U.S. Bank Trust, N.A. as a Trustee in Massachusetts and its right to foreclose.

5. The Plaintiff seeks to challenge the standing of the agent of the Defendant, Caliber Home Loans, Inc. As servicer of Household Finance Corporation II, the original Mortgagee.

6.   Caliber Home Loans, Inc., in a self serving Assignment prepared by it and dated July 31, 2014, Assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, said Assignment attached as **Exhibit 1** recorded Worcester South District Registry of Deeds Book 52637 Page 353.

7.   Caliber Home Loans, Inc. in Exhibit 1 relies on a Limited Power of Attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* attached as **Exhibit 2** recorded Worcester South District Registry of Deeds Book 51858 Page 132.

8.   U.S. Bank Trust, N.A., asserts by a Limited Power of Attorney that it is the Trustee of numerous trusts and in particular LSF8 Master Participation Trust and that it has the right to accept new loans into said LSF8 Master Participation Trust and that it has the right under the LSF8 Master Participation Trust to appoint a servicer of the Household Finance Corporation II mortgage, attached as **Exhibit 3** recorded Worcester South District Registry of Deeds Book 52333 Page 202.

9.   The Defendant Caliber Home Loans, Inc has caused to be filed an Affidavit regarding a note secured by a mortgage to be foreclosed, which affidavit relies on the assignment of mortgage Exhibit 1, above in which it appointed U.S. Bank Trust, N.A. Trustee after it's Power of Attorney Exhibit 2 above had expired. Said Affidavit is attached as **Exhibit 4** recorded Worcester South District Registry of Deeds Book 54367 Page 203

10.  The Plaintiffs have made a good faith request for loan modification, which has been acknowledged by Defendant Caliber Home Loans, inc. by letter dated November 24, 2015 which states in part, "Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility." attached as **Exhibit 5.**

11.  The Plaintiff's as of this date have not been contacted as provided in paragraph two of **Exhibit 5.**

The Law

12.  *U.S. Bank N.A., trustee v Ibanez* 458 Mass. 637 (2011) where plaintiff failed to make the required showing that it was the holder of the mortgage at the time of the Notice of foreclosure.[In the instant case the assignment is defective]

13.    M.G.L. c 203 § 1      Trusts in realty; necessity of writing

No trust concerning land, except as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney.

14.    M.G.L. c 184 § 25     Indefinite references; effect; application

No indefinite reference in a recorded instrument shall subject any person not an immediate party thereto to any interest in real estate, legal or equitable,...(3) a description of a person as trustee or an indication that a person is acting as trustee, unless the instrument containing the description or indication either sets forth the terms of the trust or specifies a recorded instrument which sets forth its terms and the place in the public records where such instrument is recorded, and (4) any other reference to any interest in real estate, unless the instrument by which the interest is created and the place in the public records where such instrument is recorded. No instrument shall be deemed recorded in due course unless so recorded in the registry of deeds for the county or district in which the real estate effected lies as to be indexed in the grantor index under the name of the owner of record of the real estate affected at the time of the recording...

15.    M.G.L. c 184 § 35 Trustee's certificate; requirements; effect

Notwithstanding section 25 to the contrary, a certificate sworn to or stated to be executed under the penalties of perjury, and in either case signed by a person who from the records of the registry of deeds or of the registry district of the land court, for the county or district in which real estate owned by a nontestamentary trust lies, appears to be a trustee thereunder and which certifies as to: (a) the identity of the trustees or the beneficiaries thereunder; (b) the authority of the trustees to act with respect to real estate owned by the trust; or ( c ) the existence or nonexistence of a fact which constitutes a condition precedent to acts by the trustees or which are in any other manner germane to affairs of the trust, shall be binding on all trustees and the trust estate in favor of a purchaser or other person relying in good faith on the certificate. The certificate most recently recorded in the registry of deeds for the county or district in which the real estate lies shall control.

16.    M.G.L. c 244 § 35B Requirements of reasonable steps and good faith effort to avoid foreclosure; criteria; notice of right to pursue modified mortgage; recording affidavit of compliance
(b) A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure. A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (I ) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including but not limited to, investors.

Discussion

17.   The Defendant U.S. Bank Trust, N.A. holds itself out to be a Trustee in Massachusetts without benefit of any Trust or certificate being recorded in Massachusetts from which to derive its authority to act as a Trustee in Massachusetts, or to define what powers it has as a Trustee in Massachusetts. The trust alleged, LSF8 Master Participation Trust, does not appear to be recorded in Massachusetts.

18.   The Defendant Caliber Home Loans, Inc. was given a power of attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* which by the terms recited expired either June 3rd or 4th of 2014. After the expiration of the power of attorney, Caliber Home Loans, Inc., in a self serving Assignment prepared by it and dated July 31, 2014, assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, to U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, with the Defendant Caliber Home Loans, Inc alleging itself to be the servicer.

19.   The Defendant Caliber Home Loans, Inc. further drafted another limited power of attorney dated 12/4/2013 for U.S. Bank Trust National Association in which it named itself servicer based on the unrecorded LSF8 Master Participation Trust.

20.   The Defendant Caliber Home Loans, Inc. has caused to be recorded an affidavit it states to be in compliance with M.G.L. c 244 § 35B and in Paragraph 1 states the foreclosing entity is U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, which can not be true as the Assignment from itself is based on the expired power of attorney from Household Finance Corporation II.

21.   The Defendant Caliber Home Loans, Inc. affidavit goes on to say in Paragraph 2 that as servicer it reviewed its correspondence file and concluded by such examination that it was in compliance, whereas apparently the correspondence file did not contain any reference to M.G.L. c 244 § 35B Requirements of reasonable steps and good faith effort to avoid foreclosure, and boxes relative to notes or conversation, loan history or other information were either non existent or not deemed relevant.

22.   The Plaintiffs believe they have stated facts in their verified Motion and verified Complaint that clearly indicate the Plaintiffs will prevail on the issue that the Assignment of the Plaintiffs Mortgage was based on an expired power of attorney and is void ab initio.

23.     The Plaintiffs state and believe they will prevail on the Defendants failure to comply with M.G.L. c 244 § 35B as they did contact the Defendants relative to refinancing and as can be seen from Exhibit 4 the Defendants have jumped the gun on the notice to foreclose without taking reasonable steps and good faith effort to avoid foreclosure.

24.     The Plaintiffs state and believe they will prevail on the fact that Defendant U.S. Bank Trust, N.A. has no standing as a Trustee in Massachusetts.

Wherefore

        Plaintiffs request under MRCP 65 that a Temporary Restraining Order be granted and or order of Notice issue for a Hearing on a Preliminary Injunction with sufficient time to enjoin the foreclosure set for December 14, 2015 at 2:00 PM. As described in Count I or Count II of the Complaint.

December 5, 2015

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

# EXHIBIT   1

Bk: 52637 Pg: 353

Recording Requested By:
T.D. SERVICE COMPANY

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868

Bk: 52637 Pg: 353
Page: 1 of 1 08/05/2014 08:58 AM WD

Customer#: 673/1
Service#: 4010720AS1
Loan#: 9802948845

————————————— Space above for Recorder's use —————————————

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME
LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2560, hereby assign and transfer
to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O
CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2560, all its
right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of
MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated
MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, in Book No. 40794,
at Page No. 258.
Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE,
HUSBAND AND WIFE, T/B (Original Mortgagor).
Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II.  Property Address: 209 CLARK ST,
ROCHDALE, MA 01542-0000.

Date: __JUL 31 2014__
HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN
FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At
Page No. 131.

By: _____
      Sarah Kennedy, Assistant Secretary

State of     CALIFORNIA                )
County of    ORANGE                     } ss.

On __JUL 31 2014__ before me, Julian Yanez, a Notary Public, personally appeared  Sarah Kennedy ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): Julian Yanez

JULIAN YANEZ
Commission # 2014009
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT   2

BK: 01858 PG: 132
INSTRUMENT#: 2013265872, BK: 22006 PG: 101 PGS: 101 - 104 07/11/2013 at
02:33:21 PM, DEPUTY CLERK:LPERTUIS Pat Frank,Clerk of the Circuit Court
Hillsborough County

## LIMITED POWER OF ATTORNEY
## TO SUCCESSOR SERVICER

### Dated as of June 3, 2013

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, pursuant to the terms of the Mortgage Loan Purchase Agreement, by and among VOLT Holdings, LLC (the "Purchaser"), HSBC Finance Corporation, a Delaware corporation, solely in its capacity as Seller Representative, and the Persons listed on Schedule 1.01(a) thereto, made and entered into as of June 3, 2013 (the "Mortgage Loan Purchase Agreement"), Household Finance Corporation II (the "Seller"), as one of the Sellers under the Mortgage Loan Purchase Agreement, sold, and the Purchaser purchased, certain mortgage loans (the "Mortgage Loans");

WHEREAS, pursuant to the terms of the Interim Servicing Agreement, made and entered into as of June 3, 2013, by and among the Purchaser, the Interim Servicers, HSBC Finance Corporation, in its capacity as Interim Servicer Representative, HSBC Bank USA, National Association (the "Bank") and Caliber Home Loans, Inc. (currently operating as Vericrest Financial, Inc.) (the "Successor Servicer");

WHEREAS, Seller is providing this Limited Power of Attorney to Successor Servicer on behalf of Purchaser pursuant to the Mortgage Loan Purchase Agreement;

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants contained herein and in the Mortgage Loan Purchase Agreement and for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, Seller does hereby make, constitute and appoint Successor Servicer on behalf of Purchaser, as Seller's true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and stead: (i) to procure, prepare, complete, execute and record any mortgage, deed of trust or similar security instrument (collectively, the "Mortgage") and any assignment of Mortgage or reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to ensure that record title to the Mortgage Loan vests in the Purchaser, and (c) for any other transfer of record title which is required with respect to the Mortgage Loans or the underlying security interest related to each Mortgage Loan; (ii) to ensure that each promissory note related to each Mortgage Loan has been properly endorsed to the proper person or entity; (iii) to prepare, complete, execute, acknowledge, seal and deliver any and all instruments of satisfaction or cancellation, or of full or partial release or discharge and all other comparable instruments with respect to the Mortgage Loans; (iv) to cure any other defects associated with any other document or instrument with respect to a Mortgage Loan; and (v) to endorse checks and other payment instruments that are payable to the order of Seller and that have been received by the Purchaser or the Successor Servicer from mortgagors or any insurer in respect of insurance proceeds related to any Mortgage Loan.

Bk: 51858 Pg: 133

This Limited Power of Attorney may be utilized fully to all intents and purposes as Seller might or could do if personally present, hereby ratifying and confirming all that Purchaser as said attorney in fact shall lawfully do or cause to be done by virtue hereof.

## ARTICLE I

The enumeration of particular powers herein is not intended in any way to limit the grant to Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact of full power and authority with respect to the Mortgage Loans to complete (to the extent necessary), file and record any documents, instruments or other writings referred to above as fully, to all intents and purposes, as Seller might or could do if personally present, hereby ratifying and confirming whatsoever such attorney-in-fact shall and may do by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact to do any act or execute any document on behalf of Seller not specifically described herein. Seller agrees and represents to those dealing with such attorney-in-fact that they may rely upon this Limited Power of Attorney until termination thereof under the provisions of Article III below. Any and all third parties dealing with Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact may rely completely, unconditionally and conclusively on the authority of Successor Servicer on behalf of Purchaser, as applicable, and need not make any inquiry about whether Successor Servicer on behalf of Purchaser is acting pursuant to the Mortgage Loan Purchase Agreement. Any purchaser, title insurance company or other third party may rely upon a written statement by Successor Servicer on behalf of Purchaser that any particular Mortgage Loan or related mortgaged real property in question is subject to and included under this Limited Power of Attorney or the Mortgage Loan Purchase Agreement.

## ARTICLE II

Any act or thing lawfully done hereunder and in accordance with this Limited Power of Attorney by Purchaser shall be binding on Seller and Seller's successors and assigns.

## ARTICLE III

The rights, power, and authority of the attorney-in-fact granted in this instrument shall commence and be in full force and effect on the date of execution and such rights, powers and authority shall remain in full force and effect until 11:59 p.m., Eastern Standard time, on the date that is one year from such date (the "POA Termination Date"). This Limited Power of Attorney shall be coupled with an interest and shall be irrevocable prior to the POA Termination Date.

2

Bk 22006 Pg 103

Nothing herein shall be deemed to amend or modify the Mortgage Loan Purchase Agreement or the respective rights, duties or obligations of Seller under the Mortgage Loan Purchase Agreement, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

706660493 12408116

3

Bk 22006 Pg 104

IN WITNESS WHEREOF, Sellers have caused this instrument to be executed by its officer duly authorized as of the date first written above.

HOUSEHOLD FINANCE CORPORATION II

By: _____
Name: John P. Griffin
Title:    Vice President – Treasurer
          & Controller

STATE OF ILLINOIS               )
                                )ss.
COUNTY OF LAKE                  )

On this 4th day of June 2013, before me, a notary public in and for the State of Illinois, appeared John P. Griffin, who is known to me to be the Vice President – Treasurer & Controller of the entity listed above, and who signed his name hereto for the purposes stated herein.

