UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LAWRENCE R. CLOCKEDILE, JR. and <br> CHARLENE BYRNES-CLOCKEDILE <br> Plaintiffs <br><br> v. <br><br> U.S. BANK TRUST, N.A. AS TRUSTEE FOR <br> LSF8 MASTER PARTICIPATION TRUST <br> Defendant <br><br> CALIBER HOME LOANS, INC. <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 15-14222 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

Defendants U.S. Bank Trust, N.A. as Trustee for LSF8 Master Participation Trust ("U.S. Bank") and Caliber Home Loans, Inc. ("Caliber") (collectively, "Defendants") hereby submit this memorandum in support of their motion for summary judgment on the Verified Complaint (the "Complaint") filed by Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile ("Plaintiffs").

I. **PRELIMINARY STATEMENT**

Plaintiffs have been in default of the mortgage (the "Mortgage") that encumbers 209 Clark Street, Rochdale, Massachusetts 01542 (the "Property") for almost six (6) years.[1] They defaulted on their payment obligations in April of 2010. Now, on the eve of a foreclosure, they are attempting to delay this matter by asserting a laundry list of legally insufficient claims, including claims for

---

[1] Plaintiffs filed for Chapter 13 bankruptcy on or about March 1, 2016. Defendants are seeking relief from the automatic stay to proceed with the foreclosure sale of the Property.

equitable relief in Counts I and II, a claim for an "accounting" in Count III, claims for a breach of the duty of good faith and fair dealing in Counts IV and V, claims for alleged violations of M.G.L. c. 93A ("Chapter 93A") in Counts VI and VII, claims for intentional infliction of emotional distress in Counts VIII and IX, a claim for negligence in Count IX (sic), and a claim for breach of contract in Count X (sic). All of these claims, however, fail as a matter of law.

## II. STATEMENT OF UNDISPUTED FACTS

Plaintiffs have been in default of the Mortgage since April, 2010 for failure to make payments on a loan agreement (the "Note"), that memorialized an obligation to repay a loan in the principal amount of $275,497.98 (the "Loan") executed in favor of Household Finance Corporation II ("Household Finance"). (Defendants' Concise Statement of Undisputed Material Facts in Support of Their Motion for Summary Judgment ("SMF") ¶ 1, 9.) U.S. Bank has been in possession of the Note since December 5, 2013. (*Id.* ¶ 8.) U.S. Bank is the current holder of the Mortgage by way of an assignment of the Mortgage from Household Finance dated July 31, 2014 (the "Assignment"). (*Id.* ¶ 6.) Caliber, acting under a limited power of attorney (the "Power of Attorney"), had the authority to execute the Assignment on behalf of Household Finance. (SMF ¶ 7.)

## III. SUMMARY JUDGMENT STANDARD

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." *Thompson v. Coca-Cola Co.*, 522 F.3d 168, 175 (1st Cir. 2008) (quotation marks omitted). "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law."

*Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir. 2000) (quoting *Sanchez v. Alvarado*, 101 F.3d 233, 227 (1st Cir. 1996)).

If the movant meets its burden of demonstrating the absence of a genuine issue of material fact, then the "non-moving party may not rest on the allegations or denials in his pleadings, but must come forward with specific admissible facts showing that there is a genuine issue for trial." *Kirtz w. Wells Fargo Bank N.A.*, No. 12-10690, 2014 U.S. Dist. LEXIS 107152 (D. Mass Aug. 5, 2014) (citations omitted) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010)). To defeat a motion for summary judgment, the non-moving party must produce specific facts "sufficient to deflect the swing of the summary judgment scythe." *Mulvihill v. Top-Flite Golf Co.*, 335 F.3d 15, 19 (1st Cir. 2003).

