Lawrence R. Clockedile, Jr. and
Charlene Byrnes-Clockedile
        Plaintiffs

vs                                     Civil Action No. 15-14222

U.S. Bank Trust, N.A. as Trustee for
LSF8 Master Participation Trust and
        Defendant

Caliber Home Loans, Inc.
        Defendant

---

## PLAINTIFFS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      The Plaintiffs Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile,

("Clockedile") hereby submit this memorandum of law in opposition to Defendants Motion for

Summary Judgment based on the Verified Complaint, the Defendants Answer and statement of

material facts with exhibits incorporated in Defendants Motion for Summary Judgment.

## I.      PRELIMINARY STATEMENT

1.     The Defendants have held themselves out as assignees of the mortgage and the Plaintiffs,

     question under Massachusetts Law, whether the Defendants have a valid assignment.

     Plaintiffs state they have contacted the Defendants to request a workout or modification

     of a mortgage that is admittedly "underwater," and the Defendants did not make a good

     faith effort to comply with Massachusetts Law prior to commencing foreclosure.

## II.     STATEMENT OF FACTS

2.     The Defendant Caliber states in its Affidavit that it was in compliance with M.G.L. 183

     §35C, An Act Preventing Unlawful and Unnecessary Foreclosures, on September 3,

     2015, ("CSF" 3)  when for the first time on November 24, 2015 it began the review of

information ("CSF" 2) required by the statute. The Affidavit, was a required part of the judicial foreclosure proceeding and is recorded in Worcester District Registry of Deeds at Book 54367, Page 203.

3.    The Defendants claim the right to the Note and Mortgage by Assignment from Household Finance Corporation II ("CSF" 7, Exhibit 6), which relied on an expired Power of Attorney recorded in said deeds, ("CSF" 4) and refers to the Assignment dated July 31, 2014.

4.     The Defendants would have the Court believe the Note was transferred on December 5, 2013, without explanation as to how and prior to the recorded Mortgage Assignment.

5.    The Defendants would have the Court believe the recorded Assignment to Defendant LSF8 Master Participation Trust which states on its face it is done by a power of Attorney that had expired is somehow cured by a unrecorded Power of Attorney to the Purchaser LSF8 Mortgage Holdings, LLC ("CSF" 5), that has an effective date of December 20, 2013, after the date the Note was said to be in the possession of the Defendants. LSF8

6.    Mortgage Holdings, LLC is not a party to these proceedings, and the alleged Power of Attorney, referencing an Interim Servicing Agreement, that has not been produced, and it is unknown if the Plaintiffs' Loan was included in a sale, if there was one.

### III.    SUMMARY JUDGMENT STANDARD

7.    The Plaintiffs agree they must show evidence that a material fact is in dispute and that the Defendant must meet its burden of demonstrating a absence of a genuine issue of material fact and law.

### IV.    LEGAL ARGUMENTS

A.    The Plaintiffs admit that they suffered financially during the economic downturn when the banking institutions were rescued and the courts and legislature became involved in the litigation and remedies, the Defendant US Bank was no exception.

8.    In 2007 U.S. Bank National Association as Trustee began a foreclosure proceeding that would lead to landmark decisions in Massachusetts. The Supreme Judicial Court of Massachusetts decided that procedure did matter, and Justice Cordy with the concurrence of Justice Botsford wrote, " I concur fully in the opinion of the court, and write separately only to underscore that what is surprising about these cases is not the statement of principles articulated by the court regarding title law and the law of foreclosure in Massachusetts, but rather the utter carelessness with which the plaintiff banks documented the titles to their assets. There is no dispute that the mortgagors of the properties in question had defaulted on their obligations, and that the mortgaged properties were subject to foreclosure. Before commencing such action, however, the holder of an assigned mortgage needs to take care to ensure that his legal paperwork is in order. Although there was no apparent actual unfairness here to the mortgagors, that is not the point. Foreclosure is a powerful act with significant consequences, and Massachusetts law has always required that it proceed strictly in accord with statues." *U.S. Bank National Association as Trustee v. Antonio Ibanez,* 458 Mass. 637, 655 (2011). ("Ibanez").

9.    The Legislature passed and the governor signed on August 3, 2012, Chapter 194 of the Acts of 2012, "An Act Preventing Unlawful and Unnecessary Foreclosures."   A part of that act, M.G.L. c. 183 § 35C (d) states "A creditor violates this chapter if the creditor makes statements to a state or federal court related to foreclosure or compliance with this chapter, orally or in writing, that it knows or should know are false, including but not limited to, statements about the offering of a loan modification, the borrower's history of payments, the validity of the assignment of the mortgage loan, that the creditor is the record holder of the mortgage loan or the creditor's compliance with any other requirements of this chapter."

