UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAWRENCE R. CLOCKEDILE, JR. and<br>CHARLENE BYRNES-CLOCKEDILE<br>Plaintiffs<br><br>v.<br><br>U.S. BANK TRUST, N.A. AS TRUSTEE FOR<br>LSF8 MASTER PARTICIPATION TRUST<br>Defendant<br><br>CALIBER HOME LOANS, INC.<br>Defendant | Civil Action No. 15-14222 |

# DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendants Caliber Home Loans, Inc. ("Caliber") and U.S. Bank Trust, N.A. as trustee for LSF8 Master Participation Trust ("U.S. Bank," and collectively, "Defendants"), pursuant to this Court's order entered on April 27, 2016, submit this reply to plaintiffs Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile's ("Plaintiffs") opposition (the "Opposition") to Defendants' motion for summary judgment (the "Motion"), to address Plaintiffs' arguments that the Motion should be denied because: (1) the limited power of attorney (the "Operative POA") given by Household Finance Corporation II ("Household Finance") "is to purchaser LSF8 Mortgage Holdings, LLC," and not to LSF8 Master Participation Trust (Doc. No. 18, Ex. D); (2) Defendants have violated G.L. c. 183 § 35C[1]; (3) Defendants have violated G.L. c. 244, §35B; and (4) a scrivener's error that references the incorrect power of attorney renders the assignment

---

[1] Plaintiffs allege for the first time in the Opposition that Defendants violated G.L. c. 183, § 35C. No such statute exists. Based on Plaintiffs' purported quote from the allegedly violated statute, it is in fact G.L. c. 244, § 35C that Plaintiffs claim Defendants have violated. Therefore, Defendants' arguments will address the absence of liability under G.L. c. 244, § 35C.

of the mortgage on 209 Clark Street, Rochdale, MA from Household Finance to U.S. Bank (the "Assignment") void.  Each of Plaintiffs' arguments is without merit, therefore, Defendants are entitled to summary judgment.

I. THE OPERATIVE POWER OF ATTORNEY CONFERRED THE NECESSARY POWER TO CALIBER TO EXECUTE THE ASSIGNMENT OF MORTGAGE.

In an effort to avoid summary judgment, Plaintiffs claim that Caliber was not authorized to execute the Assignment because the Operative POA "is to purchaser LSF8 Mortgage Holdings, LLC."  Doc No. 24, ¶ 10.  The Plaintiffs are wrong.  Household Finance (the "Seller") did not execute the Operative POA in favor of LSF8 Mortgage Holdings, LLC.  Instead, it executed the Operative POA in favor of Caliber, and appointed Caliber, the "Successor Servicer," as its true and lawful agent and attorney in fact.  Specifically, the Operative POA provides in relevant part that:

> Seller does hereby make,, constitute and appoint Successor Servicer [Caliber Home Loans, Inc.] at the direction of the Purchaser [LSF8 Mortgage Holdings, LLC] ], as Seller's true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in Seller's name, place and stead: (i) to procure, prepare, complete, <u>execute and record</u> any mortgage, deed of trust or similar security instrument (collectively, the "Mortgage") and <u>any assignment of Mortgage</u> or reconveyance instrument which is required (a) to cure any defect in the chain of title, (b) to ensure that record title to the Mortgage Loan vests in the Purchaser or LSF8 Master Participation Trust, and (c) for any other transfer of record title which is required with respect to the Mortgage Loans or the underlying security interest related to each Mortgage Loan; and (ii) to ensure that each promissory note related to each Mortgage Loan has been properly endorsed to the proper person or entity; . . .

(Doc. No. 18, Ex. D, pg. 1) (emphases added).

The reference to LSF8 Mortgage Holdings, LLC only serves to identify the name of the purchaser of the mortgage loans, and does not affect or relate to Household Finance's grant of the power of attorney to Caliber to execute documents, including the express authority to execute the Assignment to ensure that record title vests in LSF8 Master Participation Trust.  Therefore,

this Court should disregard Plaintiffs' attempt to create a question of fact by erroneously claiming that the Operative POA did not give Caliber the authority to execute the Assignment, and grant summary judgment in Defendants' favor.

II. DEFENDANTS DID NOT VIOLATE G.L. c. 244, § 35C.

In a conclusory fashion, Plaintiffs allege that Defendants violated G.L. c. 244, § 35C. In the first instance, Plaintiffs' bare-bones allegations cannot defeat Defendants' Motion. "In opposing a motion for summary judgment, a plaintiff 'cannot rely exclusively on bald assertions, unsupported conclusions, or optimistic surmises.'" *McGee v. Town of Rockland*, No. 11-10523, 2012 WL 6644781, at *5 (D. Mass. Dec. 20, 2012) (quoting Bennett v. Saint–Gobain Corp., 507 F.3d 23, 30 (1st Cir.2007).

