## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| **LAWRENCE R. CLOCKEDILE, JR. and** | ) | |
| **CHARLENE BYRNES-CLOCKEDILE,** | ) | **CIVIL ACTION** |
| | ) | |
| **Plaintiffs,** | ) | **NO. 4:15-CV-14222-TSH** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **U.S. BANK TRUST, N.A. AS TRUSTEE** | ) | |
| **FOR LSF8 MASTER PARTICIPATION** | ) | |
| **TRUST and CALIBER HOME LOANS,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Docket No. 16)

### May 25, 2016

Lawrence R. Clockedile, Jr. and Charlene Byrnes-Clockedile (Plaintiffs) filed this action to challenge the foreclosure of their home. They assert ten counts against the foreclosing bank, U.S. Bank Trust, N.A., as Trustee for LSF8 Master Participation Trust (U.S. Bank), and its servicer, Caliber Home Loans, Inc. (Caliber) (collectively, Defendants). Defendants move for summary judgment. For the reasons set forth below, Defendants' motion (Docket No. 16) is ***granted***.

### Background

In March of 2007, Plaintiffs executed a mortgage and loan agreement in favor of Household Finance Corporation II (Household Finance) in the amount of $275,497.98. The mortgage

encumbered property located on Clark Street in Rochdale, Massachusetts.  Plaintiffs have been in default since April of 2010.

On July 31, 2014, Household Finance assigned the mortgage to U.S. Bank.  Caliber, which was Household Finance's servicer, executed the assignment on Household Finance's behalf.  The assignment referenced a power of attorney (POA), which was granted by Household Finance to Caliber, dated June 3, 2013 and recorded in December of 2013.  This POA was expired at the time of the assignment.  However, Household Finance had issued another POA to Caliber, dated December 20, 2013, valid for one year, which was in effect on the date of the assignment.  This POA was not referenced in the assignment document, and it is unclear whether it had been recorded at the time of the assignment.  The assignment itself was recorded on August 5, 2014.  In the fall of 2015, Caliber—which is now the servicer for U.S. Bank—began initiating foreclosure proceedings.   Around the same time, Plaintiffs contacted Caliber and requested a loan modification.  The foreclosure sale was initially scheduled for December of 2015 but has since been postponed.

Plaintiffs brought this suit against U.S. Bank and Caliber in December of 2015.  They request a temporary restraining order (count I) and a preliminary injunction (count II) to prevent Defendants from foreclosing on the mortgage.[1]  Plaintiffs further allege: breach of the covenant of good faith and fair dealing (counts IV & V); violation of Mass. Gen. Laws ch. 93A (counts VI & VII); intentional infliction of emotional distress (counts VIII & IX); negligence (count IX [*sic*]); and breach of contract (count X).  Defendants move for summary judgment on all counts.

---

[1] Plaintiffs also sought an accounting but later withdrew this count.

**Standard of Review**

Rule 56 of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A factual dispute precludes summary judgment if it is both "genuine" and "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, (1986). An issue is "genuine" when the evidence is such that a reasonable factfinder could resolve the point in favor of the nonmoving party. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir. 1994). A fact is "material" when it might affect the outcome of the suit under the applicable law. *Id*.

When considering a motion for summary judgment, the Court construes the record in the light most favorable to the nonmoving party and makes all reasonable inferences in favor thereof. *Sensing v. Outback Steakhouse of Florida*, LLC, 575 F.3d 145, 153 (1st Cir. 2009). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact within the record. *Id.* at 152. "Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial." *Id.* (quoting *Carroll v. Xerox Corp.,* 294 F.3d 231, 236 (1st Cir. 2002)).

**Discussion**

A. *Counts I & II*

Plaintiffs' claims for injunctive relief are based on the alleged invalidity of the assignment from Household Finance to U.S. Bank. Plaintiffs argue that this assignment was invalid because it referenced an expired POA and that, because the assignment was invalid, U.S. Bank is not the mortgagee and cannot foreclose. Defendants argue that the assignment was valid because Caliber

was operating under a valid POA, albeit not the one that was referenced in the assignment document.

Plaintiffs do not have standing to challenge the foreclosure on this basis, because an assignment that contains a scrivener's error is not void.  Under Massachusetts law, a mortgagor has standing to challenge the validity of a foreclosure by reason of the mortgagee's lack of legal authority to conduct it. *Bank of New York Mellon Corp. v. Wain*, 11 N.E.3d 633, 638 (Mass. App. Ct. 2014) (citing *Sullivan v. Kondaur Capital Corp.,* 7 N.E.3d 1113, 1116 (Mass. App. Ct. 2014)). However, when challenging the validity of an assignment, the mortgagor's standing is "limited to claims that a defect in the assignment rendered it void, not merely voidable." *Id.* (citing *Sullivan*, 7 N.E.3d at 1116 n.7).  "A deficiency in an assignment that makes it merely voidable at the election of one party or the other would not automatically invalidate the title of a foreclosing mortgagee, and accordingly would not render void a foreclosure sale conducted by the assignee or its successors in interest." *Sullivan*, 7 N.E.3d at 1116 n.7; *see Culhane v. Aurora Loan Servs. of Nebraska,* 708 F.3d 282, 291 (1st Cir. 2013) (homeowner had standing to challenge mortgage assignment as "invalid, ineffective, or void," but lacked standing to argue that assignment was "merely voidable at the election of one party but otherwise effective to pass legal title").