[SEAL]          OFFICIAL SEAL
                HOLLEY DAHM
          NOTARY PUBLIC, STATE OF ILLINOIS
          MY COMMISSION EXPIRES 04/17/2014

                              _____
                              NOTARY PUBLIC

STATE OF FLORIDA          )
COUNTY OF HILLSBOROUGH)
     THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL
THIS ____ DAY OF _____ 20___
                    PAT FRANK
              CLERK OF CIRCUIT COURT
          BY _____ D.C.

706660493 12408116                    S-1                    Power of Attorney

# EXHIBIT  3

Bk: 52333 Pg: 203

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||| 18.00
* $ R 0 0 0 6 4 9 8 4 7 1 3 *
2014000052965 2:04 pm 02/10/14
63 416 P14 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Document drafted by and
RECORDING REQUESTED BY:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK   73134

~~3927068DT1~~

                              SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

**The trusts identified on the attached Schedule A (the "Trusts"), by and through
U.S. Bank Trust National Association,** a national banking association organized and existing
under the laws of the United States and having an office at
60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN  55107, not in its individual capacity but
solely as Trustee ("Trustee"), hereby constitutes and appoints Caliber Home Loans, Inc. (fka
Vericrest Financial, Inc. as of April 8, 2013), ("Servicer"), and in its name, aforesaid Attorney-
In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute
and acknowledge in writing or by facsimile stamp all documents customarily and reasonably
necessary and appropriate for the tasks described in the items (1) through (10) below; provided
however, that the documents described below may only be executed and delivered by such
Attorneys-In-Fact if such documents are required or permitted under the terms of the related
servicing agreements and no power is granted hereunder to take any action that would be adverse
to the interests of U.S. Bank Trust National Association.  This Limited Power of Attorney is
being issued in connection with Servicer's responsibilities to service certain mortgage loans (the
"Loans") held by the Trustee.  These Loans are secured by collateral comprised of Mortgages,
Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the
"Security Instruments") encumbering any and all real and personal property delineated therein
(the "Property") and the Notes secured thereby.  Please refer to **Schedule A** attached hereto.

1. Demand, sue for, recover, collect and receive each and every sum of money, debt, account
   and interest (which now is, or hereafter shall become due and payable) belonging to or
   claimed by the Trustee, and to use or take any lawful means for recovery by legal process
   or otherwise, including but not limited to the substitution of trustee serving under a Deed of
   Trust, the preparation and issuance of statements of breach, notices of default, and/or
   notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by
   federal, state or local laws) foreclosing on the properties under the Security Instruments by
   judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions,
   appointments of receiver, suits for waste, fraud and any and all other tort, contractual or
   verifications in support thereof, as may be necessary or advisable in any bankruptcy action,
   state or federal suit or any other action.

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 4th day of December, 2013.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by U.S. Bank Trust National Association, as Trustee

_Nancy Rose_
Witness: Nancy Rose

By: _____
John L. Linseen, Vice President

_Erin Folsom_
Witness: Erin Folsom

By: _____
Tanveer Ashraf, Assistant Vice President

Attest: Alex E. Fuentes, Trust Officer

### CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 4th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared John L. Linseen, Tanveer Ashraf and Alex E. Fuentes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Assistant Vice President, and Trust Officer, respectively of U.S. Bank Trust National Association, as Trustee, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
Joseph P. Wagner

JOSEPH P. WAGNER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2016

My commission expires: 01/31/2016

Bk: 52333 Pg: 206

EXHIBIT A

LSF6 BERMUDA INVESTMENTS 2011-1 TRUST      LSF6 INVESTMENTS 2011-1 TRUST
LSF6 BERMUDA MRA TRUST      LSF6 MRA REO TRUST
LSF6 WLI TRUST


LSF7 BERMUDA NPL I TRUST      LSF7 NPL I TRUST
LSF7 BERMUDA NPL II TRUST      LSF7 NPL II TRUST
LSF7 BERMUDA NPL III TRUST      LSF7 NPL III TRUST
LSF7 BERMUDA NPL IV TRUST      LSF7 NPL IV TRUST
LSF7 BERMUDA NPL V TRUST      LSF7 NPL V TRUST
LSF7 BERMUDA NPL VI TRUST      LSF7 NPL VI TRUST
LSF7 BERMUDA NPL VII TRUST      LSF7 NPL VII TRUST


VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2
VOLT PARTICIPATION TRUST 2011-NPL2
VOLT ASSET HOLDINGS NPL3
VOLT ASSET HOLDINGS TRUST XVI
VOLT NPL IX ASSET HOLDINGS TRUST
VOLT RPL XI ASSET HOLDINGS TRUST
VOLT RLF XII TRUST
VOLT XIV ASSET HOLDINGS TRUST
VOLT 2012-RPL1 ASSET HOLDINGS TRUST
VOLT 2012-NPL1 ASSET HOLDINGS TRUST
VOLT 2012 RPL2 ASSET HOLDINGS TRUST
VOLT 2012-NPL2 ASSET HOLDINGS TRUST
VOLT RLP ASSET HOLDINGS TRUST

LSF8 MASTER PARTICIPATION TRUST

Bk: **52333** Pg: **207**

THIS IS A TRUE CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: **FEB 1 0 2014**

CERTIFICATION FEE

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT   4

Bk: 54367 Pg: 203



Bk: 54367 Pg: 203
Page: 1 of 3  09/30/2015 11:11 AM  WD

## AFFIDAVIT REGARDING NOTE SECURED
## BY A MORTGAGE TO BE FORECLOSED
### (Pre-Foreclosure Sale)

**Current Record Owner:** Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr.

**Foreclosing Entity:** U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust

**Property Address:** 209 Clark Street, Rochdale, MA 01542    *Leicester

**Mortgage:** The Mortgage to be foreclosed was given by Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr. to Household Finance Corporation II, dated March 7, 2007, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 40794, at Page 258. Said mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an assignment dated July 31, 2014, and recorded in Book 52637, at Page 353,

The undersigned, ___Melinda Girardeau_____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.    I am [Check One]
    [ ] An officer of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, where I hold the office of _____.
    [X] An officer of Caliber Home Loans, Inc. a duly authorized agent of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:
    [Check One]
    [X] recorded in the Worcester County (Worcester District) Registry of Deeds
        [Check One]
        [X] in Book 52333 , Page 202
        [ ] herewith

2.   (a) Based upon my review of the business records of:
    **[Check One]**
    [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust
    [X] Caliber Home Loans, Inc., servicer for foreclosing entity.

    In the regular performance of my job functions, I am familiar with business records maintained by Caliber Home Loans, Inc. for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Caliber Home Loans, Inc.'s business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Caliber Home Loans, Inc.
    To the extent records related to the loan come from another entity, those records were received by Caliber Home Loans, Inc. in the ordinary course of its business, have been

Bk: 54367 Pg: 204

incorporated into and maintained as part of the Caliber Home Loans, Inc.'s business records, and have been relied on by Caliber Home Loans, Inc.. It is the regular practice of Caliber Home Loans, Inc. mortgage servicing business to make and maintain these records.

The records reviewed include:

[X] correspondence file;
[ ] collection of notes of conversations with borrowers and their representatives;
[ ] loan history;
[ ] other [please specify] _____.

(b) I certify that based on my review:

**[Check One]**
[X] The requirements of G.L. c. 244 s. 35B **have been** complied with
[ ] G.L. c. 244, s. 35B **is not applicable** to the above mortgage

On this date the Foreclosing Entity is:

**[Check One]**
[X] the **holder/owner of the promissory note** secured by the above mortgage.
[ ] the **authorized agent of the holder/owner of said promissory note**, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this __3rd__ day of __September__, 2015.

Caliber Home Loans, Inc.
Name: _____ Melinda Girardeau
Title: ___Authorized Signatory___

State of _____

County of _____ _____, 2015

        Then personally appeared the above-named _____, proved to me through satisfactory evidence of identification, which was _____, to be the

person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _____ of Caliber Home Loans, Inc.

_____
Notary Public
My Commission Expires:

*Comments*

See: *Eaton v. Federal National Mortgage Association,462 Mass. 569 (2012.*
See: G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, Ch. 194, Sec. 1.

Bk: 54367 Pg: 206

# ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

On    SEP 0 3 2015        before me,    Ashlee Lawson, Notary Public
                                         (insert name and title of the officer)
personally appeared _____ Melinda Girardeau _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____        (Seal)

> ASHLEE LAWSON
> Commission # 1993908
> Notary Public - California
> San Diego County
> My Comm. Expires Oct 13, 2016

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA  COUNTY OF San Diego
Subscribed and sworn to (or affirmed) before me on this
3 day of Sept 20 15 by Malinda Girardeau
proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

(Signature of notary)



> ASHLEE LAWSON
> Commission # 1993908
> Notary Public - California
> San Diego County
> My Comm. Expires Oct 13, 2016

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT   5



**CALIBER HOME LOANS**

P.O. Box 24610
Oklahoma City, OK 73124-0610

November 24, 2016

LAWRENCE R CLOCKEDILE JR
CHARLENE BYRNES-CLOCKEDIL
209 CLARK ST
ROCHDALE        MA 01542-1213

Re:    Loan Number:        9802948845
       Property Address:   209 CLARK ST
                           ROCHDALE      MA 01542-1213

Dear LAWRENCE R CLOCKEDILE JR:

We have received your request for the above-referenced loan to be reviewed for a Caliber Home Loans, Inc. loan modification.  As you are aware, your loan has been referred to foreclosure. Before the foreclosure sale, scheduled for December 14, 2016, we will review your documentation and evaluate your eligibility.

Before December 14, 2015, you can expect:
- o   That we may contact you to schedule an internal evaluation of your home as it may be necessary to assess the value of your property to complete the loan modification review. It is imperative that you cooperate with the agent to obtain the valuation of your property to ensure the modification review can be completed before the foreclosure sale date.

- o   That we will complete a review of the documents you provide and, if necessary, we will request any additional information needed to complete the loan modification review.  It is imperative that you submit any requested documentation immediately upon request to ensure the loan modification review can be completed before the foreclosure sale date.

Upon receipt of all required information, we will make a decision regarding the eligibility of your loan in the modification process.

If you qualify, we will contact you to go over the proposed terms of the modification. We will also contact you if you do not qualify for a loan modification. If you do not qualify, we will discuss other available alternatives, if any, with you at that time.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

Caliber is committed to helping you retain your home and avoid foreclosure.  We want to make sure that you have all the information you need, and have therefore designated a Single Point of Contact at Caliber to assist you at any time you have questions or need assistance with your payments, loss mitigation options, foreclosure questions, or have any other inquiries. Your Single Point of Contact will also be your contact any time you need to submit documents to Caliber. You can reach the SPOC Department at 800-401-6587, Monday through Friday 8:00 a.m. to 9:00 p.m., Central Time and Friday 8:00 a.m. to 7:00 p.m., Central Time.

Homeowner's Hotline
Homeowners seeking counseling or advice can also call the 24-hour toll free HOPE NOW hotline, at 888-995-HOPE (888-995-4673). HOPE NOW is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure prevention assistance in English and Spanish.

Other resources can be found on the Internet. Websites like http://www.KnowYourOptions.com, http://www.makinghomeaffordable.gov and http://www.hud.gov are agency or government sponsored websites available to you.

Thank you,

Caliber Home Loans, Inc.

2:32                                    20141031rev

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): Lawrence R. Clockedile, Jr.

ADDRESS: Charlene Byrnes-Clockedile

209 Clark Street

Rochdale, MA 01542

ATTORNEY: Douglas J. Rowe

ADDRESS: Rowe Law Office

21 Cotting Avenue

Marlborough, MA 01752

BBO: 431720

COUNTY: Worcester

DEFENDANT(S): U.S. Bank Trust N.A.

and Caliber Home Loans, Inc.

ADDRESS:

60 Livingston Ave., EP-MN-WS3D

St. Paul, MN 55107

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D03 | Injunction | F | [X] YES ☐ NO |

*If "Other" please describe:

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................................ $ _____
2. Total doctor expenses ........................................................... $ _____
3. Total chiropractic expenses .................................................. $ _____
4. Total physical therapy expenses ........................................... $ _____
5. Total other expenses (describe below) ................................ $ _____
Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................ $ _____
C. Documented property damages to dated ............................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ............................ $ _____
E. Reasonably anticipated lost wages ...................................................................... $ _____
F. Other documented items of damages (describe below) ........................................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

M.G.L. c 93A Defendants failure to follow statutory requirements

TOTAL (A-F):$ 10,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

Defendants were negligent in following contracturally required procedures, under Massachusetts law

TOTAL: $ 25,000.00

Signature of Attorney/Pro Se Plaintiff: X _Dou J. Rowe_ Date: 12/7/15

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _Dou J. Rowe_ Date: 12/7/15

# EXHIBIT A – PART II

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile

Plaintiff (s)

v.

U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust and Caliber Home Loans, Inc.

Defendant (s)

**SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION**

No. 1585CV01956C

**SUMMONS AND
ORDER OF NOTICE**

To the above-named Defendant:   Caliber Home Loans, Inc.