IV. **LEGAL ARGUMENTS**

    A. <u>Plaintiffs do not Have a Substantial Likelihood of Succeeding on the Merits, Therefore, the Claims for Injunctive Relief in Counts I and II Fail as a Matter of Law.</u>

In Counts I and II, Plaintiffs request a temporary restraining order (Count I) and preliminary injunction (Count II) to prevent Defendants from foreclosing on the Mortgage. Whether a party is seeking a temporary restraining order or a preliminary injunction, the moving party must demonstrate (1) irreparable harm if the injunction is denied, (2) that the risk to the moving party outweighs the risk to the non-moving party, and (3) that the moving party is likely to succeed on the merits. *DelBuono v. Mass. Interscholastic Athletic Ass'n*, No. 06-00481, 2006 WL 1345563, at *2 (Mass. Super. Mar. 13, 2006) (for temporary restraining orders); *Jeevanandam v. Santander Bank, N.A.*, No. MICV201408234, 2014 WL 7641545, at *1 (Mass. Super. Nov. 25, 2014) (for preliminary injunctions).

Plaintiffs' claims for injunctive relief are based on the argument that Caliber lacked the necessary authority to execute the Assignment on behalf of Household Finance. In support of these claims, Plaintiffs allege that the Assignment references an expired power of attorney (the "Prior Power of Attorney"). This assertion, however, does not strip Caliber of the authority to execute the Assignment. There was another power of attorney executed by Household Finance that authorized Caliber to "procure, prepare, complete, execute and record any mortgage, deed of trust or similar security instrument… and any assignment" (the "Operative POA"). (SMF ¶ 7, Ex. D.) The Operative POA was dated as of December 20, 2013 and expired by its terms at 11:59 p.m. on December 29, 2014, approximately five months after the execution of the Assignment on July 31, 2014. (SMF Ex. D, Article III.) As a result, contrary to Plaintiff's claim, Caliber was authorized to execute the Assignment.

The fact that the Operative POA may not have been recorded with the land records when the Assignment was executed does not change this result. Massachusetts law does not require the recording of a power of attorney. *Eastwood v. Hayes*, 286 Mass. 508, 512 (1934) (instrument executed pursuant to an unrecorded power of attorney is valid); *see also* G.L. c. 183, § 54B (an assignment of mortgage or a power of attorney given for the purpose of assigning the mortgage "shall be <u>entitled</u> to be recorded," connoting eligibility for recordation, but not a requirement (emphasis added)). Thus, the fact that there was a power of attorney that gave Caliber the right to execute the Assignment on July 31, 2014 entitles Defendants to a judgment on Counts I and II as a matter of law.

Additionally, because Caliber had authority to execute the Assignment pursuant to the Operative POA, Plaintiffs do not have standing to challenge the Assignment on the basis that it referenced the Prior Power of Attorney. See *HSBC Bank, USA, Nat'l. Ass'n v. Howe*, No. 15-

ADMS-10016, 2016 WL 797622, at *2 (Mass. App. Div. Feb. 19, 2016) ("[W]here the foreclosing entity has established that it validly holds the mortgage, a mortgagor in default has no legally cognizable stake in whether there otherwise might be latent defects in the assignment process." (quoting *Bank of N.Y. Mellon Corp. v. Wain*, 85 Mass. App. Ct. 498, 503 (2014)). Therefore, based on the above, Plaintiffs are unlikely to succeed on the merits of their claims and Counts I and II should be decided in Defendants' favor.

      B.    <u>Defendants are not in Possession of the Property, Therefore, Count III Fails as a Matter of Law.</u>

In Count III, Plaintiffs allege that "a full and complete accounting is required." Plaintiffs do not cite to any authority entitling them to an accounting. In fact, Massachusetts law provides that when a mortgagee *takes possession of property*, the mortgagee must account for rents and profits derived from that property. G.L. c. 244, § 20. In this case, Plaintiffs allege that they reside at the Property and, therefore, it is undisputed that Defendants do not have possession. (Compl. ¶ 2.) As a result, Plaintiffs' claim for an accounting fails as a matter of law.

      C.    <u>Plaintiffs Fail to Allege in Count IV Any Facts That Constitute a Breach of the Covenant of Good Faith and Fair Dealing as a Matter of Law.</u>

Count IV is directed to U.S. Bank only. In that count, Plaintiffs allege that U.S. Bank breached the covenant of good faith and fair dealing by "its negligence and refusal to act or deal in good faith to resolve issues." The covenant of good faith and fair dealing requires "that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Blank v. Chelmsford OB/GYN, P.C.,* 420 Mass. 404, 407 (1995) (quoting *Anthony's Pier Four, Inc. v. HBC Assocs.*, 411 Mass. 451 (1991)). However, the scope of the covenant is limited to the contract between the parties. *Adamson v. Mortg. Elec. Registration Sys., Inc.*, No. 11-0693, 2011 WL 4985490, at *3-4 (Mass. Super. Oct.