10.     The Defendants argue that the Power of Attorney now offered to this court, acting under the laws of the Commonwealth of Massachusetts is to a purchaser LSF8 Mortgage Holdings, LLC, apparently a foreign LLC not registered to do business in the Commonwealth of Massachusetts, and expressly prohibited from using the courts of the commonwealth by M.G.L. c. 156C §54(a) (". . . no action shall be maintained or recovery had by the foreign limited liability company in any courts of the commonwealth as long as such failure continues."). The LLC may defend itself, but it is not the Defendant. It apparently is the authority from whom the Defendant claims its authority to act in the courts of Massachusetts to initiate the foreclosure.

11.     The Defendants rely on *Bank of N.Y.Mellon Corp. v. Wain*, 85 Mass App Ct. 498 (2014) an appeal of a summary process counterclaim where the court criticized the homeowners for not bringing the action in the Superior Court to enjoin the foreclosure, which is the current action.

12.     The court then went on to discuss the validity of the assignment, and discussed whether the sale would be voidable or void. The Plaintiffs in this action argue that the Defendants assignment is not valid under Massachusetts Law, and therefore void. An expired or unlawful Power of Attorney can not make the assignment valid.

B.      The Plaintiffs will waive a request for an accounting under Count III and summary Judgment may be granted to Defendants on said Count.

C.      The Defendant U.S. Bank that is claiming a valid assignment of the mortgage by the Plaintiffs now wishes to assert that when it stands in the shoes of Household Finance Corporation II, that it is not bound by the mortgage contract to act or deal in good faith. Further the Defendant U.S. Bank states it is only bound by the contract and ignores its duties under Massachusetts Law, An Act Preventing Unlawful and Unnecessary Foreclosures.

D.  The Defendant Caliber, claiming a valid assignment of the mortgage and appointment as Servicer, wishes to assert that when it stands in the shoes of Household Finance Corporation II, that it is not bound by the mortgage contract to act or deal in good faith. Further the Defendant Caliber surprisingly states that it is not a party to the mortgage as a servicer and presumably can ignore its duties under Massachusetts Law, Act Preventing Unlawful and Unnecessary Foreclosures.

E.  A violation of the Act Preventing Unlawful and Unnecessary Foreclosures, the Affidavit of Compliance on September 3, 2015, was clearly erroneous and qualifies as a violation of M.G.L. c 93A as the plaintiffs are consumers under the statute and to quote the defendants, the "rascality" of the Defendants does rise to the point of negligence on their part as they have not bothered to read the documents, again quoting Justice Cordy from Ibanez: "Before commencing such action, however, the holder of an assigned mortgage needs to take care to ensure that his legal paperwork is in order."

F.  The Defendants emphasize that the assignment is "Moreover it is undisputed" which is patently false and misleading as there is ample evidence to show that the assignment is based on Powers of Attorney that can not be used for their alleged purpose.

G.  Two recorded documents, ("CSF" 7, Exhibit 6) are the Assignment dated July 31, 2014, which on its face states it relies on a Power of Attorney ("CSF" 4, Exhibit 4) which on its face expired June 3, 2014, clear negligence, and further compounded by the Defendants filing that information in Affidavit with the Land Court and recording it ("CSF" 3, Exhibit 3). The offered unrecorded Affidavit which refers to an unknown LLC is done with rascality and negligence.

## V.    CONCLUSION

The Plaintiffs state they waive Count III, and state they have and will in greater particularity on all other counts show that the Defendant's are attempting to proceed against Massachusetts

Consumers, and against property owned by them, with a Foreclosure, not in compliance with

Massachusetts Law that is based on a void assignment, a lapsed Power of Attorney, a

non-admissible Power of Attorney, and Affidavits of questionable accuracy and deliberate

rascality in violation of An Act Preventing Unlawful and Unnecessary Foreclosures.

Respectfully submitted,

/s/ Douglas J Rowe
Douglas J. Rowe BBO # 431720
Attorney for Lawrence R. Clockedile, Jr and
Charlene Byrnes-Clockedile
Rowe Law Office
21 Cotting Avenue
Marlborough, MA 01752-0617
Tel 508-485-5555 Fax 508-485-8888
djr@rowelawoffice.com

DATED April 15, 2016

## CERTIFICATION OF SERVICE

I, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified onthe Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on April 15, 2016.

/s/ Douglas J. Rowe
Douglas J, Rowe