Moreover, Plaintiffs' vague claim that Defendants violated G.L. c. 244, §35C(d) by making "statements to a state or federal court related to foreclosure or compliance with this chapter, orally or in writing, that it knows or should know are false" fails as a matter of law. Doc. No. 24, ¶ 9. Plaintiffs claim that Defendants have made a "statement" that the Assignment is valid when Defendants knew or should have known that the Operative POA did not effectively authorize Caliber to execute the Assignment on behalf of Household Finance. However, as discussed above, the Operative POA effectively conferred the necessary authority to Caliber. Therefore, because the Assignment is valid, Plaintiffs' allegation that Defendants violated G.L. c. 244, § 35C has no merit and does not create a genuine issue of material fact.

III. DEFENDANTS DID NOT VIOLATE G.L. c. 244, §35B.

Plaintiff Lawrence R. Clockedile, Jr., in an affidavit attached to the Opposition, contends that Defendants violated G. L. c. 244, § 35B because they allegedly did not contact Plaintiffs "regarding compliance with G.L. c. 244, §35B prior to September 3, 2015." Doc. No. 23-1.

This is the first time that Plaintiffs make this claim. Regardless of the untimeliness of the claim, such a claim is without merit. *See* Doc. No. 14, pp. 3-10. General Laws chapter 244, §35B(b) provides that a creditor shall not cause the publication of a notice of a foreclosure sale unless "it has first taken reasonable steps and made a good faith effort to avoid foreclosure." The statute also provides a presumption of compliance when the creditor has engaged in analysis of the borrowers' ability to pay a modified mortgage amount and the net present value of a modified loan as compared to the creditor's anticipated net recovery that would result from foreclosure. G. L. c. 244, § 35B(b)(2). This statute, however, does not require Defendants to contact Plaintiffs regarding compliance with the section, as Plaintiffs allege.

Furthermore, Plaintiffs do not even assert basic factual contentions to support their allegation that Defendants violated G. L. c. 244, § 35B. Instead, they make a blanket and conclusory accusation that Defendants violated G. L. c. 244, § 35B, which is insufficient to defeat the Motion. *McGee,* 2012 WL 6644781.

Finally, Plaintiffs do not cite a single case in which a Massachusetts court held that failure to comply with G.L. c. 244, § 35B strips a mortgagee of the power of sale. This is not surprising. There are no cases. Moreover, Plaintiffs admit that they defaulted on their mortgage. Doc. No. 22, ¶ 9. In Massachusetts, pursuant to the power of sale as codified by G.L. c. 183, § 21, a mortgagee is permitted to sell the property of a mortgagor at a public auction after a mortgagor defaults on payment on the underlying note. *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 646 (2011). Thus, Defendants had every right to exercise the power of sale and, therefore, summary judgment must be granted in Defendants' favor.

IV.     THE ASSIGNMENT IS VALID.

As a result of a scrivener's error, the Assignment references the incorrect power of attorney.  Though Defendants have now provided the Operative POA, Plaintiffs continue to argue that the Assignment is void.  Doc. No. 24, ¶ 12.  A scrivener's error, however, will not void an otherwise valid assignment.  *Sullivan v. Kondaur Capital Corp.*, 85 Mass. App. Ct. 202, 213, *rev. denied,* 469 Mass. 1104 (2014); *see also SunTrust Mortg. Inc. v. Forsberg*, No. 11 MISC. 449295, 2013 WL 5783020, at *7 (Mass. Land Ct. Oct. 28, 2013) (finding scrivener's error in notice of foreclosure sale that incorrectly named the holder of the mortgage did not invalidate the sale).  Therefore, where Defendants have proved the validity of the Assignment by producing the Operative POA, Plaintiffs' claim that the Assignment is void fails as a matter of law.

V.      CONCLUSION

For the reasons stated above and in the Motion, this Court should grant Defendants' Motion.

Respectfully submitted,

**CALIBER HOME LOANS, INC.** and
**U.S. BANK TRUST, N.A. AS TRUSTEE FOR
LSF8 MASTER PARTICIPATION TRUST**

By their attorneys,

<u>/s/ Thomas J. O'Neill</u>
Thomas J. O'Neill
BBO #559701
tjoneill@daypitney.com
DAY PITNEY LLP
One Canterbury Green
Stamford, CT 06103
Tel.   (203) 977-7301

Darian M. Butcher
BBO #685568
dbutcher@daypitney.com
DAY PITNEY LLP
One International Place
Boston, MA 02110
Tel.   (617) 345-4668

DATED:      May 2, 2016

# CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic (NEF) and paper copies will be sent to those indicated as non-registered participants on May 2, 2016.

                                  /s/ Darian M. Butcher
                                  Darian M. Butcher