Thus, the issue is whether the assignment from Household Finance to U.S. Bank was rendered void because it referenced the wrong POA.  Under Massachusetts law, a scrivener's error will not invalidate an assignment if there is evidence that the assignment is otherwise valid. *See Sullivan*, 7 N.E.3d at 1121.  Here, the assignment was otherwise valid because Caliber was operating under a valid POA.  Accordingly, U.S. Bank holds the mortgage, and Plaintiffs have "no legally cognizable stake in whether there otherwise might be latent defects in the assignment process." *Wain*, 11 N.E.3d at 638.  It is also immaterial to the foreclosure that the POA may not

have been recorded at the time of the assignment. Under Massachusetts law, "a power of attorney given . . . for the purpose of servicing a mortgage . . . shall be entitled to be recorded." Mass. Gen. Laws ch. 183, § 54B.  This statute permits, rather than requires, the recording of a POA.

Plaintiffs also allege that the POA was invalid because it was granted to LSF8 Mortgage Holdings, LLC, and that this implicates Mass. Gen. Laws ch. 156C, § 54, which governs foreign LLCs doing business in the Commonwealth.  This argument fails because the POA, on its terms, was granted by Household Finance to Caliber.  LSF8 Mortgage Holdings, LLC was designated as a "Purchaser."  The POA appointed Caliber, "at the direction of Purchaser," as Household Finance's "true and lawful agent and attorney-in-fact with respect to each Mortgage Loan in [Household Finance's] name, place and stead: (i) to procure, prepare, complete, execute, and record  . . .  any assignment of Mortgage . . . ." (Docket No. 18-4 at 2.)  It is undisputed that Plaintiffs' mortgage was held by Household Finance before the assignment.  Thus, the assignment was not void, and Defendants are entitled to summary judgment on counts I and II.

B. _Counts IV-X_

In the remainder of the complaint, Plaintiffs allege, in vague terms, violations of the covenant of good faith and fair dealing; violations of Chapter 93A; intentional infliction of emotional distress; negligence; and breach of contract.  Plaintiffs' opposition to the instant motion does not include separate arguments for each claim, nor does it shed light on how the facts could be construed to support the various causes of actions.  Instead, Plaintiffs appear to rest all of their arguments on two contentions: (1) that Defendants were required to negotiate a loan modification before proceeding with the foreclosure and are liable to Plaintiffs for failing to do so; and (2) that Defendants are liable to Plaintiffs for referencing an expired POA in the assignment from Household Finance to U.S. Bank.

Regarding the first contention, Plaintiffs argue that Defendants violated Mass. Gen. Laws ch. 244, § 35B, which requires creditors to take reasonable steps and make good faith efforts to avoid foreclosure, and provides in pertinent part:

> (b) A creditor shall not cause publication of notice of a foreclosure sale, as required by section 14, upon certain mortgage loans unless it has first taken reasonable steps and made a good faith effort to avoid foreclosure. A creditor shall have taken reasonable steps and made a good faith effort to avoid foreclosure if the creditor has considered: (i) an assessment of the borrower's ability to make an affordable monthly payment; (ii) the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure; and (iii) the interests of the creditor, including, but not limited to, investors.
>
> . . .
>
> (f) Prior to publishing a notice of a foreclosure sale, as required by section 14, the creditor, or if the creditor is not a natural person, an officer or duly authorized agent of the creditor, shall certify compliance with this section in an affidavit based upon a review of the creditor's business records. The creditor, or an officer or duly authorized agent of the creditor, shall record this affidavit with the registry of deeds for the county or district where the land lies.

Mass. Gen. Laws ch. 244, § 35B.

Plaintiffs assert that Defendants violated the terms of section 35B by filing the requisite affidavit and initiating foreclosure proceedings before offering a loan modification.  However, section 35B does not require the lender to contact the borrower to negotiate a modification before foreclosing on the property.  Rather, the statute imposes internal requirements that a creditor must satisfy before foreclosing and mandates that the lender must file a public record of its compliance. The statute does not require the lender to otherwise notify or inform the borrower of its statutory obedience.  Here, there is no evidence in the summary judgment record to show that Defendants did not comply with the statute.  Moreover, "[u]nder Massachusetts case law, absent an explicit provision in the mortgage contract, there is no duty to negotiate for loan modification once a mortgagor defaults." *MacKenzie v. Flagstar Bank, FSB*, 738 F.3d 486, 493 (1st Cir. 2013) (citation omitted).  It is undisputed that Plaintiffs have been in default since 2010.

Finally, to the extent that any of the remaining claims rest on the premise that Defendants acted improperly by referencing the wrong POA in the assignment from Household Finance to U.S. Bank, as explained above, this was a scrivener's error.  It did not affect the validity of the assignment, and it is not the source of the harm that Plaintiffs have suffered.

### Conclusion

For the reason set forth above, Defendants' motion for summary judgment (Docket No. 16) is ***granted***.  Judgment shall enter in favor of Defendants.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**