You are hereby summoned and required to serve upon ...Douglas J. Rowe............................................................................................................................................
plaintiff's attorney, whose address is ...21 Cotting Avenue, Marlborough, MA 01752...................
an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT at WORCESTER, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Worcester      in the Room 26, Civil C     session without jury of our said court on Thursday      the 10th      day of December  A.D. 20 15  at 2:00 P.M. o'clock A.M., at which you may appear and show cause why such application should not be granted.

Witness, **Judith Fabricant** ,Esquire, at Worcester, the    7th      day of December in the year of our Lord two thousand and  Fifteen.

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 and 65 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division
1585 CV 01956C

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
      Plaintiffs

Verified Complaint with
Request for Temporary
Restraining Order and
Preliminary Injunction
With Jury Trial Request

vs

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
      Defendants

---

Summary:

1.    This is request for a Temporary Restraining Order and Preliminary Injunction, MRCP 65, with Verified Complaint, in an action for breach of contract as well as tortuous acts in violation of state and federal laws regarding consumers. The plaintiffs homeowners, have tried to maintain their mortgage in good standing and have requested to refinance, with Caliber Home Loans, Inc. alleged, agent of U.S. Bank Trust, N.A. as Trustee which is said to be foreclosing on December 14, 2015 in violation of M.G.L. c 93A, and M.G.L. c 244 § 35B.

Parties:

2.    The plaintiffs Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereinafter "Clockedile" husband and wife are consumers who reside in their family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts.

3.    The Defendant U.S. Bank Trust, N.A., hereinafter "U.S.Bank", a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN 55107, is alleged to be Trustee for LSF8 Master Participation Trust

4.    The Defendant Caliber Home Loans, Inc. hereinafter "Caliber", a foreign corporation, organized under the laws of the state of Delaware with a principal office at 3701 Regent Boulevard Suite 200, Irving Texas 75063 is alleged to be the Servicer for U.S. Bank Trust, N.A.

Facts

5.    The Plaintiffs "Clockedile" purchased their family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts, By deed dated April 23, 1990 recorded Worcester South District Registry of Deeds Book 12747, Page 302.

6.    The Plaintiffs "Clockedile" mortaged their home with Household Finance Corporation II dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258.

7.    The Plaintiffs "Clockedile" have experienced some financial setbacks and did file for Bankruptcy protection and received a chapter seven discharge dated July 6, 2012 in U.S. Bankruptcy Court District of Massachusetts No. 12-41211.

8.    The Plaintiffs "Clockedile" have contacted the Defendant "Caliber" concerning refinancing and as recently as a letter dated November 24, 2015 it is still being considered.

9.    The Defendant "Caliber" in a document prepared by it called an Assignment and dated July 31, 2014, Assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, said Assignment is attached as **Exhibit 1** recorded Worcester South District Registry of Deeds Book 52637 Page 353, which specifically states it relies on "Power of Attorney Dated 06/03/13".

10.   The source of the alleged right to assign is in fact an expired Limited Power of Attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* attached as **Exhibit 2** recorded Worcester South District Registry of Deeds Book 51858 Page 132.

11.   The Defendant "Caliber" claims its right as a servicer to a Limited Power of Attorney recorded in the Official Records of Orange County California, a copy of which is recorded in the Worcester South District Registry of Deeds Book 52333 Page 203 attached as **Exhibit 3,** with no references to documents listed in Exhibit A attached thereto.

12.  The Defendant "U.S.Bank" in the first paragraph of Exhibit 3 above, claims the trusts in Exhibit A attached, name it Trustee, without benefit of corporate seal and attested to by an unknown Trust Officer, and officers of the "U.S.Bank" are attesting to themselves that they can name themselves Trustee.

13.  The Defendant "U.S.Bank" is named as the Foreclosing Entity as Trustee for LSF8 Master Participation Trust by the servicer "Caliber" in an Affidavit dated September 3, 2015, operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2.

14.  The Defendant "Caliber" in the Affidavit referred to in Paragraph 13, still operating on the document based on the expired Limited Power of Attorney Exhibit 2, goes on to state that by review of the [X] correspondence file; the servicer has complied with [X] The requirements of G.L.c.244s35B **have been** complied with. Affidavit attached as **Exhibit 4.**

15   The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in paragraph 1. States the Power of Attorney seen above as Exhibit 3 is a written instrument executed under seal which is clearly false as the instrument itself states "NO CORPORATE SEAL".

16.  The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in paragraph 2(b) makes the conclusory statement that the Foreclosing Entity, ie "U.S.Bank" is [X] the holder/owner of the promissory note secured by the above mortgage, by apparently reviewing, the Defendant "Caliber" [X] correspondence file; while still operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2.

17.  The Defendant "Caliber" in the Affidavit referred to in Paragraph 13 in Paragraph 1 leaves blank the [ ] officer of U.S.Bank and in Paragraph 2(a) under review of business records leaves blank [ ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, and still concludes while still operating on the permission given by the document based on the expired Limited Power of Attorney Exhibit 2, that "U.S.Bank" is [X] the holder/owner of the promissory note.

18.  The Defendant "Caliber" in response to requests to refinance as stated in Paragraph 8 above as of this date have not contacted the Plaintiffs "Clockedile" as stated in Paragraph two of letter dated November 24, 2015 attached as **Exhibit 5.**

19.  U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust has not filed a Trustee Certificate under M.G.L. c 184 § 35.

20.    The LSF8 Master Participation Trust itself is not referred to as being on record in the Commonwealth of Massachusetts, as required under M.G.L. c 184 § 25.

**Count I - Request for Temporary Restraining Order**

21.    The Plaintiffs, Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereby request this Honorable Court to Temporarily Enjoin the Defendant, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust its agents or assigns from foreclosing on the mortgage dated dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258 held by assignment dated July 31, 2014 recorded Worcester South District Registry of Deeds Book 52637 Page 353

**Count II - Request for Preliminary Injunction**

22.    The Plaintiffs, Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile, hereby request this Honorable Court to Temporarily Enjoin the Defendant, U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust its agents or assigns from foreclosing on the mortgage dated dated March 7, 2007 and recorded Worcester South District Registry of Deeds Book 40794, Page 258 held by assignment dated July 31, 2014 recorded Worcester South District Registry of Deeds Book 52637 Page 353

**Count III -   Accounting**

23.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein

24.    That there has been some confusion in the account of the Plaintiffs with the Defendants and a full and complete accounting is required.


WHEREFORE: The plaintiffs demand judgment for a complete accounting.


**Count IV - Breach of Covenant of Good Faith and Fair Dealings**

25.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

26.    The Defendant "U.S.Bank", by its negligence and the continued refusal to act or deal in good faith to resolve issues have caused the plaintiff great anguish and harm

27.    The Plaintiffs can expect that a Nationwide Home Loan Lender should have procedures in place for the benefit of the mortgagor and the mortgagee.

WHEREFORE: The plaintiffs demand judgment for the consequential damages caused by the Breach of Covenant of Good Faith by the Defendant U.S. Bank Trust, N.A. in an amount determined by the Court and further under M.G.L. c 93A that said amount be Treble in damages if not the minimum of double as the actions are deliberate by a Nationwide Lender that should know better, plus costs and attorneys fees.

**Count V** - Breach of Covenant of Good Faith and Fair Dealings

28.     The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

29.     The Defendant "Caliber" , by its negligence and the continued refusal to act or deal in good faith to resolve issues have caused the plaintiff great anguish and harm

30.     The Plaintiffs can expect that a Nationwide Home Loan Servicer should have procedures in place for the benefit of the mortgagor and the mortgagee.

WHEREFORE: The plaintiffs demand judgment for the consequential damages caused by the Breach of Covenant of Good Faith by the Defendant Caliber Home Loans, Inc in an amount determined by the Court and further under M.G.L. c 93A that said amount be Treble in damages if not the minimum of double as the actions are deliberate by a Nationwide Servicer that should know better, plus costs and attorneys fees.

**Count VI** - Violation of Law M.G.L. c 93A

31.     The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

32.     The Creditor U.S. Bank Trust, N.A., and its assigns by its agent did knowingly or negligently record false documents and it fail to take reasonable steps and make good faith effort to avoid foreclosure

WHEREFORE: the defendant  U.S. Bank Trust, N.A., and its agents and assigns as a matter of law are in violation of c 93A and all compensatory damages herein should be double or treble.

**Count VII** - Violation of Law M.G.L. c 93A

33.     The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

34.     The Servicer Caliber Home Loans, Inc  by its agent did knowingly or negligently record false documents and it fail to take reasonable steps and make good faith effort to avoid foreclosure

WHEREFORE: the defendant  Caliber Home Loans, Inc , and its agents and assigns as a

matter of law are in violation of c 93A and all compensatory damages herein should be double or treble.

**Count VIII** - Intentional Infliction of Emotional Distress

35. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

36. The Defendant U.S. Bank Trust, N.A., and its agent by their negligence and failur to follow statutorily required procedures have caused great emotional distress to the plaintiffs.

WHEREFORE: the defendant U.S. Bank Trust, N.A., and its assigns by their misfeasance and malfeasance as a matter of law are in violation of c 93A and are liable for compensatory damages as a result of their actions.

**Count IX** - Intentional Infliction of Emotional Distress

37. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

38. The Defendant Caliber Home Loans, Inc , and its agent by their negligence and failur to follow statutorily required procedures have caused great emotional distress to the plaintiffs.

WHEREFORE: the defendant Caliber Home Loans, Inc , by its misfeasance and malfeasance as a matter of law is in violation of c 93A and is liable for compensatory damages as a result of its actions.

**Count IX** - Negligence

39. The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

40. The Defendants owed a duty of care to the Plaintiffs to properly and legally record properly and legally prepared documents.

41. The Defendants owed a duty to follow all statutorily required actions and filings to before falsely proceeding to foreclose.

WHEREFORE: the defendant Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. jointly and severally for the forgoing reasons are liable for damages in an amount to be determined by the fact finder and for interest, costs and attorneys fees and for such other relief as this Honorable Court may deem just and proper

**Count X** - Breach of Contract

42.    The Plaintiffs re-allege Paragraphs 1 to 20 as if repeated herein.

43.    The terms and conditions of the security agreement and mortgage require the Lender and its assigns to be governed by the laws of the Commonwealth of Massachusetts.

44.    The Defendants Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. have not recorded documents or followed other laws or regulations under Massachusetts Law.

WHEREFORE: the defendant Caliber Home Loans, Inc , and U.S. Bank Trust, N.A. jointly and severally for the forgoing reasons are liable for damages in an amount to be determined by the fact finder and for interest, costs and attorneys fees and for such other relief as this Honorable Court may deem just and proper

**Request for a Jury Trial**

Plaintiffs  Lawrence R. Clockedile, Jr.  and Charlene Byrnes-Clockedile, hereby requests a Jury Trial on all issues so triable.

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 5, 2015

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr.
and Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

EXHIBIT   1

Bk: 52637 Pg: 353

Recording Requested By:
T.D. SERVICE COMPANY

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868

Bk: 52637 Pg: 353
Page: 1 of 1 08/05/2014 08:58 AM  WD

Customer#: 673/2
Service#: 4010720AS1
Loan#: 9802948845

———————————— Space above for Recorder's use ————————————

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134-2550, hereby assign and transfer to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK  73134-2550, all its right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, In Book No. 40794, at Page No. 258.

Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE, HUSBAND AND WIFE, T/B (Original Mortgagor).

Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II.  Property Address: 209 CLARK ST, ROCHDALE, MA 91542-0000.

Date: __JUL 31 2014__
HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At Page No. 131.

By: _____
     Sarah Kennedy, Assistant Secretary

State of    __CALIFORNIA__          }
County of   __ORANGE__              } ss.

On __JUL 31 2014__, before me, Julian Yanez, a Notary Public, personally appeared  Sarah Kennedy, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____
(Notary Name): Julian Yanez

JULIAN YANEZ
Commission # 2014006
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT   2

INSTRUMENT#: 2013265872, BK: 22006 PG: 101 PGS: 101 - 104 07/11/2013 at 02:33:21 PM, DEPUTY CLERK:LPERTUIS Pat Frank,Clerk of the Circuit Court Hillsborough County

LIMITED POWER OF ATTORNEY
TO SUCCESSOR SERVICER

Dated as of June 3, 2013

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, pursuant to the terms of the Mortgage Loan Purchase Agreement, by and among VOLT Holdings, LLC (the "Purchaser"), HSBC Finance Corporation, a Delaware corporation, solely in its capacity as Seller Representative, and the Persons listed on Schedule 1.01(a) thereto, made and entered into as of June 3, 2013 (the "Mortgage Loan Purchase Agreement"), Household Finance Corporation II (the "Seller"), as one of the Sellers under the Mortgage Loan Purchase Agreement, sold, and the Purchaser purchased, certain mortgage loans (the "Mortgage Loans");

WHEREAS, pursuant to the terms of the Interim Servicing Agreement, made and entered into as of June 3, 2013, by and among the Purchaser, the Interim Servicers, HSBC Finance Corporation, in its capacity as Interim Servicer Representative, HSBC Bank USA, National Association (the "Bank") and Caliber Home Loans, Inc. (currently operating as Vericrest Financial, Inc.) (the "Successor Servicer");

WHEREAS, Seller is providing this Limited Power of Attorney to Successor Servicer on behalf of Purchaser pursuant to the Mortgage Loan Purchase Agreement;

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants contained herein and in the Mortgage Loan Purchase Agreement and for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, Seller does hereby make, constitute and appoint Successor Servicer on behalf of Purchaser, as Seller's true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and stead: (i) to procure, prepare, complete, execute and record any mortgage, deed of trust or similar security instrument (collectively, the "Mortgage") and any assignment of Mortgage or reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to ensure that record title to the Mortgage Loan vests in the Purchaser, and (c) for any other transfer of record title which is required with respect to the Mortgage Loans or the underlying security interest related to each Mortgage Loan; (ii) to ensure that each promissory note related to each Mortgage Loan has been properly endorsed to the proper person or entity; (iii) to prepare, complete, execute, acknowledge, seal and deliver any and all instruments of satisfaction or cancellation, or of full or partial release or discharge and all other comparable instruments with respect to the Mortgage Loans;  (iv) to cure any other defects associated with any other document or instrument with respect to a Mortgage Loan; and (v) to endorse checks and other payment instruments that are payable to the order of Seller and that have been received by the Purchaser or the Successor Servicer from mortgagors or any insurer in respect of insurance proceeds related to any Mortgage Loan.