19, 2011). Where a party fails to assert another party's failure to act pursuant to the contract, his claim fails as a matter of law. *Id*. (failure to plead breach of contract or injury under contract resulted in dismissal of claim for breach of covenant of good faith and fair dealing).

Here, Plaintiffs do not identify the contract they rely on, nor do they assert facts regarding U.S. Bank's alleged failure to perform pursuant to a contract. To the extent they are relying on the Mortgage as the contract to support their claim, the Mortgage does not require U.S. Bank to negotiate a "resolution" of the undisputed default of their payments obligations beginning in April of 2010. (SMF ¶¶ 1, 8.) Based on the default, U.S. Bank acted within the bounds of the Mortgage, which permits U.S. Bank to accelerate the Mortgage and invoke the statutory power of sale if Plaintiffs fail to satisfy their payment obligations. (SMF Ex. C ¶ 17.) As a result, since the claim for an alleged breach of the duty of good faith and fair dealing in Count IV is not based on any rights created by a contract, U.S. Bank is entitled to judgment on this claim as a matter of law.

> D. <u>Plaintiffs do not Allege a Contract With Caliber and Therefore Count V Fails as a Matter of Law.</u>

In Count V, Plaintiffs attempt to assert a claim against Caliber for breach of the covenant of good faith and fair dealing. As stated above, the existence of a contract is necessary to a successful claim for breach of the covenant of good faith and fair dealing. *See Blank*, 420 Mass. at 407. Plaintiffs do not allege that they had a contract with Caliber. This is not surprising. Caliber is not a party to the Mortgage. (*See* SMF Ex. C.) Without a contract between themselves and Caliber, the claim for a breach of a duty of good faith and fair dealing in Count V fails as a matter of law.

> E. <u>The Facts Alleged in Counts VI and VII do not Support a Violation of Chapter 93A as a Matter of Law.</u>

In Count VI (directed at U.S. Bank) and Count VII (directed at Caliber), Plaintiffs allege that Defendants violated Chapter 93A by "knowingly or negligently record[ing] false documents and it (sic) fail[ing] to take reasonable steps and make good faith effort (sic) to avoid foreclosure." In order to prevail on a claim for violation of Chapter 93A, Plaintiffs must show "1) a deceptive act or practice on the part of [D]efendant[s], 2) an injury or loss suffered by [P]laintiff[s] and 3) a causal connection between the [D]efendant[s'] deceptive act or practice and the [P]laintiff[s'] injury." *Jones v. Experian Info, Sols., Inc.*, No. 14-10218, 2015 WL 6509117, at *3 (D. Mass. Oct. 27, 2015) (quoting *Gorbey ex rel. Maddox v. Am. Journal of Obstetrics & Gynecology*, 849 F. Supp. 2d 162, 165 (D. Mass. 2012)).

> In determining whether a practice violates Chapter 93A, the Court must look to '(1) whether the practice is . . . within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury to consumers[.]'

*Young v. Wells Fargo Bank, N.A.*, 109 F. Supp. 3d 387, 397 (D. Mass. 2015) (alterations in original) (quoting *Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.*, 412 F.3d 215, 243 (1st Cir. 2005)). Liability for violation of Chapter 93A only attaches for actions that "attain a level of rascality that would raise an eyebrow of someone inured to the rough and tumble world of commerce." *Gould v. Bank of N.Y. Mellon*, No. 14-40096, 2015 WL 4920038, at *6 (D. Mass. Aug. 18, 2015) (quoting *In re Pharm. Indus. Average Wholesale Price Litig.*, 582 F.3d 156, 185 (1st Cir. 2009)).