Bk 22006 Pg 102

Bk: 51858 Pg: 133

This Limited Power of Attorney may be utilized fully to all intents and purposes as Seller might or could do if personally present, hereby ratifying and confirming all that Purchaser as said attorney in fact shall lawfully do or cause to be done by virtue hereof.

## ARTICLE I

The enumeration of particular powers herein is not intended in any way to limit the grant to Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact of full power and authority with respect to the Mortgage Loans to complete (to the extent necessary), file and record any documents, instruments or other writings referred to above as fully, to all intents and purposes, as Seller might or could do if personally present, hereby ratifying and confirming whatsoever such attorney-in-fact shall and may do by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact to do any act or execute any document on behalf of Seller not specifically described herein. Seller agrees and represents to those dealing with such attorney-in-fact that they may rely upon this Limited Power of Attorney until termination thereof under the provisions of Article III below.  Any and all third parties dealing with Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact may rely completely, unconditionally and conclusively on the authority of Successor Servicer on behalf of Purchaser, as applicable, and need not make any inquiry about whether Successor Servicer on behalf of Purchaser is acting pursuant to the Mortgage Loan Purchase Agreement. Any purchaser, title insurance company or other third party may rely upon a written statement by Successor Servicer on behalf of Purchaser that any particular Mortgage Loan or related mortgaged real property in question is subject to and included under this Limited Power of Attorney or the Mortgage Loan Purchase Agreement.

## ARTICLE II

Any act or thing lawfully done hereunder and in accordance with this Limited Power of Attorney by Purchaser shall be binding on Seller and Seller's successors and assigns.

## ARTICLE III

The rights, power, and authority of the attorney-in-fact granted in this instrument shall commence and be in full force and effect on the date of execution and such rights, powers and authority shall remain in full force and effect until 11:59 p.m., Eastern Standard time, on the date that is one year from such date (the "POA Termination Date").  This Limited Power of Attorney shall be coupled with an interest and shall be irrevocable prior to the POA Termination Date.

706660493 12408116

2

Bk 22006 Pg 103                                   Bk: 51858 Pg: 134

Nothing herein shall be deemed to amend or modify the Mortgage Loan Purchase Agreement or the respective rights, duties or obligations of Seller under the Mortgage Loan Purchase Agreement, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

706660493 12408116                              3

Bk 32006 Pg 104

BK: 51858 Pg: 158

IN WITNESS WHEREOF, Sellers have caused this instrument to be executed by its officer duly authorized as of the date first written above.

**HOUSEHOLD FINANCE CORPORATION II**

By: _____
Name: John P. Griffin
Title:  Vice President – Treasurer
         & Controller

STATE OF ILLINOIS       )
                       )ss.
COUNTY OF LAKE      )

On this 4th day of June 2013, before me, a notary public in and for the State of Illinois, appeared John P. Griffin, who is known to me to be the Vice President – Treasurer & Controller of the entity listed above, and who signed his name hereto for the purposes stated herein.

[SEAL]

OFFICIAL SEAL
HOLLEY DAHM
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 04/17/2014

_____
NOTARY PUBLIC

STATE OF FLORIDA )
COUNTY OF HILLSBOROUGH)
THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT COPY OF THE DOCUMENT ON FILE IN MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL THIS ___ DAY OF _____ 20__
PAT FRANK
CLERK OF CIRCUIT COURT

BY _____ D.C.

706660493 12408116

S-1

*Power of Attorney*

EXHIBIT   3

Bk: 52333 Pg: 203

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

18.00

* S R 0 0 0 6 4 9 8 4 7 1 3 *
2014000052965 2:04 pm 02/10/14
63 418 P14 F13   4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Document drafted by and
RECORDING REQUESTED BY:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK  73134

~~3927068DT1~~

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

The trusts identified on the attached Schedule A (the "Trusts"), by and through **U.S. Bank Trust National Association**, a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN  55107, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints Caliber Home Loans, Inc. (fka Vericrest Financial, Inc. as of April 8, 2013), ("Servicer"), and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (10) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of U.S. Bank Trust National Association. This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") held by the Trustee. These Loans are secured by collateral comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby. Please refer to Schedule A attached hereto.

1.  Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2. Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3. Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4. Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5. Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6. Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7. Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8. Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9. Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 4th day of December, 2013.

**NO CORPORATE SEAL**

On Behalf of the Trusts, by U.S. Bank Trust National Association, as Trustee

Witness: Nancy Rose

By: _____
    John L. Linseen, Vice President

Witness: Erin Folsom

By: _____
    Tanveer Ashraf, Assistant Vice President

Attest: Alex E. Fuentes, Trust Officer

## CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 4th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared John L. Linseen, Tanveer Ashraf and Alex E. Fuentes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Assistant Vice President, and Trust Officer, respectively of U.S. Bank Trust National Association, as Trustee, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
           Joseph P. Wagner

JOSEPH P. WAGNER
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2016

My commission expires: 01/31/2016

Bk: 52333 Pg: 206

EXHIBIT A

LSF6 BERMUDA INVESTMENTS 2011-1 TRUST
LSF6 BERMUDA MRA TRUST
LSF6 WLI TRUST

LSF6 INVESTMENTS 2011-1 TRUST
LSF6 MRA REO TRUST


LSF7 BERMUDA NPL I TRUST
LSF7 BERMUDA NPL II TRUST
LSF7 BERMUDA NPL III TRUST
LSF7 BERMUDA NPL IV TRUST
LSF7 BERMUDA NPL V TRUST
LSF7 BERMUDA NPL VI TRUST
LSF7 BERMUDA NPL VII TRUST

LSF7 NPL I TRUST
LSF7 NPL II TRUST
LSF7 NPL III TRUST
LSF7 NPL IV TRUST
LSF7 NPL V TRUST
LSF7 NPL VI TRUST
LSF7 NPL VII TRUST


VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2
VOLT PARTICIPATION TRUST 2011-NPL2
VOLT ASSET HOLDINGS NPL3
VOLT ASSET HOLDINGS TRUST XVI
VOLT NPL IX ASSET HOLDINGS TRUST
VOLT RPL XI ASSET HOLDINGS TRUST
VOLT RLF XII TRUST
VOLT XIV ASSET HOLDINGS TRUST
VOLT 2012-RPL1 ASSET HOLDINGS TRUST
VOLT 2012-NPL1 ASSET HOLDINGS TRUST
VOLT 2012 RPL2 ASSET HOLDINGS TRUST
VOLT 2012-NPL2 ASSET HOLDINGS TRUST
VOLT RLP ASSET HOLDINGS TRUST

LSF8 MASTER PARTICIPATION TRUST

THIS IS A TRUE CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: FEB 1 0 2014

CERTIFICATION FEE

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT  4

Bk: 54367 Pg: 203



Bk: 54367 Pg: 203
Page: 1 of 3 09/30/2015 11:11 AM  WD

### AFFIDAVIT REGARDING NOTE SECURED
### BY A MORTGAGE TO BE FORECLOSED
#### (Pre-Foreclosure Sale)

**Current Record Owner:** Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr.

**Foreclosing Entity:** U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust

**Property Address:** 209 Clark Street, Rochdale, MA 01542  *Leicester*

**Mortgage:** The Mortgage to be foreclosed was given by Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr. to Household Finance Corporation II, dated March 7, 2007, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 40794, at Page 258. Said mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an assignment dated July 31, 2014, and recorded in Book 52637, at Page 353,

The undersigned, _____Melinda Girardeau_____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.  I am [Check One]
    [  ] An officer of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, where I hold the office of _____.
    [X] An officer of Caliber Home Loans, Inc. a duly authorized agent of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:
    [Check One]
    [X] recorded in the Worcester County (Worcester District) Registry of Deeds
        [Check One]
        [X] in Book 52333 , Page 202
        [  ] herewith

2.  (a) Based upon my review of the business records of:
    **[Check One]**
    [  ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust
    [X] Caliber Home Loans, Inc., servicer for foreclosing entity.

    In the regular performance of my job functions, I am familiar with business records maintained by Caliber Home Loans, Inc. for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Caliber Home Loans, Inc.'s business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Caliber Home Loans, Inc.
    To the extent records related to the loan come from another entity, those records were received by Caliber Home Loans, Inc. in the ordinary course of its business, have been

Bk: 54367 Pg: 204

incorporated into and maintained as part of the Caliber Home Loans, Inc.'s business records, and have been relied on by Caliber Home Loans, Inc.. It is the regular practice of Caliber Home Loans, Inc. mortgage servicing business to make and maintain these records.

The records reviewed include:
        [X] correspondence file;
        [ ] collection of notes of conversations with borrowers and their representatives;
        [ ] loan history;
        [ ] other [please specify] _____.

(b) I certify that based on my review:
**[Check One]**
[X] The requirements of G.L. c. 244 s. 35B **have been** complied with
[ ] G.L. c. 244, s. 35B **is not applicable** to the above mortgage

On this date the Foreclosing Entity is:
**[Check One]**
[X] the **holder/owner of the promissory note** secured by the above mortgage.
[ ] the **authorized agent of the holder/owner of said promissory note**, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this ___3rd___ day of __September__, 2015.

Caliber Home Loans, Inc.
Name: _____ Melinda Girardeau
Title: ___Authorized Signatory___

State of _____

County of _____, 2015

*see attached*

    Then personally appeared the above-named _____, proved to me through satisfactory evidence of identification, which was _____, to be the

person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _____ of Caliber Home Loans, Inc.

_____
Notary Public
My Commission Expires:

*Comments*

See: *Eaton v. Federal National Mortgage Association,* 462 Mass. 569 (2012.
See: G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, Ch. 194, Sec. l.

Bk: 54367 Pg: 205

# ACKNOWLEDGMENT

A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

On _____ SEP 0 3 2015 _____ before me, _____ Ashlee Lawson, Notary Public _____
(insert name and title of the officer)

personally appeared _____ Melinda Girardeau _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

ASHLEE LAWSON
Commission # 1993906
Notary Public • California
San Diego County
My Comm. Expires Oct 13, 2016

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA COUNTY OF _San Diego_
Subscribed and sworn to (or affirmed) before me on this
_3_ day of _Sept_ 20 _15_ by _Melinda Girardeau_
proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.
_____
(Signature of Notary)



ASHLEE LAWSON
Commission # 1993906
Notary Public • California
San Diego County
My Comm. Expires Oct 13, 2016

ATTEST: WORC. Anthony J. Vigliotti, Register

EXHIBIT   5



CALIBER
HOME LOANS

P.O. Box 24610
Oklahoma City, OK 73124-0610

November 24, 2015

LAWRENCE R CLOCKEDILE JR
CHARLENE BYRNES-CLOCKEDIL
209 CLARK ST
ROCHDALE     MA 01542-1213

Re:     Loan Number:         9802948845
        Property Address:    209 CLARK ST
                             ROCHDALE        MA 01542-1213

Dear LAWRENCE R CLOCKEDILE JR:

We have received your request for the above-referenced loan to be reviewed for a Caliber Home Loans, Inc. loan modification. As you are aware, your loan has been referred to foreclosure. Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility.

Before December 14, 2015, you can expect:

o    That we may contact you to schedule an internal evaluation of your home as it may be necessary to assess the value of your property to complete the loan modification review. It is imperative that you cooperate with the agent to obtain the valuation of your property to ensure the modification review can be completed before the foreclosure sale date.

o    That we will complete a review of the documents you provide and, if necessary, we will request any additional information needed to complete the loan modification review. It is imperative that you submit any requested documentation immediately upon request to ensure the loan modification review can be completed before the foreclosure sale date.

Upon receipt of all required information, we will make a decision regarding the eligibility of your loan in the modification process.

If you qualify, we will contact you to go over the proposed terms of the modification. We will also contact you if you do not qualify for a loan modification. If you do not qualify, we will discuss other available alternatives, if any, with you at that time.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

Caliber is committed to helping you retain your home and avoid foreclosure. We want to make sure that you have all the information you need, and have therefore designated a Single Point of Contact at Caliber to assist you at any time you have questions or need assistance with your payments, loss mitigation options, foreclosure questions, or have any other inquiries. Your Single Point of Contact will also be your contact any time you need to submit documents to Caliber. You can reach the SPOC Department at 800-401-6587, Monday through Friday 8:00 a.m. to 9:00 p.m., Central Time and Friday 8:00 a.m. to 7:00 p.m., Central Time.