As demonstrated above, Defendants had the authority to execute the Assignment as set forth in the Operative POA. The fact that the Assignment may have referenced a Prior Power of Attorney certainly does not rise to the level of rascality that would raise the eyebrow of someone inured to the rough and tumble world of commerce. Plaintiffs' allegation is nothing more than a

desperate attempt to gloss over the fact that they defaulted on the Mortgage approximately six years ago in April of 2010. As a result, Plaintiffs' hollow claims that Defendants violated Chapter 93A fail as a matter of law.

Plaintiffs' lone allegation that Caliber did not respond to a request to "refinance" does not save the claims. Massachusetts law is clear. Plaintiffs are not entitled to a modification of the Mortgage once they default and a lender is not obligated to offer a refinance. *Mackenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 491 (1st Cir. 2013) ("[U]nder Massachusetts case law, absent an explicit provision in the mortgage contract, there is no duty to negotiate for loan modification once a mortgagor defaults." (quotation marks omitted)); *see also Mammola v. Mt. Wash. Co-op. Bank*, No. 13-11000, 2014 WL 1321099, *2 (D. Mass. 2014) (court dismissed claim from borrower-plaintiffs that bank-defendants breached duty by "failing to respond, refusing to cooperate and appearing unwilling to consider Plaintiff's [sic] legitimate purchase or refinance options" because defendants did not owe a duty to plaintiffs to facilitate a refinance of the loan). As a result, Plaintiffs' claims do not rise to the level of "rascality" necessary for Defendants to be liable for a violation of Chapter 93A and, therefore, this Court should render judgment in favor of Defendants on Counts VI and VII.

    F.    <u>Plaintiffs Fail to Allege the Necessary Elements to Support a Claim for Intentional Inflection of Emotional Distress in Counts VIII and IX.</u>

In Count VIII (directed at U.S. Bank) and Count IX (directed at Caliber), Plaintiffs attempt to allege claims for intentional infliction of emotional distress based on the vague allegation that Defendants failed "to follow statutorily required procedures." In order to prevail on a claim for intentional infliction of emotional distress, Plaintiffs have to show that Defendants engaged in "extreme and outrageous" conduct that caused Plaintiffs to suffer "severe distress." *Hellenga v. Controlled Risk Ins. Co. of Vt., Inc.*, 2014 Mass. App. Unpub. LEXIS 435, at *2

(Apr. 2), *appeal denied*, 468 Mass. 1107 (2014).  Conduct is "extreme and outrageous" where it is "beyond all bounds of decency." *Id*. (quoting *Howcroft v. Peabody*, 51 Mass. App. Ct. 5573 (2001)).  This Court has held that "foreclosures, even ones that may involve improper conduct, do not readily go beyond all possible bounds of decency."  *Payton v. Wells Fargo Bank, N.A.*, No. 12-11540, 2013 WL 782601, at *4 (D. Mass. Feb. 28, 2013) (quoting *Alvarez v. U.S. Bank. N.A.*, No. 11-12324, 2012 WL 2394680, at *9 (D.Mass. June 22, 2012)).  Furthermore, this Court has previously rejected claims that failure to consider a borrower for mortgage modification is actionable conduct for an intentional infliction of emotional distress claim.  *Id*.  Thus, the sole allegation that Defendants failed to follow some unspecified procedure falls well short of supporting a claim for intentional infliction of emotional distress.

Moreover, it is undisputed that the Assignment is valid and that Plaintiffs have defaulted on the Loan.  (SMF ¶¶ 1, 7, 9.)  As a result, the fact that Defendants are invoking the statutory power of sale does not amount to the "extreme and outrageous" conduct that is required for a claim of intentional infliction of emotional distress.  Therefore, Plaintiffs' claims in Count VIII and IX fail as a matter of law.

> G.  The Undisputed Facts do not Support Plaintiffs' Claim, Therefore, Count IX Should be Decided in Defendants' Favor.