Homeowner's Hotline
Homeowners seeking counseling or advice can also call the 24-hour toll free HOPE NOW hotline, at 888-995-HOPE (888-995-4673). HOPE NOW is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure prevention assistance in English and Spanish.

Other resources can be found on the internet. Websites like http://www.KnowYourOptions.com, http://www.makinghomeaffordable.gov and http://www.hud.gov are agency or government sponsored websites available to you.

Thank you,

Caliber Home Loans, Inc.

2:32                                     20141031rev

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
      Plaintiffs

15-1956 C

vs

Verified
Motion for Temporary
Restraining Order and or
Preliminary Injunction

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
      Defendants

**FILED**

DEC 07 2015

ATTEST: _____
                CLERK

Now come the Plaintiffs and state they have filed a verified complaint this seventh day of December 2015 and are requesting a Temporary Restraining Order, because of notice of an imminent Public Auction of their family home.

The Plaintiffs have received published notice of a Public Auction scheduled for December 14, 2015 at 2:00 PM.

A foreclosure would cause irreparable harm to the plaintiff who have an equity investment and improvements to their home and have tried to refinance and payoff the current mortgage, and they are likely to prevail relative to the defective assignment executed by Caliber Home Loans, Inc. and the unfair and deceptive practices alleged in the suit, and the defendants will not be harmed by the delay as it continues to hold its secured position on property.

The terms and conditions of the security agreement dated March 7, 2007 require the Lender and its assigns to be governed by the laws of the Commonwealth of Massachusetts.

The Plaintiffs attach hereto and incorporate herein a memorandum of facts and law in support hereof.

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 5, 2015

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

Commonwealth of Massachusetts

Worcester ss

Trial Court
Superior Court Department
Worcester Division
1585 CV 01956C

Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
        Plaintiffs

Memorandum in support of
Motion for Temporary
Restraining Order

vs

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
Caliber Home Loans, Inc.
        Defendants

---

Facts

1. The Defendants seeks to foreclose on the Plaintiffs' family home with a mailing address of 209 Clark Street, Rochdale 01542, in the town of Leicester, Worcester County, Massachusetts.

2. The Plaintiff has received published notice of a Public Auction scheduled for December 14, 2015 at 2:00 PM.

3. The Certification Notice Pursuant to 209 CMR 18.21A(2)(c) refers to Rochdale which is an unincorporated village and not the legal address in the Town of Leicester.

3. A foreclosure would cause irreparable harm to the plaintiffs who are trying to refinance and payoff the current mortgage, once an agreed payoff is determined.

4. The Plaintiffs seeks to challenge the standing of the Defendant U.S. Bank Trust, N.A. as a Trustee in Massachusetts and its right to foreclose.

5. The Plaintiff seeks to challenge the standing of the agent of the Defendant, Caliber Home Loans, Inc. As servicer of Household Finance Corporation II, the original Mortgagee.

6.  Caliber Home Loans, Inc., in a self serving Assignment prepared by it and dated July 31, 2014, Assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, said Assignment attached as **Exhibit 1** recorded Worcester South District Registry of Deeds Book 52637 Page 353.

7.  Caliber Home Loans, Inc. in Exhibit 1 relies on a Limited Power of Attorney by Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* attached as **Exhibit 2** recorded Worcester South District Registry of Deeds Book 51858 Page 132.

8.  U.S. Bank Trust, N.A., asserts by a Limited Power of Attorney that it is the Trustee of numerous trusts and in particular LSF8 Master Participation Trust and that it has the right to accept new loans into said LSF8 Master Participation Trust and that it has the right under the LSF8 Master Participation Trust to appoint a servicer of the Household Finance Corporation II mortgage, attached as **Exhibit 3** recorded Worcester South District Registry of Deeds Book 52333 Page 202.

9.  The Defendant Caliber Home Loans, Inc has caused to be filed an Affidavit regarding a note secured by a mortgage to be foreclosed, which affidavit relies on the assignment of mortgage Exhibit 1, above in which it appointed U.S. Bank Trust, N.A. Trustee after it's Power of Attorney Exhibit 2 above had expired. Said Affidavit is attached as **Exhibit 4** recorded Worcester South District Registry of Deeds Book 54367 Page 203

10. The Plaintiffs have made a good faith request for loan modification, which has been acknowledged by Defendant Caliber Home Loans, inc. by letter dated November 24, 2015 which states in part, "Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility." attached as **Exhibit 5.**

11. The Plaintiff's as of this date have not been contacted as provided in paragraph two of **Exhibit 5.**

The Law

12. *U.S. Bank N.A., trustee v Ibanez* 458 Mass. 637 (2011) where plaintiff failed to make the required showing that it was the holder of the mortgage at the time of the Notice of foreclosure.[In the instant case the assignment is defective]

13.  **M.G.L. c 203 § 1**     Trusts in realty; necessity of writing

No trust concerning land, except as may arise or result by implication of law, shall be created or declared unless by a written instrument signed by the party creating or declaring the trust or by his attorney.

14.  **M.G.L. c 184 § 25**     Indefinite references; effect; application

No indefinite reference in a recorded instrument shall subject any person not an immediate party thereto to any interest in real estate, legal or equitable,...(3) a description of a person as trustee or an indication that a person is acting as trustee, unless the instrument containing the description or indication either sets forth the terms of the trust or specifies a recorded instrument which sets forth its terms and the place in the public records where such instrument is recorded, and (4) any other reference to any interest in real estate, unless the instrument by which the interest is created and the place in the public records where such instrument is recorded. No instrument shall be deemed recorded in due course unless so recorded in the registry of deeds for the county or district in which the real estate effected lies as to be indexed in the grantor index under the name of the owner of record of the real estate affected at the time of the recording...

15.  **M.G.L. c 184 § 35** Trustee's certificate; requirements; effect

Notwithstanding section 25 to the contrary, a certificate sworn to or stated to be executed under the penalties of perjury, and in either case signed by a person who from the records of the registry of deeds or of the registry district of the land court, for the county or district in which real estate owned by a nontestamentary trust lies, appears to be a trustee thereunder and which certifies as to: (a) the identity of the trustees or the beneficiaries thereunder; (b) the authority of the trustees to act with respect to real estate owned by the trust; or ( c) the existence or nonexistence of a fact which constitutes a condition precedent to acts by the trustees or which are in any other manner germane to affairs of the trust, shall be binding on all trustees and the trust estate in favor of a purchaser or other person relying in good faith on the certificate. The certificate most recently recorded in the registry of deeds for the county or district in which the real estate lies shall control.

16.  **M.G.L. c 244 § 35B** Requirements of reasonable steps and good faith effort to avoid foreclosure; criteria; notice of right to pursue modified mortgage; recording affidavit of compliance
(b) A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure. A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (I) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including but not limited to, investors.

Discussion

17.   The Defendant U.S. Bank Trust, N.A. holds itself out to be a Trustee in Massachusetts without benefit of any Trust or certificate being recorded in Massachusetts from which to derive its authority to act as a Trustee in Massachusetts, or to define what powers it has as a Trustee in Massachusetts. The trust alleged, LSF8 Master Participation Trust, does not appear to be recorded in Massachusetts.

18.   The Defendant Caliber Home Loans, Inc. was given a power of attorney by  Household Finance Corporation II dated June 3, 2013 and signed June 4, 2013 which by its terms Article III ... *shall remain in full force and effect until 11:59 p.m. Eastern Standard time, on the date that is one year from such date (the "POA Termination Date")."* which by the terms recited expired either June 3rd or 4th of 2014. After the expiration of the power of attorney, Caliber Home Loans, Inc., in a self serving Assignment prepared by it and dated July 31, 2014, assigned the Mortgage given by the Plaintiff Mortgagors to Household Finance Corporation II, to U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, with the Defendant Caliber Home Loans, Inc alleging itself to be the servicer.

19.   The Defendant Caliber Home Loans, Inc. further drafted another limited power of attorney dated 12/4/2013 for U.S. Bank Trust National Association in which it named itself servicer based on the unrecorded LSF8 Master Participation Trust.

20.   The Defendant Caliber Home Loans, Inc. has caused to be recorded an affidavit it states to be in compliance with M.G.L. c 244 § 35B and in Paragraph 1 states the foreclosing entity is U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, which can not be true as the Assignment from itself is based on the expired power of attorney from Household Finance Corporation II.

21.   The Defendant Caliber Home Loans, Inc. affidavit goes on to say in Paragraph 2 that as servicer it reviewed its correspondence file and concluded by such examination that it was in compliance, whereas apparently the correspondence file did not contain any reference to M.G.L. c 244 § 35B Requirements of reasonable steps and good faith effort to avoid foreclosure, and boxes relative to notes or conversation, loan history or other information were either non existent or not deemed relevant.

22.   The Plaintiffs believe they have stated facts in their verified Motion and verified Complaint that clearly indicate the Plaintiffs will prevail on the issue that the Assignment of the Plaintiffs Mortgage was based on an expired power of attorney and is void ab initio.

23.   The Plaintiffs state and believe they will prevail on the Defendants failure to comply with M.G.L. c 244 § 35B as they did contact the Defendants relative to refinancing and as can be seen from Exhibit 4 the Defendants have jumped the gun on the notice to foreclose without taking reasonable steps and good faith effort to avoid foreclosure.

24.   The Plaintiffs state and believe they will prevail on the fact that Defendant U.S. Bank Trust, N.A. has no standing as a Trustee in Massachusetts.

Wherefore

Plaintiffs request under MRCP 65 that a Temporary Restraining Order be granted and or order of Notice issue for a Hearing on a Preliminary Injunction with sufficient time to enjoin the foreclosure set for December 14, 2015 at 2:00 PM. As described in Count I or Count II of the Complaint.

December 5, 2015

I, Lawrence R. Clockedile, Jr.
have read the above and
the facts recited therein are true.
Signed under penalties of perjury.

December 7, 2015

Respectfully submitted,

Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

# EXHIBIT   1

Bk: 52637 Pg: 353

Recording Requested By:
T.D. SERVICE COMPANY

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868

Bk: 52637 Pg: 353
Page: 1 of 1 08/05/2014 08:56 AM WO

Customer#: 673/2
Service#: 4010720AS1
Loan#: 9802948845

_____ Space above for Recorder's use _____

### ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME
LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby assign and transfer
to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9 MASTER PARTICIPATION TRUST, C/O
CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, all its
right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of
MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated
MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, in Book No. 40794,
at Page No. 258.
Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE,
HUSBAND AND WIFE, T/B (Original Mortgagor).
Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II.  Property Address: 209 CLARK ST,
ROCHDALE, MA 01542-0000.

Date: __JUL 3 1 2014__

HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN
FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At
Page No. 131.

By: _____
       Sarah Kennedy, Assistant Secretary

State of    CALIFORNIA                    }
County of  ORANGE                         } ss.

On __JUL 3 1 2014__ , before me, Julian Yanez, a Notary Public, personally appeared  Sarah Kennedy ,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): Julian Yanez

JULIAN YANEZ
Commission # 2014006
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

# EXHIBIT   2

02:33:21 PM,        DEPUTY CLERK:LPERTUIS Pat Frank,Clerk of the Circuit Court
Hillsborough County

LIMITED POWER OF ATTORNEY
TO SUCCESSOR SERVICER

Dated as of June 3, 2013

KNOW ALL MEN BY THESE PRESENTS:

WHEREAS, pursuant to the terms of the Mortgage Loan Purchase Agreement, by and among VOLT Holdings, LLC (the "Purchaser"), HSBC Finance Corporation, a Delaware corporation, solely in its capacity as Seller Representative, and the Persons listed on Schedule 1.01(a) thereto, made and entered into as of June 3, 2013 (the "Mortgage Loan Purchase Agreement"), Household Finance Corporation II (the "Seller"), as one of the Sellers under the Mortgage Loan Purchase Agreement, sold, and the Purchaser purchased, certain mortgage loans (the "Mortgage Loans");

WHEREAS, pursuant to the terms of the Interim Servicing Agreement, made and entered into as of June 3, 2013, by and among the Purchaser, the Interim Servicers, HSBC Finance Corporation, in its capacity as Interim Servicer Representative, HSBC Bank USA, National Association (the "Bank") and Caliber Home Loans, Inc. (currently operating as Vericrest Financial, Inc.) (the "Successor Servicer");

WHEREAS, Seller is providing this Limited Power of Attorney to Successor Servicer on behalf of Purchaser pursuant to the Mortgage Loan Purchase Agreement;

NOW, THEREFORE, in consideration of the mutual promises, obligations and covenants contained herein and in the Mortgage Loan Purchase Agreement and for good and valuable consideration the receipt and adequacy of which is hereby acknowledged, Seller does hereby make, constitute and appoint Successor Servicer on behalf of Purchaser, as Seller's true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and stead:  (i) to procure, prepare, complete, execute and record any mortgage, deed of trust or similar security instrument (collectively, the "Mortgage") and any assignment of Mortgage or reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to ensure that record title to the Mortgage Loan vests in the Purchaser, and (c) for any other transfer of record title which is required with respect to the Mortgage Loans or the underlying security interest related to each Mortgage Loan; (ii) to ensure that each promissory note related to each Mortgage Loan has been properly endorsed to the proper person or entity; (iii) to prepare, complete, execute, acknowledge, seal and deliver any and all instruments of satisfaction or cancellation, or of full or partial release or discharge and all other comparable instruments with respect to the Mortgage Loans;  (iv) to cure any other defects associated with any other document or instrument with respect to a Mortgage Loan; and (v) to endorse checks and other payment instruments that are payable to the order of Seller and that have been received by the Purchaser or the Successor Servicer from mortgagors or any insurer in respect of insurance proceeds related to any Mortgage Loan.