In Count IX, Plaintiffs attempt to assert a claim for negligence.  In order to establish a claim for negligence, Plaintiffs must prove that Defendants owed them a duty, Defendants breached that duty, and they suffered damages as a result of that breach.  *See Donovan v. Philip Morris USA, Inc.*, 455 Mass. 215, 221-22 (2009).  Plaintiffs attempt to support their claim for negligence by alleging that Defendants owed them a duty to (1) "properly and legally record properly and legally prepared documents" and (2) "follow all statutorily required actions and filings before falsely proceeding to foreclose." (Compl. ¶¶ 40-41.)  Plaintiffs' summary fashion

of pleading, without reference to any statute or recognized common law duty, makes the nature of Plaintiffs' claim indecipherable. To the extent this allegation relates to the claim that Caliber did not have the authority to execute and record the Assignment, as shown above, Caliber had the requisite authority. If the allegation is asserting that Defendants had an obligation or duty to offer a refinance or a mortgage modification, there is no such duty. Plaintiffs defaulted on the Mortgage almost six years ago by failing to satisfy their payment obligations and, therefore, Defendants have the right to invoke the statutory power of sale.

Furthermore, Plaintiffs' claim for negligence is barred by the economic loss doctrine, which prevents Plaintiffs from recovering in a negligence action where they have not sustained personal injury or property damage. *Corcoran v. Saxon Mortg. Servs., Inc.*, No. 09-11468, 2010 WL 2106179, at *4 (D. Mass. May 24, 2010). It is notable that Plaintiffs do not allege that they suffered any particular damages, stating only that Defendants are liable for damages "in an amount to be determined by the fact finder." Where Plaintiffs fail to allege any non-economic damages, or any damages at all, their negligence claim must fail. Additionally, this Court need not credit Plaintiffs' conclusory statement that Defendants are liable to Plaintiffs for damages. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 628 (1st Cir. 1996). For the reasons stated above, Plaintiffs' claim for negligence must fail.

H. <u>The Undisputed Facts Require Count X to be Decided in Defendants' Favor.</u>

In Count X, Plaintiffs allege that Defendants breached "the terms and conditions of the security agreement and mortgage" by not recording documents or complying with "other laws or regulations under Massachusetts Law (sic)." To succeed on a breach of contract claim, Plaintiffs must prove that "(1) [they] had a valid contract with the [D]efendant[s]; (2) the [D]efendant[s] breached the contract; (3) and the [P]laintiff[s] suffered damage as a result of the breach."

*Palacio v. HSBC Bank, N.A.*, 30 Mass. L. Rep. 308, 2012 Mass. Super. LEXIS 255, at *16 (Oct. 12, 2012) (citing *Singarella v. Boston*, 342 Mass. 385, 387 (1961)).

The breach of contract claim in Count X fails as a matter of law for three reasons. First, as noted above, it is undisputed that Caliber is not a party to the Note or Mortgage. (SMF Exs. B-C.) As a result, Plaintiffs cannot recover on a claim for the breach of a contract that did not exist. Second, it is undisputed that Plaintiffs defaulted on the Mortgage. (SMF ¶¶ 1, 8.) Therefore, as holder of the Mortgage, U.S. Bank did not breach a contract by exercising its right to foreclose. *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 646 (2011) (pursuant to the statutory power of sale, a mortgagee is permitted to sell the property of a mortgagor after a mortgagor defaults on payment on the underlying note.). Finally, the only alleged acts cited by Plaintiffs in support of their claim that U.S. Bank breached a contract by not "recording documents" or following "other laws or regulations under Massachusetts law" are: (1) U.S. Bank did not have standing to foreclosure because Caliber lacked the authority to execute the Assignment; and (2) U.S. Bank was obligated to refinance or modify the loan. As noted above, however, both claims fail as a matter of law. As a result, this Court should grant judgment in favor of Defendants on Count X.

## V. **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that this Court enter an Order granting its motion for summary judgment because there are no material facts in dispute and Defendants are entitled to summary judgment as a matter of law.

Respectfully submitted,

**CALIBER HOME LOANS, INC.** and
**U.S. BANK TRUST, N.A. AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST**

By their attorneys,

<u>/s/ Thomas J. O'Neill</u>
Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06103
Tel.   (203) 977-7301

Darian M. Butcher
BBO #685568
dbutcher@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02110
Tel.   (617) 345-4668

DATED:     March 28, 2016

# CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on March 28, 2016.

      /s/ Darian M. Butcher
      Darian M. Butcher