706660493 12408116                                    1

This Limited Power of Attorney may be utilized fully to all intents and purposes as Seller might or could do if personally present, hereby ratifying and confirming all that Purchaser as said attorney in fact shall lawfully do or cause to be done by virtue hereof.

## ARTICLE I

The enumeration of particular powers herein is not intended in any way to limit the grant to Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact of full power and authority with respect to the Mortgage Loans to complete (to the extent necessary), file and record any documents, instruments or other writings referred to above as fully, to all intents and purposes, as Seller might or could do if personally present, hereby ratifying and confirming whatsoever such attorney-in-fact shall and may do by virtue hereof; provided that this instrument is to be construed and interpreted as a limited power of attorney and does not empower or authorize the said attorneys-in-fact to do any act or execute any document on behalf of Seller not specifically described herein. Seller agrees and represents to those dealing with such attorney-in-fact that they may rely upon this Limited Power of Attorney until termination thereof under the provisions of Article III below. Any and all third parties dealing with Successor Servicer on behalf of Purchaser as Seller's attorney-in-fact may rely completely, unconditionally and conclusively on the authority of Successor Servicer on behalf of Purchaser, as applicable, and need not make any inquiry about whether Successor Servicer on behalf of Purchaser is acting pursuant to the Mortgage Loan Purchase Agreement. Any purchaser, title insurance company or other third party may rely upon a written statement by Successor Servicer on behalf of Purchaser that any particular Mortgage Loan or related mortgaged real property in question is subject to and included under this Limited Power of Attorney or the Mortgage Loan Purchase Agreement.

## ARTICLE II

Any act or thing lawfully done hereunder and in accordance with this Limited Power of Attorney by Purchaser shall be binding on Seller and Seller's successors and assigns.

## ARTICLE III

The rights, power, and authority of the attorney-in-fact granted in this instrument shall commence and be in full force and effect on the date of execution and such rights, powers and authority shall remain in full force and effect until 11:59 p.m., Eastern Standard time, on the date that is one year from such date (the "POA Termination Date"). This Limited Power of Attorney shall be coupled with an interest and shall be irrevocable prior to the POA Termination Date.

706660493 12408116

2

Nothing herein shall be deemed to amend or modify the Mortgage Loan Purchase Agreement or the respective rights, duties or obligations of Seller under the Mortgage Loan Purchase Agreement, and nothing herein shall constitute a waiver of any rights or remedies thereunder.

Bk 32006 Pg 104

IN WITNESS WHEREOF, Sellers have caused this instrument to be executed by its officer duly authorized as of the date first written above.

HOUSEHOLD FINANCE CORPORATION II

By: _____
Name: John P. Griffin
Title:  Vice President – Treasurer
        & Controller


STATE OF ILLINOIS          )
                           )ss.
COUNTY OF LAKE             )

On this 4th day of June 2013, before me, a notary public in and for the State of Illinois, appeared John P. Griffin, who is known to me to be the Vice President – Treasurer & Controller of the entity listed above, and who signed his name hereto for the purposes stated herein.

        [SEAL]        OFFICIAL SEAL
                      HOLLEY DAHM
                      NOTARY PUBLIC, STATE OF ILLINOIS
                      MY COMMISSION EXPIRES 04/17/2016

                                    _____
                                    NOTARY PUBLIC


STATE OF FLORIDA      )
COUNTY OF HILLSBOROUGH )
        THIS IS TO CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE DOCUMENT ON FILE IN
MY OFFICE. WITNESS MY HAND AND OFFICIAL SEAL
THIS ____ DAY OF _____, 20__
                                PAT FRANK
                                CLERK OF CIRCUIT COURT

                    BY _____ D.C.

706660493 12408116                    S-1                    *Power of Attorney*

# EXHIBIT  3

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

████████████████████████ 18.00
*  S R 0 0 0 6 4 9 8 4 7 1 3 *
2014000052965 2:04 pm 02/10/14
63 416 P14 F13    4
0.00 0.00 0.00 0.00 9.00 0.00 0.00 0.00

Document drafted by and
RECORDING REQUESTED BY:
Caliber Home Loans, Inc.
13801 Wireless Way
Oklahoma City, OK  73134

~~3927068DF1~~

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LIMITED POWER OF ATTORNEY

**The trusts identified on the attached Schedule A (the "Trusts"), by and through U.S. Bank Trust National Association,** a national banking association organized and existing under the laws of the United States and having an office at 60 Livingston Avenue, EP-MN-WS3D, St. Paul, MN  55107, not in its individual capacity but solely as Trustee ("Trustee"), hereby constitutes and appoints Caliber Home Loans, Inc. (fka Vericrest Financial, Inc. as of April 8, 2013), ("Servicer"), and in its name, aforesaid Attorney-In-Fact, by and through any officer appointed by the Board of Directors of Servicer, to execute and acknowledge in writing or by facsimile stamp all documents customarily and reasonably necessary and appropriate for the tasks described in the items (1) through (10) below; provided however, that the documents described below may only be executed and delivered by such Attorneys-In-Fact if such documents are required or permitted under the terms of the related servicing agreements and no power is granted hereunder to take any action that would be adverse to the interests of U.S. Bank Trust National Association.  This Limited Power of Attorney is being issued in connection with Servicer's responsibilities to service certain mortgage loans (the "Loans") held by the Trustee.  These Loans are secured by collateral comprised of Mortgages, Deeds of Trust, Deeds to Secure Debt and other forms of Security instruments (collectively the "Security Instruments") encumbering any and all real and personal property delineated therein (the "Property") and the Notes secured thereby. Please refer to **Schedule A** attached hereto.

1.  Demand, sue for, recover, collect and receive each and every sum of money, debt, account and interest (which now is, or hereafter shall become due and payable) belonging to or claimed by the Trustee, and to use or take any lawful means for recovery by legal process or otherwise, including but not limited to the substitution of trustee serving under a Deed of Trust, the preparation and issuance of statements of breach, notices of default, and/or notices of sale, accepting deeds in lieu of foreclosure, evicting (to the extent allowed by federal, state or local laws) foreclosing on the properties under the Security Instruments by judicial or non-judicial foreclosure, actions for temporary restraining orders, injunctions, appointments of receiver, suits for waste, fraud and any and all other tort, contractual or verifications in support thereof, as may be necessary or advisable in any bankruptcy action, state or federal suit or any other action.

2.  Execute and/or file such documents and take such other action as is proper and necessary to defend the Trustee in litigation and to resolve any litigation where the Servicer has an obligation to defend the Trustee, including but not limited to dismissal, termination, cancellation, rescission and settlement.

3.  Transact business of any kind regarding the Loans, as the Trustee's act and deed, to contract for, purchase, receive and take possession and evidence of title in and to the Property and/or to secure payment of a promissory note or performance of any obligation or agreement relating thereto.

4.  Execute, complete, indorse or file bonds, notes, mortgages, deeds of trust and other contracts, agreements and instruments regarding the Borrowers and/or the Property, including but not limited to the execution of estoppel certificates, financing statements, continuation statements, releases, satisfactions, assignments, loan modification agreements, payment plans, waivers, consents, amendments, forbearance agreements, loan assumption agreements, subordination agreements, property adjustment agreements, management agreements, listing agreements, purchase and sale agreements and other instruments pertaining to mortgages or deeds of trust, and execution of deeds and associated instruments, if any, conveying the Property, in the interest of the Trustee.

5.  Endorse on behalf of the undersigned all checks, drafts and/or other negotiable instruments made payable to the undersigned.

6.  Execute any document or perform any act in connection with the administration of any PMI policy or LPMI policy, hazard or other insurance claim relative to the Loans or related Property.

7.  Execute any document or perform any act described in items (3), (4), and (5) in connection with the termination of any Trust as necessary to transfer ownership of the affected Loans to the entity (or its designee or assignee) possessing the right to obtain ownership of the Loans.

8.  Subordinate the lien of a mortgage, deed of trust, or deed to secure debt (i) for the purpose of refinancing Loans, where applicable, or (ii) to an easement in favor of a public utility company or a government agency or unit with powers of eminent domain, including but not limited to the execution of partial satisfactions and releases and partial reconveyances reasonably required for such purpose, and the execution or requests to the trustees to accomplish the same.

9.  Convey the Property to the mortgage insurer, or close the title to the Property to be acquired as real estate owned, or convey title to real estate owned property ("REO Property").

10. Execute and deliver the following documentation with respect to the sale of REO Property acquired through a foreclosure or deed-in-lieu of foreclosure, including, without limitation: listing agreements; purchase and sale agreements; grant / limited or special warranty / quit claim deeds or any other deed, but not general warranty deeds, causing the transfer of title of the property to a party contracted to purchase same; escrow instructions; and any and all documents necessary to effect the transfer of REO Property.

---

Servicer hereby agrees to indemnify and hold the Trustee, and its directors, officers, employees and agents harmless from and against any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of the exercise by the Servicer of the powers specifically granted to it under the related servicing agreements. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the related servicing agreements or the earlier resignation or removal of the Trustee under the related servicing agreements listed on Schedule A, attached.

Witness my hand and seal this 4th day of December, 2013.

**NO CORPORATE SEAL**                      On Behalf of the Trusts, by U.S. Bank Trust
                                           National Association, as Trustee

_____                  By: _____
Witness: Nancy Rose                            John L. Linseen, Vice President


_____                  By: _____
Witness: Erin Folsom                           Tanveer Ashraf, Assistant Vice President


_____
Attest: Alex E. Fuentes, Trust Officer

## CORPORATE ACKNOWLEDGMENT

State of Minnesota

County of Ramsey

On this 4th day of December, 2013, before me, the undersigned, a Notary Public in and for said County and State, personally appeared John L. Linseen, Tanveer Ashraf and Alex E. Fuentes, personally known to me (or proved to me on the basis of satisfactory evidence) to be the persons who executed the within instrument as Vice President, Assistant Vice President, and Trust Officer, respectively of U.S. Bank Trust National Association, as Trustee, a national banking association, and acknowledged to me that such national banking association executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.

WITNESS my hand and official seal.

Signature: _____
            Joseph P. Wagner

My commission expires: 01/31/2016

JOSEPH P. WAGNER
NOTARY PUBLIC · MINNESOTA
My Commission Expires Jan. 31, 2016

EXHIBIT A

LSF6 BERMUDA INVESTMENTS 2011-1 TRUST          LSF6 INVESTMENTS 2011-1 TRUST
LSF6 BERMUDA MRA TRUST                         LSF6 MRA REO TRUST
LSF6 WLI TRUST


LSF7 BERMUDA NPL I TRUST                        LSF7 NPL I TRUST
LSF7 BERMUDA NPL II TRUST                              LSF7 NPL II TRUST
LSF7 BERMUDA NPL III TRUST                      LSF7 NPL III TRUST
LSF7 BERMUDA NPL IV TRUST                       LSF7 NPL IV TRUST
LSF7 BERMUDA NPL V TRUST                        LSF7 NPL V TRUST
LSF7 BERMUDA NPL VI TRUST                       LSF7 NPL VI TRUST
LSF7 BERMUDA NPL VII TRUST                      LSF7 NPL VII TRUST


VERICREST OPPORTUNITY LOAN TRUST 2011-NPL2
VOLT PARTICIPATION TRUST 2011-NPL2
VOLT ASSET HOLDINGS NPL3
VOLT ASSET HOLDINGS TRUST XVI
VOLT NPL IX ASSET HOLDINGS TRUST
VOLT RPL XI ASSET HOLDINGS TRUST
VOLT RLF XII TRUST
VOLT XIV ASSET HOLDINGS TRUST
VOLT 2012-RPL1 ASSET HOLDINGS TRUST
VOLT 2012-NPL1 ASSET HOLDINGS TRUST
VOLT 2012 RPL2 ASSET HOLDINGS TRUST
VOLT 2012-NPL2 ASSET HOLDINGS TRUST
VOLT RLP ASSET HOLDINGS TRUST


LSF8 MASTER PARTICIPATION TRUST

THIS IS A TRUE CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE: FEB 1 0 2014

CERTIFICATION FEE

COUNTY CLERK-RECORDER

ORANGE COUNTY
STATE OF CALIFORNIA

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT 4



Bk: 54367 Pg: 203
Page: 1 of 3  09/30/2015 11:11 AM  WD

**AFFIDAVIT REGARDING NOTE SECURED
BY A MORTGAGE TO BE FORECLOSED**
**(Pre-Foreclosure Sale)**

**Current Record Owner:** Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr.

**Foreclosing Entity:** U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust

**Property Address:** 209 Clark Street, Rochdale, MA 01542    *Leicester

**Mortgage:** The Mortgage to be foreclosed was given by Charlene Byrnes-Clockedile and Lawrence R. Clockedile, Jr. to Household Finance Corporation II, dated March 7, 2007, and recorded in the Worcester County (Worcester District) Registry of Deeds in Book 40794, at Page 258. Said mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust by virtue of an assignment dated July 31, 2014, and recorded in Book 52637, at Page 353,

The undersigned, **Melinda Girardeau** _____, having personal knowledge of the facts herein stated, under oath deposes and says as follows:

1.   I am [Check One]
     [  ] An officer of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, where I hold the office of _____.
     [X] An officer of Caliber Home Loans, Inc. a duly authorized agent of U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust, under a power of attorney of other written instrument executed under seal, which remains in full force and effect as of the date hereof, and which is:
     [Check One]
     [X] recorded in the Worcester County (Worcester District) Registry of Deeds
          [Check One]
          [X] in Book 52333, Page 202
          [  ] herewith

2.   (a) Based upon my review of the business records of:
     **[Check One]**
     [  ] U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust
     [X] Caliber Home Loans, Inc., servicer for foreclosing entity.

     In the regular performance of my job functions, I am familiar with business records maintained by Caliber Home Loans, Inc. for the purpose of servicing mortgage loans. I have acquired personal knowledge of the information contained in this affidavit as a result of my review of Caliber Home Loans, Inc.'s business records. These records (which include data compilations, electronically imaged documents, servicing and loan payment histories and others) are accurate and reliable because they are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Caliber Home Loans, Inc.
     To the extent records related to the loan come from another entity, those records were received by Caliber Home Loans, Inc. in the ordinary course of its business, have been

incorporated into and maintained as part of the Caliber Home Loans, Inc.'s business records, and have been relied on by Caliber Home Loans, Inc.. It is the regular practice of Caliber Home Loans, Inc. mortgage servicing business to make and maintain these records.

The records reviewed include:

[X] correspondence file;
[ ] collection of notes of conversations with borrowers and their representatives;
[ ] loan history;
[ ] other [please specify] _____.

(b) I certify that based on my review:
**[Check One]**
[X] The requirements of G.L. c. 244 s. 35B **have been** complied with
[ ] G.L. c. 244, s. 35B **is not applicable** to the above mortgage

On this date the Foreclosing Entity is:
**[Check One]**
[X] the **holder/owner of the promissory note** secured by the above mortgage.
[ ] the **authorized agent of the holder/owner of said promissory note**, for purposes, *inter alia*, of foreclosing said mortgage on behalf of said note holder.

Signed under the pains and penalties of perjury this ___3rd___ day of ___September___ 2015.

Caliber Home Loans, Inc.
Name: _~Melinda Girardeau~_    Melinda Girardeau
Title: ___Authorized Signatory___

State of_____

County of_____          _____, 2015

*see attached*

Then personally appeared the above-named _____, proved to me through satisfactory evidence of identification, which was _____, to be the

person whose name is signed on this document, and who swore or affirmed to me that the contents of this document are truthful and accurate to the best of (his)(her) knowledge and belief, as _____ of Caliber Home Loans, Inc.

_____
Notary Public
My Commission Expires:

*Comments*

See: *Eaton v. Federal National Mortgage Association,* 462 Mass. 569 (2012.
See: G.L. c. 244, s. 35B and 35C (Effective November 1, 2012) and G.L. c. 244, s. 14, as amended by St. 2012, Ch. 194, Sec. l.

# ACKNOWLEDGMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document, to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of San Diego

On _____ SEP 0 3 2015 _____ before me, _____ Ashlee Lawson, Notary Public _____
(insert name and title of the officer)

personally appeared _____ Melinda Girardeau _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA. COUNTY OF San Diego
Subscribed and sworn to (or affirmed) before me on this
3 day of Sept 20 15 by Melinda Girardeau
proved to me on the basis of satisfactory evidence to be the person(s)
who appeared before me.

(Signature of Notary)



ASHLEE LAWSON
Commission # 1993906
Notary Public - California
San Diego County
My Comm. Expires Oct 13, 2016

ATTEST: WORC. Anthony J. Vigliotti, Register

# EXHIBIT  5



**CALIBER**
**HOME LOANS**

P.O. Box 24610
Oklahoma City, OK  73124-0610

November 24, 2015

LAWRENCE R CLOCKEDILE JR
CHARLENE BYRNES-CLOCKEDIL
209 CLARK ST
ROCHDALE       MA  01542-1213

Re:   Loan Number:        9802948845
      Property Address:   209 CLARK ST
                          ROCHDALE       MA 01542-1213

Dear LAWRENCE R CLOCKEDILE JR:

We have received your request for the above-referenced loan to be reviewed for a Caliber Home Loans, Inc. loan modification.  As you are aware, your loan has been referred to foreclosure. Before the foreclosure sale, scheduled for December 14, 2015, we will review your documentation and evaluate your eligibility.

Before December 14, 2015, you can expect:

o   That we may contact you to schedule an internal evaluation of your home as it may be necessary to assess the value of your property to complete the loan modification review. It is imperative that you cooperate with the agent to obtain the valuation of your property to ensure the modification review can be completed before the foreclosure sale date.

o   That we will complete a review of the documents you provide and, if necessary, we will request any additional information needed to complete the loan modification review.   It is imperative that you submit any requested documentation immediately upon request to ensure the loan modification review can be completed before the foreclosure sale date.

Upon receipt of all required information, we will make a decision regarding the eligibility of your loan in the modification process.

If you qualify, we will contact you to go over the proposed terms of the modification. We will also contact you if you do not qualify for a loan modification. If you do not qualify, we will discuss other available alternatives, if any, with you at that time.

You should consider contacting the servicer of other mortgage loans secured by this same property, if any, to discuss loss mitigation options.

Caliber is committed to helping you retain your home and avoid foreclosure.   We want to make sure that you have all the information you need, and have therefore designated a Single Point of Contact at Caliber to assist you at any time you have questions or need assistance with your payments, loss mitigation options, foreclosure questions, or have any other inquiries. Your Single Point of Contact will also be your contact any time you need to submit documents to Caliber. You can reach the SPOC Department at 800-401-6587, Monday through Friday 8:00 a.m. to 9:00 p.m., Central Time and Friday 8:00 a.m. to 7:00 p.m., Central Time.

Homeowner's Hotline
Homeowners seeking counseling or advice can also call the 24-hour toll free HOPE NOW hotline, at 888-995-HOPE (888-995-4673).  HOPE NOW is an alliance of HUD approved counseling agents, servicers, investors, and mortgage lenders that provide free foreclosure prevention assistance in English and Spanish.

Other resources can be found on the internet. Websites like http://www.KnowYourOptions.com, http://www.makinghomeaffordable.gov and http://www.hud.gov are agency or government sponsored websites available to you.

Thank you,

Caliber Home Loans, Inc.

2:32                                                    20141031rev

THIS IS AN ATTEMPT BY A DEBT COLLECTOR TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Notice to Consumers presently in Bankruptcy or who have a Bankruptcy Discharge: If you are a debtor presently subject to a proceeding in Bankruptcy Court, or if you have previously been discharged from this debt by a Federal Bankruptcy Court, this communication is not an attempt to collect a debt but is sent for informational purposes only or to satisfy certain Federal or State legal obligations.

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S):  Lawrence R. Clockedile, Jr.

ADDRESS:  Charlene Byrnes-Clockedile

209 Clark Street

Rochdale, MA 01542

ATTORNEY:  Douglas J. Rowe

ADDRESS:  Rowe Law Office

21 Cotting Avenue

Marlborough, MA 01752

BBO:  431720

COUNTY

Worcester

DEFENDANT(S):  U.S. Bank Trust N.A.

and Caliber Home Loans, Inc.

ADDRESS:

60 Livingston Ave., EP-MN-WS3D

St. Paul, MN 55107

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| D03 | Injunction | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................................................... $ _____
2. Total doctor expenses ...................................................................................... $ _____
3. Total chiropractic expenses .............................................................................. $ _____
4. Total physical therapy expenses ....................................................................... $ _____
5. Total other expenses (describe below) ............................................................. $ _____
Subtotal (A): $ _____

B. Documented lost wages and compensation to date ............................................. $ _____
C. Documented property damages to dated ............................................................. $ _____
D. Reasonably anticipated future medical and hospital expenses ............................. $ _____
E. Reasonably anticipated lost wages .................................................................... $ _____
F. Other documented items of damages (describe below) ........................................ $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

M.G.L. c 93A Defendants failure to follow statutory requirements

TOTAL (A-F):$  10,000.00

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

Defendants were negligent in following contracturally required procedures, under Massachusetts law

TOTAL: $  25,000.00

Signature of Attorney/Pro Se Plaintiff: X _____   Date: 12/7/15

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____   Date: 12/7/15

# EXHIBIT B



# *Delaware*

PAGE 1

### *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "VERICREST FINANCIAL, INC.", CHANGING ITS NAME FROM "VERICREST FINANCIAL, INC." TO "CALIBER HOME LOANS, INC.", FILED IN THIS OFFICE ON THE NINTH DAY OF APRIL, A.D. 2013, AT 12:14 O'CLOCK P.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.

0595004  8100

130414290

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Jeffrey W. Bullock, Secretary of State

AUTHENTICATION: 0344428

DATE: 04-09-13

*State of Delaware*
*Secretary of State*
*Division of Corporations*
*Delivered 12:26 PM 04/09/2013*
*FILED 12:14 PM 04/09/2013*
*SRV 130414290 - 0595004 FILE*

CERTIFICATE OF AMENDMENT
OF
AMENDED AND RESTATED CERTIFICATE OF INCORPORATION
OF
VERICREST FINANCIAL, INC.

Vericrest Financial, Inc., a corporation organized and existing under and by virtue of the General Corporation Law of the State of Delaware, DOES HEREBY CERTIFY:

FIRST: That the Board of Directors of said corporation, by the unanimous written consent of its members, filed with the minutes of the Board, adopted a resolution proposing and declaring advisable the following amendment to the Amended and Restated Certificate of Incorporation of said corporation:

RESOLVED, that the Amended and Restated Certificate of Incorporation of Vericrest Financial, Inc. be amended by changing the First Article thereof so that, as amended, said Article shall be and read as follows:

The name of the corporation is Caliber Home Loans, Inc. (the "Corporation")."

SECOND: That in lieu of a meeting and vote of stockholders, the stockholders have given unanimous written consent to said amendment in accordance with the provisions of Section 228 of the General Corporation Law of the State of Delaware.

THIRD: That the aforesaid amendment was duly adopted in accordance with the applicable provisions of Sections 242 and 228 of the General Corporation Law of the State of Delaware.

FOURTH: That this Certificate of Amendment of the Certificate of Incorporation shall be effective on April 8, 2013.

IN WITNESS WHEREOF, said Vericrest Financial, Inc. has caused this certificate to be signed by Craig A. Lackey, Senior Vice President, General Counsel, and Secretary, this 8th day of April, 2013.

By: _____

Name: Craig A. Lackey

Title: SVP, General Counsel, & Secretary

# EXHIBIT C

(Page 1 of 13)



Bk: 40794 Pg: 268  Doc: MTG
Page: 1 of 8  03/09/2007 01:06 PM

07 MAR 29 OR MAR 30 AM 7: 39
RECEIVED
CPUE 3#

## MORTGAGE

529201

☐ IF BOX IS CHECKED, THIS MORTGAGE SECURES FUTURE ADVANCES.

THIS MORTGAGE is made this  7TH  day of MARCH  20 07 , between the Mortgagor, LAWRENCE R. CLOCKEDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE,HUSBAND AND WIFE,T/B

(herein "Borrower"), and Mortgagee HOUSEHOLD FINANCE CORPORATION II  a corporation organized and existing under the laws of DELAWARE  whose address is 324 GROVE STREET, SUITE #1, WORCESTER, MA  01606  (herein "Lender").

The following paragraph preceded by a checked box is applicable.

[X] WHEREAS, Borrower is indebted to Lender in the principal sum of $  276,595.76  , and any extensions or renewals thereof evidenced by Borrower's Loan Agreement dated MARCH 7, 2007  (including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable, with the balance of the indebtedness, if not sooner paid, due and payable on MARCH 7, 2037  ;

☐ WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____ , or so much thereof as may be advanced pursuant to Borrower's Revolving Loan Agreement dated _____ and extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a credit limit stated in the principal sum above and an initial advance of $ _____ ;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon, including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender and Lender's successors and assigns the following described property located in the County of  WORCESTER  State of Massachusetts:

ALL THE LAND IN LEICESTER, WORCESTER COUNTY, MASSACHUSETTS,
WITH
BUILDINGS THEREON, BOUNDED AND DESCRIBED AS FOLLOWS:
BEGINNING AT A
POINT ON THE NORTH SIDE OF CLARK STREET AT OTHER LAND OF
CAROLE A.
BYRNES, TRUSTEE:  THENCE NORTH 20 DEGREES 18 MINUTES 34

CONTINUED ON EXHIBIT A-LEGAL DESCRIPTION

07 MAR 30 AM 7: 39
RECEIVED
CPUE 3#

which has the address of 208 CLARK ST.                            ROCHDALE /Leicester
                              (Street)                                   (City)

Massachusetts 01542 _____ (herein "Property Address");

Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

11-13-06 MTG          ORIGINAL          MA001411

(Page 2 of 13)

The state of Massachusetts does not need to record the barcode.



TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

This mortgage is upon the Statutory Condition, for any breach of which the Lender shall have the STATUTORY POWER OF SALE.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest (including any variations in interest resulting from changes in the Contract Rate that may be specified in the Note) on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 12. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2 or as may be required by the Note and/or applicable law, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time.

ORIGINAL

(Page 4 of 13)

The state of Massachusetts does not need to record the barcode.



Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 7. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 7 and pay such amount and Borrower shall then be obligated under Section 7 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 12 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 35000), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this security instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the loan does not qualify as a "federally related mortgage loan" under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

(Page 6 of 13)

The state of Massachusetts does not need to record the barcode.



**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the contract Note, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

**10. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower and all other parties who are or hereafter become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

(Page 8 of 13)

The state of Massachusetts does not need to record the barcode.



(Page 9 of 13)

13. **Governing Law; Severability.** The applicable law contained in the Note shall control. Where no applicable law is contained therein, the state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provisions or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage, if requested, at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Mortgage unless Lender releases Borrower in writing.

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Mortgage to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies.** Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorney's fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of the evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

ORIGINAL

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 7 hereof or abandonment of the Property, Lender shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the Lender shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender shall be liable to account only for those rents actually received.

**20. Homestead Waiver.** The undersigned release the homestead rights for themselves, their family, and any minor unmarried children, created by their declaration dated _9/12/01_____ , recorded in _WORCESTER_____ County Registry of Deeds, Book _24815_ , Page _267_____

**21. Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage if Lender is not obligated to refinance the debt or to make future advances.

**22. Arbitration Rider to Note.** The Arbitration Rider attached to and made part of the Note is hereby incorporated by reference and made part of this Mortgage.

(THIS SPACE INTENTIONALLY LEFT BLANK)

11-13-06  MTB                                                                    MA0A1411

The state of Massachusetts does not need to record the barcode.



### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Mortgage under Seal.

_____ -Borrower
LAWRENCE R. CLOCKEDILE JR. -Borrower

_____ -Borrower
CHARLENE BYRNES-CLOCKEDILE -Borrower

COMMONWEALTH OF MASSACHUSETTS, _Worcester_ County ss:

On this _____7_____ day of _March_, 20_07_, before me, the undersigned notary public, personally appeared _Lawrence R. Clockedile Jr. & Charlene Byrnes-Clockedile_ proved to me through satisfactory evidence of identification, which were _Mass DL_ to be the person(s) whose name(s) is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

_Rosalme Clayton_ (official signature and seal of notary)

My commission expires _12-27-13_

COMMONWEALTH OF MASSACHUSETTS, _____ County ss:

On this _____ day of _____, 20_____, before me the undersigned notary public, personally appeared _____ proved to me through satisfactory evidence of identification, which were _____, to be the person(s) whose name(s) is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

_____ (official signature and seal of notary)

My commission expires _____

————————— (Space Below This Line Reserved For Lender and Recorder) —————————

11-13-06 MTG

MA0A1413

ORIGINAL

# EXHIBIT D

Recording Requested By:
**T.D. SERVICE COMPANY**

And When Recorded Mail To:
T.D. Service Company
4000 W Metropolitan Dr Ste 400
Orange, CA 92868

Bk: 52637 Pg: 353
Page: 1 of 1  08/05/2014 08:58 AM  WD

Customer#: 673/2
Service#: 4010720AS1
Loan#: 9802948845

_____ Space above for Recorder's use _____

### ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, HOUSEHOLD FINANCE CORPORATION II, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, hereby assign and transfer to U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, C/O CALIBER HOME LOANS, INC. 13801 WIRELESS WAY, OKLAHOMA CITY, OK 73134-2550, all its right, title and interest in and to said Mortgage in the amount of $276,595.76, recorded in the State of MASSACHUSETTS, County of WORCESTER (WORCESTER DISTRICT) Official Records, dated MARCH 07, 2007 and recorded on MARCH 09, 2007, as Instrument No. 2007 00030739, in Book No. 40794, at Page No. 258.
Executed by: LAWRENCE R. CLOCKDILE, JR. AND CHARLENE BYRNES-CLOCKEDILE, HUSBAND AND WIFE, T/B (Original Mortgagor).
Original Mortgagee: HOUSEHOLD FINANCE CORPORATION II. Property Address: 209 CLARK ST, ROCHDALE, MA 01542-0000.

Date: ___JUL 3 1 2014___
HOUSEHOLD FINANCE CORPORATION II, BY CALIBER HOME LOANS, INC., AS ATTORNEY IN FACT
Power of Attorney Dated 06/03/13 Recorded on 12/16/13 As Instrument # 2013 00146946 In Book No. 51858 At Page No. 131.

By: _____
   Sarah Kennedy, Assistant Secretary

State of   __CALIFORNIA__   }
County of  __ORANGE__       } ss.

On ___JUL 3 1 2014___, before me, Julian Yanez, a Notary Public, personally appeared   Sarah Kennedy , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.  I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.
Witness my hand and official seal.

_____
(Notary Name): Julian Yanez

JULIAN YANEZ
Commission # 2014006
Notary Public - California
Orange County
My Comm. Expires Mar 22, 2017

# EXHIBIT E

Print page 1 of 1

**Click on the Column Headings to sort accordingly.**
**Click on the Parcel ID to view the parcel detail.**

| Parcel ID | Location | Owner | Built Type | Total Value | Beds Baths | Lot size Fin area | LUC Description | NHood | Sale date Sale price | Book Page |
|---|---|---|---|---|---|---|---|---|---|---|
| 37 C8 0 | 209 CLARK ST | CLOCKEDILE JR LAWRENCE R BYRNES CLOCKEDILE CHARLENE | 1965 RANCH | $211,700 | 2 2 | 65,340 2,004 | 101 ONE FAM | RA | 4/24/1990 $110,000 | 12747-302 |

Print page 1 of 1

Respectfully submitted,

**CALIBER HOME LOANS, INC.** and
**U.S. BANK TRUST, N.A. AS TRUSTEE FOR**
**LSF8 MASTER PARTICIPATION TRUST**

By their attorneys,

*Thomas J. O'Neill /ABP*

Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06901
Tel.  (203) 977-7301

*Andraya B. Pulaski*

Andraya B. Pulaski
BBO #688729
apulaski@daypitney.com
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Tel.  (860) 275-0100

DATED:        December 28, 2015

## CERTIFICATE OF SERVICE

I, Andraya B. Pulaski, hereby certify that on this 28th day of December 2015, I caused a copy of the foregoing to be served via overnight mail upon:

Douglas J. Rowe, Esq.
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752
*djr@rowelawoffice.com*

_____
Andraya B. Pulaski

A true copy by photostatic process
Attest
Asst. Clerk



**COMMONWEALTH OF MASSACHUSETTS**
**WORCESTER COUNTY**
**Public Docket Report**

## 1585CV01956

**ClockedileJr., Lawrence et al  vs.  U.S. Bank Trust, N.A. Trustee for LSF8 Master Participation Trust**

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Equitable Remedies | **FILE DATE:** | 12/07/2015 |
| **ACTION CODE:** | D03 | **CASE TRACK:** | |
| **DESCRIPTION:** | Injunction | | |
| **CASE DISPOSITION DATE** | 01/08/2016 | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 01/08/2016 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil C |

### LINKED CASE

### PARTIES

| | | |
|---|---|---|
| **Plaintiff**<br>Byrnes-Clockedile,  Charlene | **Attorney**<br>Douglas J. Rowe<br>Rowe Law Offices<br>Rowe Law Offices<br>21 Cotting Avenue, PO Box 617<br>Marlborough, MA 01752<br>Work Phone (508) 485-5555<br>Added Date: 12/07/2015 | 431720 |
| **Plaintiff**<br>Clockedile,  Lawrence  R | **Attorney**<br>Douglas J. Rowe<br>Rowe Law Offices<br>Rowe Law Offices<br>21 Cotting Avenue, PO Box 617<br>Marlborough, MA 01752<br>Work Phone (508) 485-5555<br>Added Date: 12/07/2015 | 431720 |
| **Defendant**<br>U.S. Bank Trust, N.A. Trustee for LSF8 Master<br>Participation Trust | **Attorney**<br>Thomas J. O'Neill<br>Day Pitney LLP<br>Day Pitney LLP<br>One International Place<br>Boston, MA 02110<br>Work Phone (617) 345-4650<br>Added Date: 12/18/2015 | 559701 |
| | **Attorney**<br>Andraya B. Pulaski<br>Day Pitney LLP<br>Day Pitney LLP<br>242 Trumbull Street<br>Hartford, CT 06103<br>Work Phone (860) 275-0146<br>Added Date: 12/29/2015 | 688729 |



**COMMONWEALTH OF MASSACHUSETTS**
**WORCESTER COUNTY**
**Public Docket Report**

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|------|------------------|----------|------|-----------|---------|
| 12/07/2015 | Civil Filing Fee (per Plaintiff) Receipt: 4605 Date: 12/07/2015 | 240.00 | 240.00 | 0.00 | 0.00 |
| 12/07/2015 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 4605 Date: 12/07/2015 | 15.00 | 15.00 | 0.00 | 0.00 |
| 12/07/2015 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 4605 Date: 12/07/2015 | 20.00 | 20.00 | 0.00 | 0.00 |
| 12/07/2015 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 4605 Date: 12/07/2015 | 5.00 | 5.00 | 0.00 | 0.00 |
| 12/07/2015 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 4605 Date: 12/07/2015 | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **285.00** | **285.00** | **0.00** | **0.00** |



# COMMONWEALTH OF MASSACHUSETTS
## WORCESTER COUNTY
### Public Docket Report

## INFORMATIONAL DOCKET ENTRIES

| Date | Ref | Description | Judge |
|------|-----|-------------|-------|
| 01/08/2016 | | Disposed for statistical purposes | |
| 12/07/2015 | 2.00 | Original Verified civil complaint with Request for Tepmorary Restraining Order and Preliminary Injunction filed. | |
| 12/07/2015 | 1.00 | Civil action cover sheet filed. | |
| 12/07/2015 | | Demand for jury trial entered. | |
| 12/07/2015 | | Appearance entered<br>On this date Douglas J Rowe, Esq. added for Plaintiff Lawrence R Clockedile, Jr. | |
| 12/07/2015 | | Appearance entered<br>On this date Douglas J Rowe, Esq. added for Plaintiff Charlene Byrnes-Clockedile | |
| 12/07/2015 | 3.00 | Plaintiff(s) Lawrence R Clockedile, Jr., Charlene Byrnes-Clockedile's Motion for a Temporary Restraining Order and or Preliminary Injunction | |
| 12/07/2015 | 4.00 | Lawrence R Clockedile, Jr., Charlene Byrnes-Clockedile's Memorandum in support of Motion for Temporary Restraining Order | |
| 12/07/2015 | | Endorsement on Motion for a Temporary Restraining Order (#3.0):<br>Summons and Order of Notice to issue<br>ret Thursday Dec. 10,2015 @ 2 PM. Room 26. Copy given to counsel in hand. | Frison |
| 12/09/2015 | | Event Result:<br>The following event: Hearing on Equity Issue scheduled for 12/10/2015 02:00 PM has been resulted as follows:<br>Result: Rescheduled<br>Reason: Joint request of parties | Frison |
| 12/16/2015 | 5.00 | Plaintiff Lawrence R Clockedile, Jr.'s Joint Motion to Continue Hearing Preliminary Injunction | |
| 12/18/2015 | | Endorsement on Motion to continue / reschedule an event (#5.0):<br>ALLOWED<br>by agreement. | Frison |
| 12/18/2015 | | Appearance entered<br>On this date Thomas J O'Neill, Esq. added for Defendant U.S. Bank Trust, N.A. Trustee for LSF8 Master Participation Trust | |
| 12/29/2015 | | Appearance entered<br>On this date Andraya B. Pulaski, Esq. added for Defendant U.S. Bank Trust, N.A. Trustee for LSF8 Master Participation Trust | |


| 12/29/2015 | 6.00 | Notice of Removal to the United States District Court filed by |
| --- | --- | --- |
| | | Defendants U.S. Bank Trust, N,A. as Trustee for LSF8 Master Participation Trust and Caliber Home Loans, Inc. |
| | | Applies To: O'Neill, Esq., Thomas J (Attorney) on behalf of U.S. Bank Trust, N.A. Trustee for LSF8 Master Participation Trust (Defendant); Pulaski, Esq., Andraya B. (Attorney) on behalf of U.S. Bank Trust, N.A. Trustee for LSF8 Master Participation Trust (Defendant) |
| 01/08/2016 | | Event Result:<br>The following event: Hearing on Preliminary Injunction scheduled for 01/12/2016 02:00 PM has been resulted as follows:<br>Result: Canceled<br>Reason: By Court prior to date | Yessayan |
| 01/08/2016 | | Case transferred to another court. |

A true copy by photostatic process
Attest: *Karen a Zona*
Asst. Clerk